# MUTUAL NONDISCLOSURE AGREEMENT

Each undersigned party and their respective subsidiaries (the "Receiving Party") understands that the other party (the "Disclosing Party") may disclose information relating to the Disclosing Party's business (including, without limitation [redacted] Notwithstanding the foregoing, nothing will be considered "Evaluation Material" of the Disclosing Party unless either (1) it is or was disclosed in tangible form and is conspicuously marked "Confidential", "Proprietary" or the like, or (2) it is or was disclosed in non-tangible form and clearly identified as confidential at the time of disclosure and summarized in tangible form conspicuously marked "Confidential," "Proprietary" or the like and delivered to the Receiving Party within 30 days of the original disclosure. However, "Evaluation Material" shall be deemed to include the fact that the parties are considering a potential transaction and that discussions and/or the exchange of information are taking place or have taken place between them concerning a potential transaction.

In consideration of the parties' discussions and any access of the Receiving Party to Evaluation Material of the Disclosing Party, the Receiving Party hereby agrees as follows:

1. The Receiving Party agrees (i) to hold the Disclosing Party's Evaluation Material in confidence and to take reasonable precautions to protect such Evaluation Material, (ii) not to divulge any such Evaluation Material to any third person, except its affiliates, agents, advisors, consultants or employees who have a need to know in connection with evaluating the proposed transaction and who are bound by confidentiality obligations to the Receiving Party (or ethical duties) consistent with those contained herein ("Representatives"), (iii) not to make any use of such Evaluation Material except to evaluate a potential transaction with the Disclosing Party, and (iv) not to export or reexport (within the meaning of U.S. or other export control laws or regulations) any such Evaluation Material.

2. The foregoing obligations shall not apply with respect to any information that (i) is or becomes (through no improper action by the Receiving Party or its Representatives) generally available to the public, or (ii) was in the Receiving Party's or its Representatives' possession or knowledge without restriction prior to receipt from the Disclosing Party, or (iii) was rightfully disclosed to the Receiving Party or its Representatives by a third party without restriction, or (iv) was independently developed by the Receiving Party or its Representatives without use of any Evaluation Material of the Disclosing Party. The Receiving Party may make disclosures required by law or court order provided the Receiving Party uses diligent reasonable efforts to limit disclosure and to obtain confidential treatment or a protective order and allows the Disclosing Party to participate in the proceeding.

3. To the extent that any Evaluation Material may include material or information that is subject to the attorney-client privilege, work product doctrine or any other applicable privilege concerning any pending or threatened action, suit, proceeding, investigation,

PLAINTIFF'S
EXHIBIT
6

arbitration or dispute, the parties understand and agree that they have a commonality of interest with respect to such matters and it is their desire, intention and mutual understanding that the sharing of such material or information is not intended to, and shall not, waive or diminish in any way the confidentiality of such material or information or its continued protection under the attorney-client privilege, work product doctrine or other applicable privilege. Any Evaluation Material provided by a party that is entitled to protection under the attorney-client privilege, work product doctrine or other applicable privilege shall remain entitled to such protection under such privileges, under this Agreement and under the joint defense doctrine. Nothing in this Agreement obligates any party to reveal material or information subject to the attorney-client privilege, work product doctrine or any other applicable privilege.

4. Each party understands that nothing herein requires (i) the disclosure of any Evaluation Material of the Disclosing Party, or (ii) either party to proceed with any transaction or relationship. Further, each party acknowledges that the other party may be currently exploring, and anticipates exploring in the future, opportunities similar to the potential transaction being discussed, and each party agrees that, except for the obligations concerning Evaluation Material expressly set forth herein, this Agreement shall not limit or restrict the other party in any way. Without limiting the foregoing, nothing in this Agreement will be construed as a representation or agreement that the Receiving Party will not develop or have developed products, services, systems or techniques that are similar to or compete with the products, services, systems or techniques contemplated by or embodied in the Disclosing Party's Evaluation Material, subject to the Receiving Party's compliance with its obligations under this Agreement. Further, either party shall be free to use for any purpose the residuals resulting from access to or work with such Evaluation Material. The term "residuals" means information in non-tangible form which may be retained in the unaided memory of persons who have had access to the Evaluation Material, including ideas, concepts, know-how or techniques contained therein. Neither party shall have any obligation to limit or restrict the assignment of such persons or to pay royalties for any work resulting from the use of residuals or the sale of products or services using or incorporating residuals. The foregoing, however, shall not be deemed to grant to either party a license under the other party's copyrights or patents.

5. This Agreement applies only to disclosures made before the first anniversary of this Agreement. Either party may terminate this Agreement with respect to future disclosures of Evaluation Material by providing the other party five (5) days' written notice thereof. The parties' obligations hereunder with respect to previously disclosed Evaluation Material shall expire two (2) years from the date of this Agreement. Immediately upon a request by the Disclosing Party at any time, the Receiving Party will turn over to the Disclosing Party all Evaluation Material of the Disclosing Party and all documents or media containing any such Evaluation Material and any and all copies or extracts thereof. Notwithstanding the foregoing, the Receiving Party and its outside legal and accounting advisers may retain archival copies of the Disclosing Party's Evaluation Material in accordance with their standard archival procedures, subject to the obligations herein.

6. Each party is aware, and will advise its Representatives who are informed of the matters that are the subject of this Agreement, of the restrictions imposed by the federal and state securities laws on the purchase or sale of securities by any person who has received material, nonpublic information from the issuer of such securities and on the communication of

such information to any other person when it is reasonably foreseeable that such other person is likely to purchase or sell securities.

7. The Receiving Party acknowledges and agrees that due to the unique nature of the Disclosing Party's Evaluation Material, there may be no adequate remedy at law for any breach of its obligations hereunder, and therefore, that upon any such breach hereof, the Disclosing Party shall be entitled to seek appropriate equitable relief, in addition to whatever remedies it might have at law. In the event that any of the provisions of this Agreement shall be held by a court of competent jurisdiction to be illegal, invalid or unenforceable, such provisions shall be limited or eliminated to the minimum extent necessary so that this Agreement shall otherwise remain in full force and effect. This Agreement shall be governed by the laws of the State of California without regard to the conflicts of law provisions thereof. This Agreement supersedes all prior discussions and writings (including any prior non-disclosure agreements) and constitutes the entire agreement between the parties with respect to the subject matter hereof. No waiver or modification of this Agreement will be binding upon a party unless made in writing and signed by a duly authorized representative of such party and no failure or delay in enforcing any right will be deemed a waiver.

Dated: 3-13- 2019

[REDACTED]

By: [signature]
Name: MATT JONES
Title: CEO

**ZroBlack, LLC**

By: [signature]
Name: John E. Saenz
Title: CEO.