UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN VILLAREAL, § | |
| individually and derivatively on behalf of § | |
| ZROBLACK LLC, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 5:20-CV-00571-OG |
| § | |
| JOHN SAENZ; MIGUEL VILLAREAL, § | |
| JR.; and GUNN, LEE & CAVE, P.C., § | |
|     Defendants. § | |

## DEFENDANT JOHN SAENZ'S MOTION TO DISMISS

Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Motion to Dismiss Plaintiff's Original Complaint (the "Complaint") and Plaintiff's Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "Application"). Because Saenz and Plaintiff executed an agreement in which they fully released each other "from all claims and demands, known or unknown," Plaintiff's Complaint and Application fail. Moreover, even if the parties had not fully released each other from all claims and demands, known or unknown, then the Complaint and Application still fail to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

The present dispute arises from a business, ZroBlack, LLC ("ZroBlack"), founded by Saenz and Plaintiff. Compl. at ¶¶ 12–15 (ECF No. 1); ZroBlack Certificate of Formation (ECF No. 2-2). Saenz and Plaintiff were the only two members of ZroBlack, each owning fifty percent. Compl. at ¶ 14. Plaintiff provided technical expertise, while Saenz served as Chief Executive Officer and handled business and financial matters. Compl. at ¶ 14. After successfully securing a large contract

with a foreign client, Saenz and Plaintiff began to disagree regarding ZroBlack. Compl. at ¶¶ 19, 20, 29. To resolve their disagreements, Saenz, Plaintiff, and ZroBlack entered into a written release ("Release"). Compl. at ¶¶ 35–37; *see also* Release (ECF No. 2-15).

Pursuant to the Release, Saenz and Plaintiff agreed to split certain future earn-outs, with 12.5 percent going to Plaintiff, and 2 percent going to Saenz. Compl. at ¶ 35; Release at §2. Saenz, Plaintiff, and ZroBlack further agreed to a non-disparagement provision. Release at §5. Most importantly, Saenz, Plaintiff, *and ZroBlack* fully released each other "from all claims and demands, known or unknown":

> **7. Release**
>
> Each Party hereby fully releases the other Parties from all claims and demands, known or unknown. Each Party understands that, as to claims that are known to that Party when the release is signed, any statutory provisions that would otherwise apply to limit this general release are hereby waived. Each Party also understands that this release extends to claims and demands that are not known at the time this release is signed. This release additionally applies to each Party's heirs, legal representatives, attorneys, assignees, owners, members, managers, directors, employees, spouses, and successors, and is binding on each Party's heirs, legal representatives, attorneys, assignees, owners, members, managers, directors, employees, spouses, and successors. Each Party represents that it has not assigned any such claims or demands against the other Parties.

Release at §7. Saenz and Plaintiff signed the Release on August 9, 2019, on behalf of themselves and ZroBlack. Release at p.6.

Now, months after signing the Release, Plaintiff brings eight claims against Saenz: (1) misappropriation of trade secrets, (2) computer fraud and abuse, (3) violation of the Anti-

Cybersquatting Consumer Protection Act, (4) breach of contract, (5) breach of fiduciary duties, (6) tortious interference with prospective relations, (7) conversion, and (8) theft. Plaintiff further seeks injunctive relief in the form of seizure of Saenz's computer, a temporary restraining order, a preliminary injunction, and a permanent injunction. Application at ¶ 121 (ECF No. 2).

Plaintiff alleges three actions by Saenz that form the factual basis for the Complaint and Application: (1) Saenz maintains possession of a laptop that is allegedly the property of ZroBlack, (2) Saenz allegedly maintains access to and/or control of ZroBlack's web domain, and (3) Saenz withdrew $740,000 from a shared ZroBlack account. *See* Compl. at ¶¶ 24, 40, 41; Application at ¶¶ 16, 32, 33. As discussed further below, each of the complained-of actions and claims are subject to the Release, which bars each of Plaintiff's claims. *See* Release at §7.

## ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) serves as a defense to pleadings that "fail[] to state a claim upon which relief may be granted." To survive dismissal pursuant to Rule 12(b)(6), a complaint's factual allegations must consist of more than mere speculation. *Malik v. Cont'l Airlines, Inc.*, 305 F. App'x 165, 167 (5th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Dismissal of a complaint "is appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face and has failed to raise a right to relief above the speculative level." *Shakeri v. ADT Sec. Servs.*, 816 F.3d 283, 290 (5th Cir. 2016) (internal quotations omitted). A court need not accept a plaintiff's "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Flying Crown Land Grp. v. Reed*, No. 3:15-CV-1225-M, 2015 U.S. Dist. LEXIS 104978, at *2 (N.D. Tex. Aug. 11, 2015) (quoting *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010)).

Plaintiff's Complaint and Application fail because the Release acts as a complete bar to Plaintiff's claims. Moreover, even if the parties had not fully released each other from all claims

and demands, known or unknown, then the Complaint and Application still fail to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. THE RELEASE IS A COMPLETE BAR TO PLAINTIFF'S CLAIMS.

The Court should dismiss the Complaint and Application as to Saenz because the Release bars Plaintiff's claims. Courts in the Fifth Circuit recognize "the strong policy favoring the resolution of disputes among opposing parties." *Martin v. Brown Sch. Educ. Corp.*, No. 3:02-CV-0144-G, 2003 U.S. Dist. LEXIS 3942, at *18 (N.D. Tex. Mar. 14, 2003) (citing *W.J. Perryman & Company v. Penn Mutual Fire Insurance Company*, 324 F.2d 791, 793 (5th Cir. 1963)); *see also Chaplin v. Nationscredit Corp.*, 307 F.3d 368, 373 (5th Cir. 2002) ("Public policy favors voluntary settlement of claims and enforcement of releases."). To that end, the Fifth Circuit has explained that "settlement agreements and releases are a complete bar to any later action based on matters included therein." *White v. Grinfas*, 809 F.2d 1157, 1160 (5th Cir. 1987) (dismissing claims where parties released each other from "any and all claims . . . or losses . . . now . . . or hereafter . . . by reason of any transaction, contract or business relationship between and among" them).[1]

The rules of contract interpretation apply to releases, such as the Release at issue here. *See URI, Inc. v. Kleberg Cty.*, 543 S.W.3d 755, 763 (Tex. 2018). Courts must give effect to a contract's clear terms as they are written. *Sacks v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008) ("An unambiguous contract will be enforced as written . . . ."); *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 133 (Tex. 1994) ("When construing a contract, the court's primary concern is to give effect to the written expression of the parties' intent."). Courts may not "interpolate or . . . eliminate terms of material legal consequence." *See Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231,

---

[1] The one exception to the Release's complete bar on all claims and demands is a claim for breach of the Release itself. Though Plaintiff claims Saenz breached the Release, this claim fails for the reasons discussed in Section IV.D. of this Motion to Dismiss.

239 (Tex. 2016). A party to a contract is presumed to know its terms. *Perez v. Lemarroy*, 592 F. Supp. 2d 924, 933 (S.D. Tex. 2008) ("Parties to a contract have an obligation to protect themselves by reading what they sign and, absent a showing of fraud, cannot excuse themselves from the consequences of failing to meet that obligation. Generally, a party who signs a contract is presumed to know its contents.") (internal quotations and citations omitted).

Therefore, a release is enforceable even if it is "broadly worded." *See Southmark Corp. v. FDIC*, No. 96-11578, 1998 U.S. App. LEXIS 40474, at *9 (5th Cir. Apr. 20, 1998); *see also Chaplin*, 307 F.3d at 373 ("a general release of 'any and all' claims applies to all possible causes of action" unless a statute specifically and expressly requires a release to mention the statute for the release to bar a cause of action under the statute). Texas law "does not require particularized enumeration or detailed description" of released claims. *Stinnett v. Colo. Interstate Gas Co.*, 227 F.3d 247, 255 (5th Cir. 2000). A claim is subject to a release as long as the claim falls "within the express contemplation of the release provision when viewed in context of the contract in which the release provision is contained." *Id*. Thus, "a general release that is not limited to a specific cause of action or occurrence, and broadly releases all claims and causes of action between two parties, is valid and enforceable." *Southmark*, 1998 U.S. App. LEXIS 40474, at *11 (enforcing release where parties released each other from "any and all debts, claims, liabilities, obligations, causes of action and rights, whether known or unknown, which each party now owns or holds, or at any time heretofore owned or held, by reason of any act, matter, cause whatsoever").

A release that encompasses claims both known and unknown is enforceable and bars claims not in existence at the time the release is executed. *See N.Y. Pizzeria, Inc. v. Syal*, 53 F. Supp. 3d 962, 965–66 (S.D. Tex. October 8, 2014) ("In Texas, 'a valid release may encompass unknown claims and damages that develop in the future.'") (quoting *Keck, Mahin & Cate v. Nat'l Union*

*Fire Ins. Co. of Pittsburgh, Pa.*, 20 S.W.3d 692, 698 (Tex. 2000)). "A party agreeing to release unknown claims assumes a risk, of course, but it is a measured risk weighed in the balance of also achieving the benefits of a comprehensive settlement of all known claims on terms then thought to be acceptable." *Array Holdings, Inc. v. Safoco, Inc.*, No. H-12-366, 2013 U.S. Dist. LEXIS 81685, at *13 (S.D. Tex. June 11, 2013). Parties may release each other from claims based on federal statutes, in addition to claims based in state law. *See Chaplin*, 307 F.3d at 372 (affirming release of ERISA claim); *White*, 809 F.2d at 1160 (affirming release of state law claims).

Here, Plaintiff, Saenz, and ZroBlack executed the Release, which broadly releases each of them "from all claims and demands, known or unknown." Release at §7. The Release is not limited to particular causes of action, nor is it limited to claims in existence at the time of execution. *Id.* Plaintiff correctly points out that the Release "made no express provision for the return of the $740,000 to ZroBlack, . . . no express requirement that Saenz return property to ZroBlack, . . . [and] did not have an express provision requiring the return of ZroBlack's domain name, webpage, and email server." Decl. of J. Villareal (ECF No. 2-1) at ¶ 27. Rather, the parties chose to release each other from "*all* claims and demands." Release at §7 (emphasis added). Though it broadly releases all claims and causes of action between Plaintiff and Saenz, the Release is nonetheless valid and enforceable. *See Southmark*, 1998 U.S. App. LEXIS 40474, at *11. The parties were not required to enumerate their claims with particularity or with a detailed description. *See Stinnett*, 227 F.3d at 255.

Had Plaintiff and Saenz desired to limit the Release to only claims then in existence, they could have done so. *See id.*; *N.Y. Pizzeria, Inc.*, 53 F. Supp. 3d at 965–66. However, they did not, choosing instead to release each other from "all claims and demands, known or unknown." Release at §7. In agreeing to release unknown claims and demands, Plaintiff and Saenz assumed "a

measured risk weighed in the balance of also achieving the benefits of a comprehensive settlement of all known claims on terms then thought to be acceptable." *See Array Holdings, Inc.*, 2013 U.S. Dist. LEXIS 81685, at *13.

Consequently, the Court should recognize public policy favoring "voluntary settlement of claims and enforcement of releases," *Chaplin*, 307 F.3d at 373, and enforce the Release's bar against all claims and demands by Plaintiff against Saenz. For these reasons, the Complaint and Application should be dismissed with prejudice as to Saenz.

## II.   PLAINTIFF'S CLAIMS ARE BARRED BECAUSE PLAINTIFF KNEW OF THEM AT THE TIME OF THE RELEASE.

The Release acts as a complete bar to all possible claims by Plaintiff against Saenz. *See Chaplin*, 307 F.3d at 373 ("a general release of 'any and all' claims applies to all possible causes of action, unless a statute specifically and expressly requires a release to mention the statute for the release to bar a cause of action under the statute"). However, even if the Court were to limit the breadth of the Release to "known" claims or demands despite plain language to the contrary in the Release, Plaintiff's Complaint and Application would still fail. The Complaint and Application are based on three factual allegations:

- Saenz maintains possession of a laptop that is allegedly the property of ZroBlack. *See* Compl. at ¶¶ 57–58 (Count I based on Saenz's "continued possession [of the laptop] is unauthorized"); *id*. at ¶ 64 (Count II based in part on Saenz's "withholding of the computer"); *id*. at ¶ 72 (Count IV based in part on Saenz's possession of laptop); *id*. at ¶ 95 (Count VIII based in part on possession of laptop); *id*. at ¶ 100 (Count IX based entirely on Saenz's possession of laptop); *id*. at ¶ 103 (Count X based entirely on Saenz's possession of laptop); Application at ¶¶ 42, 51, 67, 68, 75, 81, 93, 121 (request for seizure and other injunctive relief based on Saenz's possession of laptop).

- Saenz allegedly maintains access to and/or control of ZroBlack's online information, *e.g.*, domain name. *See* Compl. at ¶ 62 (Count II); *id*. at ¶ 69 (Count III); *id*. at ¶ 79 (Count V); *id*. at ¶ 95 (Count VIII).

- Saenz refuses to give $740,000 to ZroBlack. *See* Compl. at ¶ 73 (Count IV); *id*. at ¶ 80 (Count V).

However, Plaintiff released Saenz from all claims based on the above actions.

### A. Plaintiff released Saenz from all claims and demands based upon Saenz's possession of the laptop.

The Court may not grant relief based on Saenz's possession of the laptop because Plaintiff knew Saenz possessed the laptop when Plaintiff signed the Release. Since at least May 2, 2019, Plaintiff has known that Saenz purchased the laptop and maintained its possession. *See* May 2, 2019 email from J. Saenz (ECF No. 2-5) at pp. 1–6. Plaintiff further knew that the laptop allegedly contains "trade secrets." Decl. of J. Villareal (ECF No. 2-1) at ¶¶ 9, 10. Therefore, when Plaintiff released Saenz from "all claims and demands, known or unknown," he knew that Saenz purchased and possessed the laptop and that, according to Plaintiff, it allegedly contained "trade secrets." Plaintiff may not now obtain relief from this Court based on a known claim subject to the Release. *See Chaplin*, 307 F.3d at 373 (affirming summary judgment based on broad release language). Even if Plaintiff had not known that Saenz possessed the laptop, the Release would still bar relief because the Release broadly encompasses "all claims and demands, known and unknown." Release at §7 ("Each Party also understands that this release extends to claims and demands that are not known at the time this release is signed.").

Thus, Plaintiff is not entitled to any relief based on Saenz's possession of the laptop for two independent reasons: (1) Plaintiff is seeking relief from this Court based on a known claim subject to the Release, and (2) the Release broadly bars all claims and demands, known and unknown.

### B. Plaintiff released Saenz from all claims and demands based upon Saenz's alleged access to and/or control of ZroBlack's domain.

The Court may not grant relief based on Saenz's alleged access to and/or control of ZroBlack's online domain because Plaintiff knew Saenz had access when Plaintiff signed the Release. Pursuant to Plaintiff's own declaration, Plaintiff knew that Saenz had access to

ZroBlack's domain since January 2019. Decl. of J. Villareal (ECF No. 2-1) at ¶ 4 ("On January 11, 2019, Saenz purchased ZroBlack's domain name, www.zroblack.com, from GoDaddy. He did this in anticipation of our forming ZroBlack, and he was to hold the domain name on behalf of ZroBlack."). Thus, when Plaintiff signed the Release, he knew that Saenz purchased and held ZroBlack's web domain. The Release therefore bars Plaintiff's claims based on Saenz's access to or control of ZroBlack's online domain. *See Chaplin*, 307 F.3d at 373 (affirming summary judgment based on broad release language). Again, even if Plaintiff had not known that Saenz held the online domain, the Release would still bar relief because its broadly encompasses "all claims and demands, known and unknown." Release at §7.

Thus, Plaintiff is not entitled to any relief based on Saenz's alleged control of or access to ZroBlack's website for two independent reasons: (1) Plaintiff is seeking relief from this Court based on a known claim subject to the Release, and (2) the Release broadly bars all claims and demands, known and unknown.

### C. Plaintiff released Saenz from all claims and demands based upon Saenz's withdrawal of $740,000.

The Court may not grant relief based on Saenz's refusal to return money to ZroBlack because the dispute regarding money predates the Release. Plaintiff's own declaration reveals that Plaintiff had "concerns" about Saenz's withdrawal of funds as of July 2019. Decl. of J. Villareal (ECF No. 2-1) at ¶¶ 21–23. Plaintiff and Saenz discussed their dispute concerning the withdrawal on July 17, 2019. *Id*. at ¶¶ 24, 25; *see also* text messages (ECF No. 2-27, ECF No. 2-14). Therefore, Plaintiff's claims concerning Saenz's withdrawal of funds were indisputably "known" when Plaintiff signed the Release, and the Release bars all claims based upon Saenz's withdrawal of $740,000. *See Chaplin*, 307 F.3d at 373 (affirming summary judgment based on broad release language).

Thus, Plaintiff is not entitled to any relief based on Saenz's alleged refusal to return money to ZroBlack for two independent reasons: (1) Plaintiff is seeking relief from this Court based on a known claim subject to the Release, and (2) the Release broadly bars all claims and demands, known and unknown.

### III.     THE RELEASE IS NOT VOID OR VOIDABLE.

Faced with the undeniable conclusion that Plaintiff's claims are barred by the Release, Plaintiff asks the Court to set aside the Release due to an alleged violation of the Texas Professional Rules of Disciplinary Conduct. Compl. at ¶¶ 110–16. However, even if the Court were to somehow find that Defendants Miguel Villareal and Gunn, Lee & Cave, P.C. violated the Texas Professional Rules of Disciplinary Conduct, such a violation would not void the otherwise valid Release. *See Wright v. Sydow*, 173 S.W.3d 534, 549 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) ("A violation of the Disciplinary Rules does not necessarily establish a cause of action, nor does it void an otherwise valid contract executed outside of the attorney-client relationship.").

Plaintiff further asks the Court to set aside the Release on the basis of mutual mistake. Compl. at ¶¶ 117–19. Plaintiff alleges that that "the mutual mistake was disposition of the $740,000, with Saenz believing he could keep it, and Jonathan believing it would be returned to ZroBlack." Compl. at ¶ 117. However, as Plaintiff admits, the Release "made no express provision for the return of the $740,000 to ZroBlack." Decl. of J. Villareal (ECF No. 2-1) at ¶ 27. Rather, the plain language of the Release states that Plaintiff releases Saenz from "all claims and demands, known or unknown." Release at §7. That Plaintiff subjectively believed Saenz would return the $740,000 to ZroBlack, even if true, would not render the Release void for mutual mistake. *See White*, 809 F.2d at 1160 ("The failure of the parties to understand the scope of the release when the language is unambiguous, as it is here, does not support a finding of mutual mistake."). As the Fifth Circuit has explained, an "agreement may not be set aside for mutual mistake simply because

the parties made a poor prediction. For nearly a century, the Texas courts have recognized that the parties' lack of prescience when the release expressly waives all present, past and future claims arising out of the transaction is not an adequate predicate for claiming mutual mistake." *Id*.

Because the Release explicitly encompasses "all claims and demands," Plaintiff's subjective belief regarding Saenz's future actions is irrelevant and does not constitute mutual mistake. Therefore, the Release is not void or voidable.

### IV.   PLAINTIFF FAILS TO STATE ADEQUATE BASES FOR THE RELIEF REQUESTED.

Even if the Court were to set aside the Release, Plaintiff's Complaint and Application fail for failure to state claims upon which relief may be granted. Where a complaint fails to allege facts to support the essential elements of a claim, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper. *See Land & Bay Gauging, L.L.C. v. Shor*, 623 F. App'x 674, 683 (5th Cir. 2015). Here, Plaintiff's factual allegations fail to support Plaintiff's causes of action.

#### A.  Plaintiff's claim for violations of the DTSA and TUTSA fails.

Plaintiff brings a cause of action for Saenz's alleged violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 ("DTSA") and the Texas Uniform Trade Secrets Act ("TUTSA"). Compl. at ¶¶ 49–59. A claim for violation of DTSA or TUTSA requires the plaintiff to prove that the defendant misappropriated a trade secret by acquiring it through "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means." 18 U.S.C. §§ 1836, 1839(5), 1839(6); *see also* TEX. CIV. PRAC. & REM. CODE § 134A.001 *et seq*. Lawful means of acquisition does not constitute misappropriation. 18 U.S.C. § 1839(6)(B); TEX. CIV. PRAC. & REM. CODE § 134A.002(2).

Plaintiff alleges that Saenz misappropriated ZroBlack's trade secrets by "refusing to return the ZroBlack laptop that contained the software code." Compl. at ¶57. However, Plaintiff does not allege that Saenz acquired the purported trade secret by theft, bribery, misrepresentation, breach

of a duty to maintain secrecy, or espionage. Plaintiff alleges just the opposite, *i.e.*, that Saenz obtained the laptop as ZroBlack's "chief executive officer and a trusted employee." Compl. at ¶56. Thus, when Saenz acquired the laptop, he did so through lawful means. Because Plaintiff fails to plead facts supporting an essential element of the DTSA and TUTSA claims, the Court should dismiss them with prejudice.

### B. Plaintiff's claim for violation of the CFAA fails.

Plaintiff brings a cause of action for Saenz's alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) ("CFAA"). Compl. at ¶¶ 60–65. To prevail on a CFAA claim, the plaintiff must prove that the defendant accessed a computer without authorization. 18 U.S.C. § 1030(a). Thus, Plaintiff's factual allegations regarding the alleged deletion of ZroBlack's webpage and email server are not actionable under the CFAA because they have nothing to do with unauthorized access to a particular computer.  With regard to computer access, Plaintiff alleges that "[o]nce Saenz and ZroBlack parted ways, [Saenz's] authorization to access the laptop was revoked. Compl. at ¶ 64. However, Plaintiff does not allege how Saenz's authorization allegedly was revoked, who allegedly revoked it, who, if anyone, then possessed authority to access the laptop, or even whether Saenz has accessed the laptop. Plaintiff's own verified documents show instead that Saenz purchased the laptop and maintained its possession. *See* May 2, 2019 email from J. Saenz (ECF No. 2-5) at pp. 1–6. (Plaintiff does not allege that Saenz purchased the laptop illegally or inappropriately.) Because Plaintiff must allege the elements of his claims "above the speculative level," *Shakeri*, 816 F.3d at 290, Plaintiff's failure to provide more than mere conclusory allegations as to Saenz's authority or access is fatal to his CFAA claim.  Plaintiff's CFAA claim should be dismissed with prejudice.

### C. Plaintiff's claim for violation of the ACPA fails.

Plaintiff brings a cause of action alleging violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). Compl. at ¶¶ 66–69. The ACPA imposes civil liability where a person "has a bad faith intent to profit from" another's domain name and registers, traffics in, or uses a domain name that "is identical or confusingly similar to" another's domain name. 15 U.S.C. § 1125(d). Plaintiff, though, does not allege that Saenz registered, trafficked in, or used a domain "identical or confusingly similar to" ZroBlack's. Rather, Saenz registered ZroBlack's *actual* domain name and website with Plaintiff's full knowledge in anticipation of forming ZroBlack. *See* Decl. of J. Villareal (ECF No. 2-1) at ¶ 4. Plaintiff also does not allege that Saenz had a bad faith intent to profit from the domain at the time he registered the website. For either or both of these reasons, Plaintiff's claim for alleged violation of the ACPA should be dismissed with prejudice.

Further, although Plaintiff does allege that Saenz *presently* has bad faith, he fails to state more than a conclusory speculation of bad faith. Compl. at ¶ 69. Because conclusory speculation does not defeat a Rule 12(b)(6) motion to dismiss—*see Shakeri*, 816 F.3d at 290; *Flying Crown Land Grp.*, 2015 U.S. Dist. LEXIS 104978, at *2—the Court should dismiss Plaintiff's claims for this additional reason.

### D. Plaintiff's claim for breach of contract fails.

Plaintiff claims Saenz breached the Release and is therefore liable for breach of contract. Compl. at ¶¶ 70–74. Of course, this claim assumes that the Release is a valid and enforceable contract rather than an instrument that is void or voidable, as Plaintiff also contends in his Complaint. Regardless, Plaintiff bases his claim on Saenz's refusal to return the laptop and the $740,000 withdrawal to ZroBlack. *Id.* As Plaintiff himself stated, however, the Release "made no express provision for the return of the $740,000 to ZroBlack, . . . no express requirement that Saenz

return property to ZroBlack, . . . [and] did not have an express provision requiring the return of ZroBlack's domain name, webpage, and email server." Decl. of J. Villareal (ECF No. 2-1) at ¶ 27.

A court may not add terms to a written agreement. *Barrow-Shaver Res. Co. v. Carrizo Oil & Gas, Inc.*, 590 S.W.3d 471, 481 (Tex. 2019) ("we refrain from rewriting or adding to parties' contracts…."). A court must instead enforce an unambiguous contract's terms as written. *Sacks v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008). To interpret the Release as requiring Saenz to return the laptop and withdrawal would be to rewrite and add terms to the parties' contract. The Court should not accept Plaintiff's invitation do so. *See id*. at 451.

Because Plaintiff bases his claim of breach on Saenz's refusal to perform actions that Plaintiff admits the Release did not require Saenz to perform, Plaintiff fails to state a claim for breach of the Release.

### E.  Plaintiff's claim for breach of fiduciary duties fails.

Plaintiff alleges that Saenz breached fiduciary duties owed to ZroBlack by "hijacking the domain." Compl. at ¶ 79. To the extent that such claims are based on actions Saenz allegedly performed *prior* to the Release, Plaintiff implicitly concedes that they are subject to the Release. *See id.*; *see also* Release at § 7; Decl. of J. Villareal (ECF No. 2-1) at ¶ 21 (Plaintiff alleges he told Defendant Miguel Villareal in July 2019—prior to execution of the Release—that Saenz "breached his fiduciary duty to the company"). To the extent that such claims somehow could be based on actions Saenz allegedly performed *after* the Release, Saenz had assigned his interest in ZroBlack and no longer owes a fiduciary duty. *See* Decl. of J. Villareal (ECF No. 2-1) at ¶ 29; Unanimous Written Consent (ECF No. 2-16). Either way, the Complaint fails to allege facts upon which the Court may grant relief for Saenz's alleged breach of fiduciary duties.[2]

---

[2] To the extent Plaintiff's claim is based on Saenz allegedly "not performing any work associated with ZroBlack," Compl. at ¶ 80, the claim fails. On August 1, 2019, prior to execution of the Release, Plaintiff and Saenz amended

### F. Plaintiff's claim for tortious interference with prospective business relations fails.

Plaintiff brings a cause of action against Saenz for tortious interference with prospective business relations. Compl. at ¶¶ 92–97. To survive a motion to dismiss, a plaintiff must allege facts supporting "a reasonable probability that the plaintiff would have entered into a business relationship" but for the defendant's conduct. *Flying Crown Land Grp.*, 2015 U.S. Dist. LEXIS 104978, at *5 (N.D. Tex. Aug. 11, 2015) (citing *Faucette v. Chantos*, 322 S.W.3d 901, 914 (Tex. App.—Houston [14th. Dist.] 2010, no pet.); *Baty v. ProTech Ins. Agency*, 63 S.W.3d 841, 860 (Tex. App.—Houston [14th. Dist.] 2001, pet. denied)).

The United States District Court for the Southern District of Texas has explained the threshold pleading requirements for this essential element:

> Plaintiff has failed to allege facts on which the Court can conclude that there was a reasonable probability that Plaintiff would have entered into a business relationship, presumably with the City of Dallas, with which the Defendants allegedly interfered. Although Plaintiff alleges in a conclusory form that, "[t]here was a reasonable probability that [Plaintiff] would have entered into a relationship with a third person," Plaintiff pleads no facts to support the conclusion that there was a "reasonable probability" such a relationship would be consummated. In response to Defendants' Motion to Dismiss, Plaintiff argues that it "could have utilized its time, expertise, and resources in other joint ventures and/or partnerships with other third parties in business endeavors that may or may not have related to redevelopment of property in the Love Field area of Dallas." Such speculation cannot constitute a reasonable probability that Plaintiff would have entered into a business relationship, and thus cannot support a claim for tortious interference.

*Id.* at *5–6 (internal citations omitted).

Here, Plaintiff offers no more than conclusory speculation that "[t]here is a reasonable probability that ZroBlack would have entered a business relationship with prospective businesses." Compl. at ¶ 94. Plaintiff fails to identify any prospective business or prospective opportunity.

---

their contract with the foreign customer. Decl. of J. Villareal (ECF No. 2-1) at ¶ 30. Pursuant to the amended contract, Saenz was released from his obligations to perform any further work. *Id.*; First Am. PSA (ECF No. 2-17) at ¶ 2 (requiring only that Saenz continue to adhere to the confidentiality clause and restrictive covenant).

Because the Complaint does not allege any facts supporting a reasonable probability that the plaintiff would have entered into a business relationship but for Saenz's conduct, the Complaint fails.

### G.  Plaintiff's claim for conversion fails.

Plaintiff brings a cause of action against Saenz for conversion of a laptop. Compl. at ¶¶ 98–100. A plaintiff in a conversion action must allege facts supporting damages. *See WRR Indus. v. Aerodyne Corp.*, Civil Action No. 3:04-CV-2544-L, 2006 U.S. Dist. LEXIS 46210, at *30–31 (N.D. Tex. June 30, 2006) ("Damages are an 'essential element of a conversion claim' under Texas law.") (quoting *50-OFF Stores, Inc. v. Banques Paribas (Suisse, S.A.)*, 180 F.3d 247, 254 (5th Cir. 1999), *cert. denied*, 528 U.S. 1078 (2000)). A plaintiff's mere "inability to access and utilize [its] property" is insufficient to establish damages. *Id*. at *32.

Here, the Complaint fails to identify any damages stemming from Saenz's alleged conversion of the laptop. Rather, in conclusory fashion, Plaintiff simply states that "ZroBlack has suffered injury due to Saenz's conversion of the laptop and trade secrets."[3] Compl. at ¶ 100. Because Plaintiff alleges no facts to support the essential element of damages, the claim for conversion fails.

### H.  Plaintiff's claim for violation of the Texas Theft Liability Act fails.

Plaintiff brings a cause of action against Saenz for violation of the Texas Theft Liability Act. Compl. at ¶¶ 101–03. Like conversion, the Texas Theft Liability Act requires a plaintiff to plead and prove damages. *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 753 F. App'x 184, 190 (5th Cir. 2018) ("Proof of damages is an essential—and in this case missing—element of each

---

[3] To the extent Plaintiff's conversion claim is based on intangible "trade secrets," the claim fails to state a cause of action on which relief may be granted. *See Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (allegation of conversion of intellectual property was "outside the scope of Texas conversion law, which concerns only physical property").

of Transverse's three causes of action," including the Texas Theft Liability Act.). Just as Plaintiff fails to identify any damages stemming from Saenz's alleged conversion of the laptop, Plaintiff similarly fails to identify damages resulting from Saenz's alleged theft. Compl. at ¶ 103. Plaintiff merely concludes, without support, that "ZroBlack sustained damages as a result of the theft." *Id*. Therefore, Plaintiff's claim for violation of the Texas Theft Liability Act fails.

### I. Plaintiff's application for injunctive relief fails.

Plaintiff asks the Court for injunctive relief in the form of seizure of Saenz's computer, a temporary restraining order, a preliminary injunction, and a permanent injunction. Application at ¶ 121. First, Plaintiff fails to show that an order pursuant to Federal Rule 65 would be inadequate. Plaintiff claims that Saenz could "easily copy" ZroBlack's alleged "trade secrets." *Id*. at ¶ 47. But if ease of copying were all that is required for civil seizure, then any electronic data of any kind would be subject to seizure. For that matter, paper documents likewise would be routinely seized, because Xerox machines are now common workplace equipment. Plaintiff's conclusory allegations do not constitute "extraordinary circumstances" sufficient to warrant civil seizure. *Id*. at ¶ 47.

Second, an application for a temporary restraining order without notice requires attorney certification. FED. R. CIV. P. 65(b)(1)(B). Plaintiff provides no such certification. Third, the Court may not grant a temporary restraining order or civil seizure without a showing of irreparable harm. *Ctr. for Advancing Innovation, Inc. v. Bahreini*, No. GJH-18-1119, 2018 U.S. Dist. LEXIS 77214, at *13 (D. Md. May 4, 2018). Irreparable harm "must be 'neither remote nor speculative, but actual and imminent.'" *Id*. (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991)). Plaintiff alleges no imminent or actual harm that will result from failure to seize Saenz's laptop, nor does Plaintiff explain why the Court must now seize the laptop that has been in Saenz's possession for over a year.

Finally, Plaintiff acknowledges that injunctive relief is appropriate only where the movant demonstrates "the likelihood of success on the merits." Application at ¶ 85. Plaintiff must therefore establish a prima facie case for his claims. *See Thoroughbred Ventures, LLC v. Disman*, Civil Action No. 4:18-CV-00318, 2018 U.S. Dist. LEXIS 133697, at *5 (E.D. Tex. Aug. 8, 2018) (citing *Daniels Health Scis., LLC v. Vascular Health Scis.*, 710 F.3d 579, 582 (5th Cir. 2013)). For the reasons discussed at length above—including the parties' mutual release of "all claims and demands" between them and Plaintiff's failure to allege facts supporting the essential elements of each claim—Plaintiff has failed to show a likelihood of success on the merits of the Complaint. Therefore, dismissal of Plaintiff's claims for injunctive relief is proper.

## CONCLUSION

Plaintiff and Saenz broadly agreed to release each other from "all claims and demands, known or unknown." They could have chosen to limit the Release to only known claims, but they did not. They could have chosen to limit the Release to only those claims then in existence, but they did not. They could have chosen to exclude claims concerning the laptop, the domain, and the $740,000 withdrawal, but they did not.

Weighed against the measured risk of subsequent claims arising in the future, Saenz and Plaintiff opted for the mutual benefits of a comprehensive settlement of *all* claims and demands and a restructuring of how certain future earn-outs would be split between them. Public policy favors voluntary settlement of claims and enforcement of releases, including broadly worded releases such as the Release here. Therefore, because the Release bars Plaintiff's claims and is consistent with public policy, the Court must dismiss Plaintiff's Complaint and Application.

WHEREFORE, Defendant John Saenz respectfully requests that the Court: (1) dismiss Plaintiff's Complaint as to Saenz with prejudice, (2) dismiss Plaintiff's Application for injunctive

relief with prejudice, (3) award Defendant Saenz his attorneys' fees and costs pursuant to Section 11of the Release and Tex. Civ. Prac. & Rem. Code § 134.005(b), and (4) grant to Defendant Saenz such other and further relief to which he is entitled in law or in equity.

Respectfully submitted this 23rd day of June 2020.    By:   */s/ David A. Vanderhider*
David A. Vanderhider
State Bar No. 24070787
DVanderhider@dykema.com
Ryan J. Sullivan
State Bar No. 24102548
RSullivan@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

*Attorneys for John Saenz*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 23rd day of June 2020, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By:   *s/ David A. Vanderhider*_____