## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLARREAL, | § | |
| Individually and derivatively on behalf | § | CASE NO. 20-00571-OLG |
| Of ZROBLACK, LLC | § | |
| Plaintiffs, | § | |
| v. | § | |
| | § | |
| JOHN SAENZ, et al., | § | |
| Defendants. | § | |

**DEFENDANTS REPLY TO "PLAINTIFFS' RESPONSE TO DEFENDANTS GUNN, LEE & CAVE, P.C.'S AND MIGUEL VILLARREAL, JR.'S RULE 12(B)(6) MOTION TO DISMISS"**

**TO THE HONORABLE ORLANDO L. GARCIA, UNITED STATES CHIEF DISTRICT JUDGE:**

1.      Plaintiffs insist in their Response (Dkt. 15) that their nearly 40-page Complaint satisfies the pleading requirements under *Twombly* and *Iqbal*.  Plaintiffs rely on fabricated, unsupported allegations that (1) Defendants had a pre-existing relationship with co-Defendant Saenz not disclosed to Plaintiff (Response, ¶ 22), and (2) Defendants charged Plaintiffs more for their representation compared to that of Saenz (*id.*, ¶ 23).  Plaintiffs' legal arguments are not sufficient to make up for the deficiencies shown in Plaintiffs' Complaint.  Respectfully, Plaintiffs have not met their burden of showing plausible claims for relief against the Gunn Lee Defendants.[1]

2.      Plaintiffs' lack of any plausible allegation of causation—a critical element required to obtain relief—is fatal to Plaintiffs' claim for negligence (Count 6).  Plaintiffs' claim for breach of fiduciary duty (Count 7) is barred under Texas law by the anti-fracturing rule.  Amendment of Plaintiffs' Complaint will not cure these fatal defects.  Dismissal of counts 6 and 7 with prejudice is warranted.

---

[1] Capitalized terms not defined herein shall be given the same meaning assigned to them in the Motion to Dismiss.

I.   **PLAINTIFFS CANNOT STATE A PLAUSIBLE CLAIM OF ATTORNEY NEGLIGENCE UNDER TEXAS LAW**

A. **Plaintiffs cannot plausibly plead causation, a necessary element of a negligence claim.**

3.        Texas law of attorney negligence requires the plaintiff to prove a case within a case.  To prevail on a claim of professional negligence against an attorney, the plaintiff must show, among other elements, that the outcome of the prior representation would have been different if the attorney had acted differently. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.,* 299 S.W.3d 106, 112 (Tex. 2009); *Rogers v. Zanetti*, 518 S.W.3d 394, 404 (Tex. 2017). In this instance, that requires Plaintiffs to plausibly plead if the Gunn Lee Defendants had acted differently, such as inserting terms into the Release requiring Saenz to return $740,000 and other tangible and intangible property (the "**Disputed Property**") to Plaintiffs, that Saenz would have (a) agreed to those terms, and (b) complied with those terms.

4.        Plaintiffs' Complaint is fatally defective in that respect.  Plaintiffs' application of *Akin Gump* in the Response does not refute the salient point.  *See* Response ¶ 9-10.  As set forth in the Motion to Dismiss, Plaintiffs cannot plausibly plead that Saenz would have agreed to return the Disputed Property, especially as it relates to the $740,000.  The well-pleaded facts of the Complaint, and the reasonable inferences drawn therefrom, allege that Saenz had spent the money on home renovations or invested it in the stock market, *i.e.*, it was no longer in Saenz' possession.  Similarly, given ***Plaintiffs'*** recitation of factual allegations that Saenz has refused to return or turnover a laptop, Plaintiffs' intellectual property, and other intangible property even after ***several*** demands from Plaintiffs belies the possibility that Saenz would have entered into the Release if it had contained those terms.

5.      In short, the Release contains the terms to which the Parties agreed.  There is no plausible allegation in the Complaint that, if taken as true, could support a finding that if the Gunn Lee Defendants had acted differently, *e.g.*, by insisting that the Release include express provisions mandating that Saenz return the Disputed Property, that Saenz would have agreed or complied with such a provision.

6.      To the contrary, based on the factual allegations of the Complaint, the only reasonable inference is that Saenz would not have agreed to such terms and/or would not or could not have returned the Disputed Property even if it were required of him under the Release. Hence, amending the Complaint would be futile.  The claim should be dismissed with prejudice.

**B.      Plaintiffs cannot plausibly plead causation because the Complaint alleges a superseding cause of Plaintiffs' alleged injuries.**

7.      The Gunn Lee Defendants argued that the Complaint, on its face, established a superseding cause that precludes finding the Gunn Lee Defendants liable for Plaintiffs' alleged injuries.  In Response, Plaintiffs rely on factual allegations and "evidence" outside the Complaint or any documents that can be construed as part of the Complaint.  *See, e.g.,* Response ¶¶ 11-15. To the extent that Plaintiffs rely on anything outside of the Complaint, documents that can be construed as part of the Complaint, or reasonable inferences drawn therefrom, their arguments should be disregarded.

8.      Plaintiffs argue it is not reasonable to infer that Saenz refused to return the laptop and intangible property because J. Villarreal refused to characterize the $740,000 as a "gift". This ignores the numerous instances where Saenz' insistence that the money be characterized as a gift is referred to in the Complaint.  *See e.g.,* Complaint ¶¶ 34, 39.  It also ignores the reasonable inference that Saenz was so insistent on this point because the money had been spent or invested, *see id.* ¶ 27, and Saenz did not have sufficient funds on hand to pay income taxes

owed on the $740,000 if it was characterized as salary.  Instead, Plaintiffs insist that the only

reason Saenz did not return the money (and other Disputed Property) is because the Release did

not expressly require him to do so and, therefore, the Gunn Lee Defendants created the

circumstance in which it was foreseeable that Saenz would not comply with the requirement to

return the laptop and intangible property.  *See* Response ¶ 16.

9.        Respectfully, Plaintiffs confuse and conflate their alternative theories of

liabilities.  The lack of precision in paragraph 16 of the Response, treating the analysis of the

$740,000 and the laptop/intangible property, illuminates this confusion.  As to the $740,000, the

Gunn Lee Defendants assert that the well-pleaded facts of the Complaint and the reasonable

inferences drawn therefrom show that Plaintiffs cannot establish negligence.  As discussed at

length in the Motion to Dismiss and above, the facts of the Complaint if taken as true, support a

conclusion that Saenz did not return the money – and would not have agreed to or complied with

the Release if it required him to return the money – because it was no longer in his possession.

10.      In contrast, Plaintiffs contend that Saenz' alleged refusal to return the laptop and

intangible property is a breach of the Release.  *See* Complaint, Count 1, ¶ 58 & Count 6, ¶ 72.

Under this theory, the Release required the return of the laptop and intangible property, but

Saenz has breached that obligation (ostensibly because J. Villarreal refuses to characterize the

$740,000 as a "gift"). Saenz' alleged actions are independent and are the result of the ongoing

dispute over how to treat the $740,000 –a situation the Gunn Lee Defendants did not create.

11.      The well pleaded facts of the Complaint and the reasonable inferences drawn

therefrom support a finding that Saenz' actions constitute a superseding cause that make it

impossible for Plaintiffs to credibly plead that the Gunn Lee Defendants' acts or omissions are

the proximate cause of Plaintiffs' alleged injuries.  Plaintiffs cannot make a facially plausible

showing of this essential element of their negligence claim.  This claim fails and should be dismissed with prejudice.

**C.      Plaintiffs cannot plausibly plead a separate claim for breach of fiduciary duty.**

12.      Plaintiffs acknowledge that under Texas law, a separate claim for breach of fiduciary duty only arises under certain conditions, generally speaking when an attorney has pursued his or her own interests to the detriment of the client's interest.

13.      Plaintiffs rely on two allegations in their attempt to establish independent cause for a breach of fiduciary duty:  that the Gunn Lee Defendants (a) had a preexisting relationship with Saenz that was not disclosed and (b) gave discounts to Saenz but not to Plaintiffs.  From fabricated allegations, Plaintiffs then extrapolate the accusation that the Gunn Lee Defendants favored Saenz to protect the Firm's financial interest in an ongoing relationship with Saenz.

14.      These allegations are false, and for purposes of the Motion to Dismiss, they are not "well-pleaded" facts that the Court must accept as true.  Furthermore, even if those allegations are taken as true, they do not constitute the basis for permitting a separate breach of fiduciary duty claim to proceed against the Gunn Lee Defendants.

15.      While the Court must accept "well-pleaded" facts in the Complaint as true, it does not "strain to find inferences favorable to the plaintiff" and therefore, "to avoid a dismissal for failure to state a claim, a plaintiff must plead specific facts." *Greater Houston Transp. Co. v. Uber Techs.*, Inc., 155 F. Supp. 3d 670, 681 (S.D. Tex. 2015).  To meet this burden, "the plaintiff must plead specific facts, not merely conclusory allegations[.]"  *Brown v. Bilek*, CIV.A. H-09-2193, 2009 WL 2601615, at \*1 (S.D. Tex. Aug. 20, 2009).

16.      Here, the pertinent allegations are simply conclusory.  Plaintiffs' incorrect conclusions are wholly unsupported by any other well-pleaded facts in the Complaint.  There are

no specific allegations, for example, that the Gunn Lee Defendants had previously represented Saenz in a particular matter or that Saenz recommended the Gunn Lee Defendants because he had worked with them previously.  Moreover, the Engagement Letter (Dkt.  11, Exhibit A) sets out that ZroBlack was the original client.  And, the Conflict Waiver (*Id.*, Exhibit C) notes that Plaintiffs and Saenz ***together*** requested the assistance of the Gunn Lee Defendants in resolving issues between them provided the appropriate safeguard, *e.g.*, waiver of conflict, was in place. In other words, the incorrect assumption that the Gunn Lee Defendants had a prior relationship with Saenz that caused them to favor Saenz in connection with the Release is a naked conclusion not supported by any well-pleaded facts.  Therefore, the Court should not accept it is as true for purposes of adjudicating the Motion to Dismiss.

17.     Similarly, Plaintiffs have no direct knowledge of the Gunn Lee Defendants' billing practices.  The allegation that the Gunn Lee Defendants charged Saenz less than they charged Plaintiffs is not based on any other evidence or specific allegations.  It is an untrue, bare conclusion that the Court does not need to accept as true for purposes of the Motion to Dismiss. Moreover, the Engagement Letter (Dkt. 11, Exhibit A) illustrates the falsity (implausibility) of this allegation as any invoices for service performed were sent to the client, *i.e.*, ZroBlack, named in the Engagement Letter.  How ZroBlack decided to pay the invoices or allocate the obligation amongst its members was beyond the control of the Gunn Lee Defendants.

18.     Furthermore, even if the Court did accept as true the unfounded allegations in the Complaint that the Gunn Lee Defendants had an undisclosed pre-existing relationship with Saenz and/or that the Gunn Lee Defendants billed Saenz less, those allegations are insufficient to support a plausible claim for a discrete breach of fiduciary duty claim under Texas law.

19.     Plaintiffs assert the Gunn Lee Defendants pursued their own financial interest (in the form of a continued business relationship with Saenz), and they further argue that such behavior constitutes an independent breach of fiduciary duty.   The Dallas Court of Appeals succinctly summarized the various decisions addressing the parameters for permissible independent breach of fiduciary claims against lawyers:  when the "allegations complain about the quality of the Lawyers' representation, specifically, the Lawyers' failure to properly advise, inform, and communicate with the [clients] about the case," such claims are categorized as "professional negligence", ***not breach of fiduciary duty***.  *Murphy v. Gruber*, 241 S.W.3d 689, 698 (Tex. App.—Dallas 2007, pet. denied); *see also Beck v. Law Offices of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 436 (Tex. App.—Austin 2009, no pet.) (listing cases in which attorneys were found to have direct financial conflicts with the clients, which the attorneys did not disclose, such that independent claims for breach of fiduciary duty could proceed).  Based on the face of the Complaint, it is apparent that Plaintiffs' claim denominated as "breach of fiduciary duty" is, in substance, an allegation that the Gunn Lee Defendants failed to properly advise and inform the Plaintiffs in connection with the Release.  *See, e.g.*, Complaint ¶32.  Under Texas law, that claim is a claim for professional negligence, not breach of fiduciary duty.

20.     Plaintiffs' argument stretches the bounds of an independent breach of fiduciary duty far beyond any independent claims that have been recognized by the Texas Courts.  For example, in the *Riverwalk CY Hotels* case, the Fourth Court of Appeals reversed a summary judgment ruling in favor of Akin Gump, holding that the law firm's failure to tender a claim to its client's insurer was a "deceptive practice" rather than a merely negligent one, where the client contended that Akin Gump failed to tender the claim because it wanted to maintain a lucrative hourly billing arrangement with the client.  *Riverwalk CY Hotel Partners, Ltd. v. Akin Gump*

*Strauss Hauer & Feld, LLP*, 391 S.W.3d 229, 238 (Tex. App.—San Antonio 2012, no pet.); *see also Archer v. Med. Protective Co. of Fort Wayne, Indiana*, 197 S.W.3d 422, 428 (Tex. App.—Amarillo 2006, pet. denied) (reversing summary judgment where plaintiff plausibly alleged that her counsel did not inform or advise her about a pretrial settlement offer because counsel promoted his interest in maintaining a relationship with the carrier above the plaintiff's interests). *Riverwalk CY Hotels* does not support Plaintiffs' position.

21.     Plaintiffs' reliance on the *Deutsch* opinion is similarly misplaced.  In that case, the appellate court reversed a directed verdict in favor of the law firm because, after the close of evidence, there was at least some evidence that supported a separate breach of fiduciary claim based on the firm's alleged failure to advise its clients of potential conflicts of interest.  *See Deutsch v. Hoover, Bax & Slovacek, L.L.P,* 97 S.W.3d 179, 190 (Tex. App.—Houston [14th Dist.] 2002, no pet.).  In contrast, here, the Plaintiffs cannot even plausibly plead that potential conflicts were not disclosed to them and that they were not advised that they could retain separate counsel.  *See* Waiver of Conflict, Dkt. 11, Exhibit C.

22.     The Gunn Lee Defendants did not engage in any deceptive practices to protect their potential fees, nor did they disadvantage Plaintiffs in any arrangement.  The Complaint does not plausibly plead otherwise.

23.     The Gunn Lee Defendants' conformance with Disciplinary Rule 1.07 underscores the weakness of Plaintiffs' blanket assertion that assisting the parties in connection with the Release presented an unwaivable conflict of interest that unequivocally precluded the joint representation.  "Conflict of interest" is not a talisman that automatically converts a negligence claim to a breach of fiduciary duty claim.  At its core, Plaintiffs' allegation that the Gunn Lee Defendants favored Saenz over J. Villarreal in connection with the Release is a contention about

the quality of the representation.  Calling it a "conflict of interest" does not convert the claim or bring it into the exception to the anti-fracturing rule.

24.     Plaintiffs further contend that they have alleged billing fraud as an exception to the anti-fracturing rule.  *See* Response ¶ 23.  The only factual allegation in the Complaint related to this claim is the unfounded, false allegation that in connection with the joint representation, the Gunn Lee Defendants charged Saenz less than they did J. Villarreal.  *See id.*  The Engagement Letter (Dkt. 11, Exhibit A) evidences the entity that received the invoices and that determined how and when same were to be paid.  Further, as discussed above, this is not a "well-pleaded" allegation that must be taken as true.  Even if the Court does accept that allegation as true, it does not support a billing fraud claim that would constitute an exception to the anti-fracturing rule.  The types of billing fraud that will give rise to a separate breach of fiduciary duty claim include "charg[ing] excessive time on certain legal matters and bill[ing] for work that was unnecessary."  *Riverwalk CY*, 391 S.W.3d at 238 (citing *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 481–82 (Tex.App.-Dallas 1995, writ denied)).  Plaintiffs alleged neither.

25.     The "integrity of billing practices" attacked in the petition against Akin Gump was that the firm "grossly overworked [the] file" and "charged … excessive fees, billed … for work that was not necessary, [and] provided legal services in a manner intended to unnecessarily increase the scope of litigation and related activities to increase its billings."  *Id.*  Similarly, in *Sullivan*, the client alleged that the firm billed for work that was not necessary or that was not actually performed, and charged the client for expenses that were not necessary or not properly attributable to that client.  *See Sullivan*, 943 S.W.2d at 481–82.  Those allegations are not at all similar to the allegation in the instant Complaint.

26.     Finally, Plaintiffs claim that they have sufficiently plead an independent breach of fiduciary duty claim because the Complaint alleges that the Gunn Lee Defendants misused client confidences, specifically by "pressuring" J. Villarreal to settle with Saenz "'for the sake of the family' based on [J. Villarreal's] anxiety and mental health concerns." Response ¶ 25.  In essence, Plaintiffs are claiming that it was a misuse of so-called "client confidences" to emphasize the social, familial, and emotional benefits of settling a dispute.  Plaintiffs cite no Texas opinion expanding on what constitutes improper use of client confidences for purposes of avoiding the anti-fracturing rule, and a diligent search has uncovered no such guidance.  But surely, the Texas Courts would not find it improper for an attorney to explain to his or her client that a consensual resolution would facilitate family harmony and eliminate the stress and discord that would ensue from litigation between family members.

27.     Plaintiffs have not – and cannot – plausibly plead the type of conduct that gives rise to a separate claim of breach of fiduciary duty against the Gunn Lee Defendants.  At its crux, Plaintiffs' so-called breach of fiduciary claim is really about the quality of the representation. Under Texas law, such a claim is squarely within the realm of professional negligence, cannot be fractured and is barred under Texas law.  Any amendment would not cure this defect and thus be futile.  Accordingly, the breach of fiduciary duty claim should be dismissed with prejudice.

## II.     PRAYER

WHEREFORE, PREMISES CONSIDERED, the Gunn Lee Defendants pray that the Court enter an order dismissing with prejudice Counts 6 and 7 of the Complaint, and for such other relief to which they may be entitled at law or equity.

Dated August 10, 2020.

Respectfully submitted,

/s/ *Natalie F. Wilson*
**LANGLEY & BANACK, INCORPORATED**
745 E. Mulberry, Suite 700
San Antonio, Texas 78212
(210) 736-6600 Telephone
(210) 735-6889 Telecopier
Email:  nwilson@langleybanack.com

GEORGE H. SPENCER, JR.
State Bar No. 18921001
NATALIE F. WILSON
State Bar No. 24067769

COUNSEL TO MIGUEL VILLARREAL, JR., and
GUNN, LEE & CAVE, PC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 10, 2020, a true and correct copy of the above and foregoing instrument was served via the Court's electronic transmission facilities and served via first class mail, postage prepaid on:

| | |
|---|---|
| Steven A. Castello<br>Joseph L. Lanza<br>Charles M.R. Vethan<br><br>VETHAN LAW FIRM<br>11459 Huebner Road, Suite 101<br>San Antonio, TX 78230<br>210-824-2220<br>Fax: 713-526-2230<br><br>Counsel to Plaintiffs | David A. Vanderhider<br>Ryan J. Sullivan<br><br>DYKEMA COX SMITH<br>112 E. Pecan Street - Suite 1800<br>San Antonio, TX 78205<br>210-554-5484<br>Fax: 210-226-8395<br><br>Counsel to Defendant John Saenz |

/s/ *Natalie F. Wilson*
NATALIE F. WILSON