IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, <br> INDIVIDUALLY AND DERIVATIVELY <br> ON BEHALF OF ZROBLACK, LLC; <br><br> *Plaintiff*, <br><br> vs. <br><br> JOHN SAENZ, MIGUEL VILLARREAL, <br> JR.,  GUNN, LEE & CAVE, P.C., <br><br> *Defendants*. | § § § § § § § § § § § § § | 5-20-CV-00571-OLG-RBF |

**STATUS CONFERENCE**

Before the Court is the status of the above-referenced case, which was referred to me for disposition pursuant to Rules CV-72 and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 22. **IT IS ORDERED** that this case is set for a telephonic attorney status conference on **October 14, 2020** at **10:00 A.M.** The following call-in information applies to this setting:

      Toll free number:  877-402-9753
      Access code: 8309798
      Participant Security Code:  93075

The parties must call-in at least 5 minutes before the start of the hearing and check in with the Courtroom Deputy, Ms. Amy Jackson. The use of speaker phones is prohibited during a telephonic appearance.

Counsel is advised of the following matters. First, counsel should refrain from communicating with the Courtroom Deputy or other court staff concerning substantive matters. Substantive communications with the Court should be conducted via officially filed documents. Nondispositive motions filed with the Court—even where the opposing party is proceeding pro se—must include a certificate of conference, as indicated in the Local and Federal Rules, reflecting a *good-faith*, *diligent* effort to resolve the disputed issue that is the subject of the

motion. *See* Local Rule CV-7(i) (applying to all nondispositive motions); *see also* Fed. R. Civ. P. 37(a)(1) (applying to discovery disputes). While email or letter correspondence with opposing counsel may on some occasions be appropriate—*i.e.*, in the first instance or to ensure the motion is unopposed—in the Court's view, the best and most efficient way to comply with the conference requirement is through either an in-person meeting or actual conversation by telephone.[1] Accordingly, absent extenuating circumstances, a certificate of conference noting one or two unsuccessful attempts to confer—particularly where the attempts occur the day the motion is filed—will be disfavored and may result in denial of the requested relief. *See* Local Rule CV-7(i). Finally, reasonable requests for deadline extensions that do not threaten meaningful prejudice to the client typically should not be opposed. *See* Local Rule AT-4(b); *see also* Ex M to Local Rules. At the same time, the Court frowns upon last-minute requests for extensions or continuances, unless there is a genuine emergency or extenuating circumstances.

A copy of my Civil Fact Sheet may be found at https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/San%20Antonio/Farrer/Court%20Facts%20Sheet%20for%20U.S.%20Magistrate%20Judge%20Farrer.pdf. All counsel (and parties, if they are appearing pro se) are expected to review it before filing any matters or appearing in a case before me.

**IT IS SO ORDERED.**

SIGNED this 29th day of September, 2020.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE

---

[1] *See, e.g.*, *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (noting that a single letter unilaterally identifying alleged flaws in discovery responses and setting an arbitrary response deadline is insufficient to comply with the conference requirement, "as it does not equate to a good faith conferral or attempt to confer); *Care Envtl. Corp. v. M2 Techs. Inc.*, No. CV-05-1600 (CPS), 2006 WL 1517742, at *1, 3 (E.D.N.Y. May 30, 2006) (explaining, "confer" means to "meet, in person or by telephone, and make a genuine effort to resolve the dispute"); Local Rule AT-4(e) ("When a discovery dispute arises, opposing lawyers should attempt to resolve it by working cooperatively together.").