UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C., Defendants. | § § § § | |

**DEFENDANT JOHN SAENZ'S RESPONSE TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS FIRST AMENDED COMPLAINT AND FIRST AMENDED APPLICATION FOR SEIZURE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF**

Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Response to Plaintiff's Motion for an Extension of Time to File His First Amended Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "MET"). In support thereof, Saenz states as follows.

### INTRODUCTION

While Saenz does not oppose Plaintiff's request for additional time, Saenz objects to Plaintiff filing his MET and exhibits *under seal*. If the Court is inclined to extend the Court's deadline for Plaintiff to file an amended complaint and an amended application for injunctive relief, then Saenz requests that the Court: (1) order Plaintiff to first file a motion for leave to seal and comply with the sealing requirements of this Court, (2) deny the MET as improperly filed under seal, and (3) order that, after leave is granted, any applicable time limits (including Saenz's responsive pleading deadline to the amended complaint and amended application) shall run from the filing of the pleadings by the clerk in accordance with Local Rule CV-7(b). If the Court is not inclined to extend

the Court's deadline for Plaintiff to file an amended complaint and an amended application for injunctive relief, then Saenz requests that the Court deny the MET, at which point Saenz's prior Motion to Dismiss Plaintiff's initial pleadings would remain pending before the Court.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit on May 8, 2020 (ECF No. 1). Saenz filed his Motion to Dismiss for Failure to State a Claim on June 23, 2020 (ECF No. 8). Plaintiff sought an extension of time to file a response, which Saenz did not oppose. *See* ECF Nos. 9, 10.

In Plaintiff's response to Saenz's Motion to Dismiss, Plaintiff requested leave to re-plead and noted that "leave to re-file under Rule 15(a) is preferred, unless it is clear the defects are incurable." *See* Plaintiff's Response to Motion to Dismiss at ¶¶ 3, 47 (ECF No. 12). In his Reply in Support of his Motion to Dismiss (ECF No. 14), Saenz opposed Plaintiff's request to re-plead for two reasons. First, Plaintiff did not present the Court with a proposed amendment or explain how an amended complaint would permit any claims to survive. *See generally* Plaintiff's Response to Motion to Dismiss (ECF No. 12). When a party makes a bare request in opposition to a motion to dismiss, without any indication of the particular grounds on which the amendment is sought, such request does not constitute a motion within the contemplation of Rule 15(a). *See Nolasco v. CitiMortgage, Inc.*, 2012 U.S. Dist. LEXIS 119699, at *23-24 (S.D. Tex. Aug. 23, 2012).

Second, as fully briefed in Saenz's Motion to Dismiss and his Reply in Support of his Motion to Dismiss, Plaintiff and Saenz signed a release prior to this litigation that acts as a complete bar to Plaintiff's claims. *See* Saenz's Motion to Dismiss at pg. 4-11 (ECF. No. 8); *see also* Saenz's Reply in Support of His Motion to Dismiss Plaintiff's Original Complaint at pg. 1-4 (ECF No. 14). Such claims therefore lack any legal foundation, and any amended complaint would be futile and unwarranted. *See Silver Gryphon, L.L.C. v. HSBC Bank USA, Inc.*, 2014 U.S. Dist. LEXIS 79161, at *15-17 (S.D. Tex. June 11, 2014).

Saenz's Motion to Dismiss remained pending prior to a status conference in this matter on October 14, 2020.  The next day, on October 15, 2020, the Court entered an Order providing that Plaintiff "may file an amended complaint and request for injunctive relief within **thirty (30) days** from the date of this Order."  Order (ECF No. 25).  The Order also provided that, before filing any matter under seal, the parties must file a motion for leave to seal and "must then separately file a redacted version of the document for the public record."  *Id.*

Plaintiff did not file an amended complaint or an amended request for injunctive relief within thirty days of the Court's Order.  Plaintiff also did not confer with counsel for Saenz or file a motion for extension of time prior to the deadline.  Rather, Plaintiff's counsel spoke with counsel for Saenz at 3:38 pm on November 17, 2020 (after the deadline) to indicate that Plaintiff intended to seek leave to file an amended pleading and amended request for injunctive relief later that same day and requested confirmation of whether counsel for Saenz opposed.  Counsel for Saenz did not have an opportunity to confer with his client and respond to Plaintiff's counsel that same day.  At 11:45 pm on the same day, Plaintiff filed his MET and attached as exhibits: (1) a proposed amended complaint, (2) a proposed amended request for injunctive relief, and (3) proposed exhibits to the amended request for injunctive relief.  *See* ECF No. 27.  Plaintiff filed each of the foregoing under seal in their entirety.  *Id.*  Plaintiff did not file a motion for leave to seal and did not separately file a redacted version of the pleadings as ordered by the Court.

## **ARGUMENT**

Federal Rule of Civil Procedure 6(b) provides that when an act must be done within a specified time, the court may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.  In his MET, Plaintiff does not cite to Rule 6 or explain how the failure to meet the deadline ordered by the Court is the result of excusable neglect.

*See* Local Rule CV-7(d) (providing that all motions must cite any applicable rule, statute, or other authority justifying the relief sought, with one exception being motions for extension of time "made before the expiration of the period originally prescribed"). Additionally, Plaintiff did not confer with counsel for Saenz prior to Plaintiff's deadline to amend his complaint and application for injunctive relief. Notwithstanding the foregoing, and without waiver of Saenz's contention that re-pleading is improper regardless of the timing, Saenz does not oppose Plaintiff's request for additional time to extend Plaintiff's deadline. *See* Local Rule AT-4. Since Plaintiff's deadline was ordered by this Court, Saenz defers to the Court on whether Plaintiff should be allowed additional time to amend his complaint and application following his failure to meet the Court's deadline.

While Saenz does not oppose Plaintiff's request for additional time, Saenz objects to Plaintiff filing his MET and exhibits *under seal*. *See* ECF No. 27. As a threshold matter, Plaintiff was required by order of this Court to file a motion for leave to seal "before filing any matter under seal." Order (ECF No. 25). Plaintiff did not comply with the Court's order. Additionally, the Court's Order requires the party seeking leave to seal to separately file a redacted version of the document for the public record. *Id.* Plaintiff has not complied with this portion of the Court's order to date.

Additionally, motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored. Local Rule CV-5.2. Rather, the court expects parties to draft such submissions in a manner that does not disclose confidential information. *Id.* Accordingly, Plaintiff should not have filed under seal his pleadings (i.e., MET, proposed amended complaint, and proposed amended request for injunctive relief).

Further, proposed Exhibits 2, 3, 4, 5, 8, 9, 10, 11, 12, 13, 14, 16, 18, 19, 20, 21, 22, 24, 25 filed with the MET under seal on November 17, 2020 are identical to the exhibits that were attached to Plaintiff's original Application for Seizure and Injunctive Relief. Those exhibits were not filed

under seal. *Compare* ECF No. 2 *with* ECF No. 27. Exhibit 1 filed with the MET under seal is an amended Declaration by the same witness who signed the original Declaration attached as Exhibit 1 to Plaintiff's original Application for Seizure and Injunctive Relief. That exhibit was not filed under seal. *Id.* Exhibits 6, 7, 15, 23 and 27 filed with the MET under seal are unredacted versions of the same documents that were redacted and filed as Exhibits 6, 7, 15, 23 and 27 to Plaintiff's original Application for Seizure and Injunctive Relief, which were not filed under seal. *Id.*

Accordingly, Saenz objects to: (1) Plaintiff filing the MET and proposed exhibits under seal without a motion for leave, (2) Plaintiff's failure to file a redacted version of his filing for the public record, (3) Plaintiff filing under seal the same documents that Plaintiff previously filed in the public record, and (4) Plaintiff filing under seal documents to which Plaintiff previously made redactions and then filed without sealing.

Finally, given that Plaintiff's entire submission on November 17, 2020 was filed under seal, there is no indication for the Court or the parties what specific, discrete information Plaintiff believes should be sealed and why Plaintiff believes such information should be sealed. Without knowing what specific, discrete information Plaintiff believes should be sealed and why it should be sealed, Saenz cannot meaningfully respond to Plaintiff's allegations, as currently filed, in the public record without risking Plaintiff's subsequent contention that Saenz publicly disclosed confidential information.

## **CONCLUSION**

If the Court is inclined to extend the Court's deadline for Plaintiff to file an amended complaint and an amended application for injunctive relief, then Saenz requests that the Court: (1) order Plaintiff to first file a motion for leave to seal and comply with the sealing requirements of this Court, (2) deny the MET as improperly filed under seal, and (3) order that, after leave is granted,

any applicable time limits (including Saenz's responsive pleading deadline) triggered by the pleading, motion, or other submission (here, the amended complaint and amended application) shall run from the filing of the pleading, motion, or other submission by the clerk in accordance with Local Rule CV-7(b).  If the Court is not inclined to extend the Court's deadline for Plaintiff to file an amended complaint and an amended application for injunctive relief, then Saenz requests that the Court deny the MET, at which point Saenz's prior Motion to Dismiss Plaintiff's initial pleadings would remain pending before the Court.  Saenz requests such other and further relief to which he is entitled in law or in equity.

| | |
|---|---|
| Respectfully submitted this 20th day of November 2020. | By: */s/ David A. Vanderhider*<br>David A. Vanderhider<br>State Bar No. 24070787<br>DVanderhider@dykema.com<br>Ryan J. Sullivan<br>State Bar No. 24102548<br>RSullivan@dykema.com<br>DYKEMA GOSSETT PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, Texas 78205<br>(210) 554-5500 – Telephone<br>(210) 226-8395 – Facsimile<br><br>*Attorneys for John Saenz* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 20th day of November 2020, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By:   */s/ David A. Vanderhider*