UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN VILLAREAL,** | § | |
| **individually and derivatively on behalf of** | § | |
| **ZROBLACK LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 5:20-CV-00571-OG** |
| | § | |
| **JOHN SAENZ; MIGUEL VILLAREAL,** | § | |
| **JR.; and GUNN, LEE & CAVE, P.C.,** | § | |
| **Defendants.** | § | |

**DEFENDANT JOHN SAENZ'S RESPONSE TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT
AND FIRST AMENDED APPLICATION FOR SEIZURE, TEMPORARY
RESTRAINING ORDER, PRELIMINARY INJUNCTION,
AND PERMANENT INJUNCTIVE RELIEF UNDER SEAL**

Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Response to Plaintiff's Motion for Leave to File His First Amended Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief Under Seal (the "Motion for Leave") (Doc. 29). In support thereof, Saenz states as follows.

**INTRODUCTION**

Plaintiff seeks leave of this Court to file five documents under seal: (A) Plaintiff's proposed First Amended Verified Complaint (Doc. 29-2) (the "Amended Complaint"), (B) Plaintiff's proposed First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (Doc. 29-3) (the "Amended Application"), (C) proposed Exhibit 1, Amended Declaration of Jonathan Villareal (Doc. 29-4), (D) proposed Exhibit 28 (Doc. 29-31), and (E) proposed Exhibit 34 (Doc. 29-37). Saenz requests that the Court deny the Motion for Leave and

instead order Plaintiff to file its proposed Amended Complaint, proposed Amended Application, and proposed exhibits in the public record with appropriate redactions, if necessary.

As a threshold issue, Plaintiff's request to file under seal the proposed Amended Complaint and proposed Amended Application is contrary to Local Rule CV-5.2(b), which states: "Motions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored. The court expects parties to draft such submissions in a manner that does not disclose confidential information."

Furthermore, with respect to all of the proposed documents that Plaintiff seeks to file under seal, Plaintiff made no effort to demonstrate how redaction would not solve the confidentiality issues raised.  Specifically, the proposed Amended Complaint and proposed Amended Application include allegations and proposed exhibits that have already been placed in the public record by Plaintiff prior to seeking leave to file under seal.  With regard to any new allegations, Plaintiff made no attempt to redact prior to seeking leave to file under seal the proposed Amended Complaint and proposed Amended Application.

Finally, if the proposed Amended Complaint and proposed Amended Application are filed under seal in their entirety as Plaintiff requests, then Saenz and the other defendants cannot meaningfully respond to Plaintiff's allegations, as currently filed, in the public record without risking Plaintiff's subsequent contention that Saenz or the other defendants publicly disclosed confidential information.  This could result in unnecessary motions for leave to seal before virtually any pleading or motion is filed with the Court.  In addition to creating needless motion practice that would strain the resources of the Court and the parties, this effectively could result in the entire proceeding being sealed and defeat the public's right to access judicial records.

## FACTUAL BACKGROUND

Plaintiff filed this lawsuit on May 8, 2020 (ECF No. 1). Saenz filed his Motion to Dismiss for Failure to State a Claim on June 23, 2020 (ECF No. 8). Plaintiff responded on July 14, 2020 (ECF No. 12).

Saenz's Motion to Dismiss remained pending prior to a status conference in this matter on October 14, 2020. The next day, on October 15, 2020, the Court entered an Order providing that Plaintiff "may file an amended complaint and request for injunctive relief within thirty (30) days from the date of this Order." Order (ECF No. 25).

Plaintiff did not file an amended complaint or an amended request for injunctive relief within thirty days of the Court's Order. Instead, on November 17, 2020, Plaintiff filed a Motion for Extension of Time and attached as exhibits: (1) the proposed Amended Complaint, (2) the proposed Amended Application, and (3) proposed exhibits. *See* ECF No. 27. Plaintiff filed each of the foregoing under seal in their entirety without first seeking leave of this Court. *Id.*

On November 30, 2020, the Court granted Plaintiff leave to file out of time but ordered that Plaintiff either: (1) re-file on the public docket the exact same previously filed amended complaint and request for injunctive relief filed currently as exhibits to Docket Entry [27], or (2) re-file these same matters with appropriate motions for leave to seal.

On December 2, 2020, Plaintiff filed the Motion for Leave that is pending before the Court. Notably, the Court's October 15, 2020 Order provides that a motion for leave to seal "should attach an unredacted sealed version of the document at issue. The parties, however, must separately file a redacted version of the document for the public record." Order (ECF No. 25). Although counsel for Plaintiff has indicated to counsel for Defendants that Plaintiff intends seek leave to file redacted copies of the proposed Amended Complaint, proposed Amended Application, and proposed

exhibits into the public record at an unspecified time, Plaintiff, to date, has not filed redacted versions of these documents in the public record.

Without waiver of Saenz's contention that amendment is unwarranted and unnecessary, counsel for Saenz and the other defendants informed Plaintiff's counsel that they do not oppose Plaintiff seeking additional time to file redacted copies into the public record. Plaintiff, however, would not agree to withdraw the Motion for Leave to file documents under seal in conjunction with the lack of opposition to Plaintiff seeking leave to file redacted copies in the public record, which necessitates this Response.

## ARGUMENT

The public has a common law right to inspect and copy judicial records, and there is a presumption of public access to judicial records. *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (internal citations omitted). Because that right is not absolute, however, courts have supervisory power over their own records and files, and access has been denied where court files might have become a vehicle for improper purposes. *Id.* (internal citations omitted). Although the common law right of access to judicial records is not absolute, the district court's discretion to seal the record of judicial proceedings "is to be exercised charily." *North Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 203-04 (5th Cir. 2015) (quoting *Macias v. Aaron Rents, Inc.*, 288 Fed. Appx. 913, 915-16 (5th Cir. 2008)).

To determine whether to seal judicial records, courts must balance the public's common law right of access against the interests favoring nondisclosure. *SEC*, 990 F.2d at 848 (internal citations omitted). Where documents can be redacted to adequately protect information whose disclosure might conceivably cause competitive harm, it is within the trial court's discretion to order that such documents be redacted rather than sealed in their entirety. *See Vantage Health Plan v. Willis-*

*Knighton Med. Ctr.*, 913 F.3d 443, 447, 451-52 (5th Cir. 2019) (affirming the trial court's ruling that fifty documents should be redacted but not sealed).

In the Motion for Leave, Plaintiff seeks leave to file five documents under seal: (A) Plaintiff's proposed Amended Complaint (Doc. 29-2) in its entirety, (B) Plaintiff's proposed Amended Application (Doc. 29-3) in its entirety, (C) proposed Exhibit 1, Amended Declaration of Jonathan Villareal (Doc. 29-4), (D) proposed Exhibit 28 (Doc. 29-31), and (E) proposed Exhibit 34 (Doc. 29-37).

As a threshold matter, Plaintiff did not attach any evidence to the Motion for Leave and did not provide anything other than conclusory allegations of "confidential business information" or "national security" in support of the Motion for Leave.  These bare allegations alone are insufficient to demonstrate an interest favoring nondisclosure over the public's right of access.

More importantly, with regard to the proposed Amended Complaint and proposed Amended Application, "[m]otions to keep pleadings, motions, or other submissions requesting or opposing relief from the court under seal are disfavored."  Local Rule CV-5.2(b).  Rather, "[t]he court expects parties to draft such submissions in a manner that does not disclose confidential information."  *Id.*  Plaintiff made no attempt to draft the proposed Amended Complaint and proposed Amended Application in a manner that does not disclose confidential information, and, alternatively, Plaintiff did not inform the Court or the parties why Plaintiff believes he could not do so in compliance with the Local Rules.  In addition, Plaintiff made no attempt to redact portions of the proposed Amended Complaint or proposed Amended Application prior to filing the Motion for Leave, and Plaintiff has not demonstrated how redaction would not solve the confidentiality issues raised in the Motion for Leave or supporting memorandum.  *See Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 447, 451-52 (5th Cir. 2019) (affirming the trial court's ruling fifty

documents should be redacted but not sealed).  Inasmuch as the proposed Amended Complaint and proposed Amended Application include allegations and proposed exhibits that have already been placed in the public record by Plaintiff prior to seeking leave to file under seal, Plaintiff clearly could redact any new information that Plaintiff truly believes should not be in the public record.  *Compare* ECF Nos. 1 and 2 *with* ECF Nos. 29-2 and 29-3.  Accordingly, the proposed Amended Complaint and proposed Amended Application should not be sealed.  Instead, to the extent there are truly any purported concerns about national security or protecting information whose disclosure might conceivably cause competitive harm, which Saenz denies, Plaintiff should redact only what is necessary to legitimately address those concerns before filing such documents in the public record.

Further, if the proposed Amended Complaint and proposed Amended Application are sealed in their entirety as Plaintiff requests, then Saenz and the other defendants cannot meaningfully respond to Plaintiff's allegations, as currently filed, in the public record without risking Plaintiff's subsequent contention that Saenz or the other defendants publicly disclosed confidential information.  This could effectively result in needless motions for leave to seal before virtually any pleading or motion is filed with the Court.  In addition to creating needless motion practice, this effectively could result in the entire proceeding being sealed.  This would defeat the public's right to access judicial records, which "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'"  *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849-50 (5th Cir. 1993) (quoting *Littlejohn v. BIC Corp.*, 851 F.2d 673, 682 (3d Cir. 1988)).

With regard to the proposed exhibits subject to Plaintiff's Motion for Leave, proposed Exhibit 1 (Doc. 29-4) is an amended Declaration by the same witness who signed the original Declaration attached as Exhibit 1 to Plaintiff's Original Application for Seizure and Injunctive Relief.  That exhibit

was not filed under seal. *Compare* ECF No. 2-1 *with* ECF No. 29-4. Proposed Exhibit 28 (Doc. 29-31) and proposed Exhibit 34 (Doc. 29-37) were not attached to Plaintiff's Original Complaint. Like the proposed Amended Complaint and proposed Amended Application, however, Plaintiff made no attempt to draft proposed Exhibit 1 in a manner that does not disclose confidential information, and, alternatively, did not inform the Court or the parties why Plaintiff believes he could not do so. Additionally, Plaintiff made no attempt to redact portions of proposed Exhibits 1, 28 and 34 prior to filing the Motion for Leave, and Plaintiff has not demonstrated how redaction would not solve any confidentiality issues raised in the Motion for Leave or supporting memorandum. *See Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 447, 451-52 (5th Cir. 2019) (affirming the trial court's ruling that fifty documents should be redacted but not sealed). In fact, many of Plaintiff's exhibits filed with the Original Complaint and Original Application were redacted—presumably to address the same or similar issues of confidentiality that Plaintiff referenced in its Motion for Leave and supporting memorandum. *See, e.g.*, Docs. 2-6, 2-7, 2-15, 2-23 and 2-27. Further, inasmuch as proposed Exhibit 1 includes allegations that have already been placed in the public record by Plaintiff prior to seeking leave to amend, Plaintiff clearly could redact any new information that Plaintiff believes should not be in the public record. *Compare* ECF No. 2-1 *with* ECF No. 29-4. Accordingly, proposed Exhibits 1, 28 and 34 should not be sealed. Instead, to the extent there are truly any purported concerns about national security or protecting information whose disclosure might conceivably cause competitive harm, which Saenz denies, Plaintiff should redact only what is necessary to legitimately address those concerns prior to filing such documents in the public record.

## <u>CONCLUSION</u>

Saenz requests that the Court deny the Motion for Leave and instead order Plaintiff to file the proposed Amended Complaint, Amended Application, and exhibits in the public record with redactions that are necessary only to legitimately protect national security or information whose disclosure might conceivably cause competitive harm.  Saenz reserves the right to object to, or otherwise challenge, any redactions made or seek relief from the Court, as necessary.  Saenz further requests that any applicable time limits (including Saenz's responsive pleading deadline) triggered by such pleading, motion, or other submission (here, the amended complaint and amended application) shall run from the filing of the pleading, motion, or other submission in accordance with the Court's order.  Saenz requests such other and further relief to which he is entitled in law or in equity.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ David A. Vanderhider*
David A. Vanderhider
State Bar No. 24070787
Email: DVanderhider@dykema.com
Ryan J. Sullivan
State Bar No. 24102548
Email: RSullivan@dykema.com
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

**Attorneys for Defendant John Saenz**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 9th  day of December 2020, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By: /s/ David A. Vanderhider
David A. Vanderhider