IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK, LLC. Plaintiffs, v. | § § § § § § | |
| | § | CIVIL ACTION NO. 5:20-cv-00571-OLG |
| JOHN SAENZ, MIGUEL VILLARREAL, JR., and GUNN, LEE, & CAVE, P.C. Defendants | § § § § § | |

**PLAINTIFFS' ANSWER TO DEFENDANT JOHN SAENZ RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT AND FIRST AMENDED APPLICATION FOR SEIZURE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF UNDER SEAL**

Plaintiff JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK, LLC, (collectively the "Plaintiffs"), by and through its undersigned counsel, files this Plaintiffs' Answer to Defendant John Saenz Response to Plaintiffs' Motion to Leave to File Plaintiffs' First Amended Verified Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief Under Seal and would respectfully show the Court as follows:

### I.   Introduction

1. Plaintiffs filed Exhibits under seal in accordance with the Court's order of November 30 in good faith. Plaintiffs provided the Defendants the copies of the Exhibits and the Defendants were not prejudiced or harmed by the lack of access. The Plaintiffs brought claims alleging violations of the Defend Trade Secrets Act of 2016, Texas Uniform Trade Secrets Act, Computer Fraud and Abuse Act, Anticybersquatting Consumer Protection Act, Breach of

Contract, Breach of Fiduciary Duty, Negligence, Tortious Interference with Prospective Relations, Conversion, and violations of the Texas Theft Liability Act, and the public access to the matters mentioned to include national security and confidential information, is not unduly burdened.

2. Defendant's understanding of the Court orders was different, namely, that the October 15th order was controlling, and that the Plaintiffs were to file the redacted exhibits with the Court. Now Defendants are coming to the Court seeking an order directing Plaintiffs to file Plaintiffs' First Amended Verified Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief in public record with redactions that are necessary to legitimately protect national security or information that can cause competitive harm. Plaintiffs are answering with this Answer and Motion to Leave to File Redacted Versions of the Complaint and Exhibits.

## II.   Chronology and Background

3. Plaintiff Jonathan Villareal is the current owner and control person of Zroblack, LLC a company that specializes in mobile device software. Defendant John Saenz is the former CEO of Plaintiff Zroblack, LLC.

4. Defendant Miguel Villareal, Jr. is an attorney with Defendant Gunn, Lee, & Cave, P.C.

5. Defendant Gunn, Lee, & Cave, P.C. wascorporate counsel for Plaintiff Zroblack, LLC.

6. On or about May 8, 2020, Plaintiffs filed its Original Complaint (**Doc #1**) alleging violations of the Defend Trade Secrets Act of 2016, Texas Uniform Trade Secrets Act, Computer Fraud and Abuse Act, Anticybersquatting Consumer Protection Act, Breach of Contract, Breach

of Fiduciary Duty, Negligence, Tortious Interference with Prospective Relations, Conversion, violations of the Texas Theft Liability Act.

7. On or about May 8, 2020 Plaintiffs filed its Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief requesting that Defendant Saenz return a laptop belonging to Zroblack, LLC that contains its trade secrets and release the domain for Zroblack's website and email servers.

8. On or about October 15, 2020 this Court issued an order allowing Plaintiffs to file an amended complaint and request for injunctive relief within thirty (30) days of the Order. The Order also stated that the parties must separately file a redacted version of the documents for the public record.

9. On or about November 17, 2020 Plaintiff filed its Motion for Leave to File Sealed document and included therein Plaintiffs' First Amended Verified Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief.

10. On or about November 30, 2020 this Court ordered Plaintiffs either: (1) re-file on the public docket the exact same previously filed amended complaint and request for injunctive relief, or (2) re-file these same matters with appropriate motions for leave to seal.

11. Plaintiffs followed the order of November 30 in good faith and filed under seal with a motion for leave.

12. Plaintiffs believe that the November 30 Order is specific and controls over the October 15 Order. Defense counsel believes that the Order of October 15 is a general order requiring sealed documents to have redacted versions filed as long as the case continues.

13.     If Defendants' understanding of the Order of October 15 is correct and Plaintiffs were also required filing redacted documents into the public record, Plaintiffs' misreading is understandable and, therefore, good cause for a late filing of redacted documents into the public record exists. Plaintiffs have filed contemporaneously with this response a motion for leave to file redacted copies into the public record.

14.     Specifically, the Plaintiffs request that Exhibits 1 through 27, 29-33, and 35-41 with existing redactions, can be filed into the public record. These exhibits were filed with the Original Complaint and Application.

15.     The Plaintiffs request that the Exhibit 28 should remain under seal because it contains sensitive data regarding the vulnerability of devices used to collect government data and also because Plaintiff Jonathan Villareal is subject to an NDA for the work he performed set out in Exhibit 28.

16.     The Plaintiffs request that the Exhibit 34 needs to be sealed because it contains references to high-level governmental individuals that should not be implicated in this suit due to security reasons involving the work of ZroBlack and Jonathan Villareal.

### III.     Arguments and Authority

17.     "[G]ood cause" can be founded on any of a wide variety of circumstances which may, but need not necessarily, include fault of the defendant, the absence of negligence of the plaintiff, or even unavoidable accident. *Matador Pipelines, Inc. v. Thomas*, 650 S.W.2d 945, 949 (Tex. App. 1983). Here, the Plaintiffs followed the November 30 Court order in good faith and filed its pleadings under seal with a motion for leave. The Defendants were provided with the sealed exhibits and could easily identify the exhibits as evidenced by their ability to point and

describe the sealed exhibits. The Defendants were not harmed nor delayed in their answer, thus, suffered no harm.

## IV.     Conclusion

Plaintiffs respectfully request this Court grant Plaintiff's Motion for Leave to Plaintiffs to file Plaintiffs' First Amended Verified Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief and Exhibits into the Public Record, and for all such other and further relief, in law or in equity, to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

THE VETHAN LAW FIRM, P.C.

By: */s/ Charles M.R. Vethan*
    Charles M.R. Vethan
    Texas Bar No. 00791852
    820 Gessner Road, Ste. 1510
    Houston, TX 77024
    Telephone: (713) 526-2222
    Facsimile: (713) 526-2230
    Email: cvethan@vethanlaw.com

    Joseph L. Lanza
    Texas Bar No. 00784447
    11459 Huebner, Suite 101
    San Antonio, Texas 78230
    Telephone: (210) 824-2220
    Fax: (713) 526-2230
    Email: jlanza@vethanlaw.com
    Service email: edocs@vwtexlaw.com

    ***Attorneys for Plaintiffs***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was electronically filed with the Court on the 16th day of December 2020, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

                                              /s/ *Charles M.R. Vethan*
                                             Charles M.R. Vethan