UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC,    Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C.,    Defendants. | § § § § | |

**DEFENDANT JOHN SAENZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST AMENDED APPLICATION FOR SEIZURE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF**

Subject to and without waiver of Defendant John Saenz's ("Saenz") Motion to Dismiss Plaintiff's First Amended Verified Complaint (the "Complaint") and Plaintiff's First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent[1] Injunctive Relief (the "Application" or "Appl.") (ECF No. 41), Saenz files this Response in Opposition to the Application[2] filed by Plaintiff Jonathan Villareal, individually and derivatively on behalf of ZroBlack LLC, ("Plaintiff"), and respectfully asks that this Court deny Plaintiff's Application. Saenz files this Response pursuant to the Court's Text Order dated January 25, 2021, in which the Court advised Defendants that: (1) responses to the Application must be filed separately from a Motion to Dismiss, and (2) to avoid unnecessary duplication, however, Defendants may incorporate other filings by reference. Accordingly, pursuant to the Court's Order and Federal Rule

---

[1] Permanent injunctive relief is premature and should only be granted, if at all, after a full trial on the merits. *See Shanks v. Dallas*, 752 F.2d 1092, 1097 (5th Cir. 1985).
[2] Redacted copies of the Application were filed at ECF No. 35-1 and ECF No. 37, and a sealed copy of the Application was filed under seal at ECF No. 34. Saenz cites to ECF No. 35 when referencing certain exhibits filed by Plaintiff.

of Civil Procedure 10(c), Saenz hereby incorporates by reference Saenz's Motion to Dismiss and all arguments and authorities referenced therein, which was filed prior to this Response.

## INTRODUCTION

Plaintiff's Application is based on the same allegations set forth in the Complaint, namely, that: (1) Saenz is in possession of a laptop computer (the "Computer") allegedly containing ZroBlack, LLC's ("ZroBlack") "software code"; (2) Saenz is in possession of ZroBlack's domain credentials, including the email "server" and webpage; and (3) Plaintiff is concerned that Saenz possesses and may use or disclose ZroBlack's purported "trade secrets." Appl. at ¶153. Accordingly, for the same reasons articulated in Saenz's Motion to Dismiss, including in particular that Plaintiff's claims are barred in their entirety by the parties' Release (ECF No. 35-16), the Application should be denied in its entirety.

Additionally, as established herein, the Application should be denied because Plaintiff's claims are not likely to succeed on the merits, and because there is no substantial risk of irreparable harm to Plaintiff if the Application is not granted. Saenz purchased the Computer and has consistently used it since then as his personal laptop computer. Saenz also retained a third-party forensic analyst, who has independently verified that no proprietary code, hardware schematics, or hardware drawings of ZroBlack are located on the Computer. Likewise, Saenz was specifically told by Plaintiff that Plaintiff no longer required access to the zroblack.com email or website due at least in part to ZroBlack no longer needing to market its technology in light of the Foreign Customer's rights to the same. Moreover, the argument that ZroBlack cannot do business and is now subject to imminent and irreparable harm because it lacks access to a simple website and email hosted on GoDaddy.com, which Plaintiff used for only a few months approximately eighteen months ago, is nonsensical.

In the alternative, to the extent the Court is inclined to grant the Application in whole or in part, then Saenz would simply request that reasonable accommodations be ordered as set forth herein to protect Saenz and to ensure that appropriate safeguards are put in place.

## BACKGROUND

This dispute arises out of a business, ZroBlack, that was jointly founded by Saenz and Plaintiff, with each owning fifty percent of the company. Appl. at ¶¶12-15; ZroBlack Certificate of Formation (ECF No. 35-3); Affidavit of John Saenz, attached hereto as Ex. A, at ¶4. Plaintiff provided technical expertise, while Saenz, who has no experience in writing or interpreting computer code, served as Chief Executive Officer and strictly handled business marketing, negotiations, and financial matters. Appl. at ¶¶12, 14; Ex. A at ¶¶2-5, 9-10.

After Saenz successfully negotiated and secured a large contract on behalf of ZroBlack with a Foreign Customer, with whom Plaintiff had previously attempted to negotiate unsuccessfully, Saenz and Plaintiff began to disagree regarding ZroBlack. Appl. at ¶¶10-11, 20, 25; Ex. A at ¶6. To resolve their disagreements, Saenz, Plaintiff, and ZroBlack entered into a written release ("Release"). Appl. at ¶¶38-41; *see also* Release (ECF No. 35-16). Pursuant to the Release, the parties agreed to split certain future earn-out payments from the Foreign Customer at a rate of 12.5/14.5 going to Plaintiff, and 2/14.5 going to Saenz. Appl. at ¶38; Release at §§ 2, 6. Most importantly, Saenz, Plaintiff, ***and ZroBlack*** fully released each other "from all claims and demands, known or unknown." Release at § 7. In conjunction with and as part of the Release, Saenz assigned his entire interest in ZroBlack to Plaintiff. Appl. at ¶¶40, 42; Release at § 6; *see also* Consent (ECF No. 35-17).

Prior to this business separation, Saenz purchased the Computer and has consistently used it for his own personal use with Plaintiff's full knowledge. Ex. A at ¶¶11, 12. Saenz has never

installed any code writing or other programming software on the Computer or downloaded any proprietary code or programming software of ZroBlack onto the Computer. *Id*. at ¶13. Saenz has never even attempted to utilize any factory-installed programming software, nor is he aware of Plaintiff or anyone else utilizing the same on the Computer. *Id*. Indeed, Plaintiff alone designed the software at issue in this case and has never possessed or used the Computer for ZroBlack's business or otherwise. *Id*. at ¶12; Appl. at ¶1.

In conjunction with this litigation, Saenz's counsel retained Exhibit A Computer Forensics, LLC to perform a confidential forensic analysis of the Computer. After conducting a forensic investigation and analysis of the Computer, Steven S. Broderhausen, the President and Lead Examiner for Exhibit A Computer Forensics, concluded: (1) the Computer does not contain any proprietary code, hardware schematics, or hardware drawings; (2) the Computer does not contain any non-factory-installed programming software; (3) the Computer does not contain any computer code, data or other trade secrets capable of performing ZroBlack's security services described in Plaintiff's Complaint and Application; and (4) there is no evidence or indication to suggest that any such code, data or other trade secrets have been deleted from the Computer. *See* Affidavit of Steven S. Broderhausen, attached hereto as Ex. B, at ¶¶2-6.

Additionally, prior to the time that ZroBlack was formed, Saenz registered the zroblack.com domain (as well as the zrodark.com domain) and added it to his pre-existing GoDaddy account that contains other domains and websites that predate ZroBlack and are not related to ZroBlack. Ex. A at ¶15. Moreover, before the Release, Plaintiff specifically told Saenz that Plaintiff no longer needed access to the zroblack.com website or email that Saenz had previously set up, as evidenced by the facts that: (1) the Release makes no reference to the same, and (2) ZroBlack no longer needed to market its technology in light of the Foreign Customer's rights to

said technology. *Id.* at ¶16; *see also* Release generally; PSA (ECF No. 35-8), at § 8 (granting exclusive right of first offer to Foreign Customer). When Plaintiff subsequently changed his mind, Saenz informed Plaintiff that he or ZroBlack could create a separate GoDaddy account and then request a transfer of the zroblack.com email and website to that account from Saenz's personal account. *Id.* Instead, Plaintiff insisted on Saenz turning over the entirety of his personal and pre-existing GoDaddy account, which contains information and credentials for domains wholly irrelevant to ZroBlack and Plaintiff. *Id*.

## **LEGAL STANDARD**

"Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). In order to obtain injunctive relief, including a temporary restraining order, a plaintiff must establish, among other factors: (1) a substantial likelihood that the plaintiff will prevail on the merits, and (2) a substantial threat that the plaintiff will suffer irreparable harm if the injunction is not granted. *Id.* "If the party requesting the injunction cannot show that factual disputes exist regarding the required elements, and cannot introduce evidence sufficient to justify granting the motion, a hearing on the requested injunctive relief is unnecessary." *Id.* (citing *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 546 (5th Cir. 2005)).

## **ARGUMENT**

A. **THE MOTION TO DISMISS SHOULD BE GRANTED AS TO PLAINTIFF'S COMPLAINT AND APPLICATION.**

Pursuant to Federal Rule of Civil Procedure 10(c), Saenz hereby incorporates by reference the arguments and premises set forth in the Motion to Dismiss (ECF No. 41) as if fully set forth herein and respectfully requests that Plaintiff's Application be dismissed with prejudice for the reasons stated

therein. Specifically, the alleged facts and underlying claims supporting the Application are subject to the Release, which did not reference or require Saenz to turn over the Computer, any domain credentials (email "servers" or websites), or any other information or data that is the subject of this Lawsuit. *See generally* Release. Alternatively, the Application should be dismissed because the alleged facts and underlying claims supporting the Application fail under Federal Rule of Civil Procedure 12(b)(6). *See Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (affirming denial of preliminary injunction based on dismissal of the underlying claims).

> B. **ADDITIONALLY, AND IN THE ALTERNATIVE, THE APPLICATION SHOULD BE DENIED BECAUSE PLAINTIFF IS NOT SUBSTANTIALLY LIKELY TO PREVAIL ON THE MERITS AND THERE IS NO SUBSTANTIAL THREAT OF IRREPARABLE HARM IF THE INJUNCTION IS NOT GRANTED.**

In the event the Court does not deny the Application based on Saenz's Motion to Dismiss, the Application should nevertheless be denied. As a threshold issue, Plaintiff asks the Court for injunctive relief in the form of seizure of Saenz's computer. Application at ¶153. Plaintiff, however, fails to show that an order pursuant to Federal Rule 65 would be inadequate. Plaintiff claims that Saenz could "easily copy" ZroBlack's alleged "trade secrets." *Id*. at ¶68. But if ease of copying were all that is required for civil seizure, then any electronic data of any kind would be subject to seizure. Plaintiff's conclusory allegations do not constitute "extraordinary circumstances" sufficient to warrant civil seizure. *Id*. at ¶68.

Further, the Court may not grant a temporary restraining order or civil seizure without a showing of irreparable harm. *Ctr. for Advancing Innovation, Inc. v. Bahreini*, No. GJH-18-1119, 2018 U.S. Dist. LEXIS 77214, at *13 (D. Md. May 4, 2018). Irreparable harm "must be 'neither remote nor speculative, but actual and imminent.'" *Id*. (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir.1991)). Plaintiff shows no imminent or actual harm that will result from failure to seize Saenz's Computer, nor does Plaintiff explain why the Court must

now seize the Computer that has been in Saenz's possession for over twenty months without any action by Plaintiff other than filing this lawsuit.

With regard to the allegations supporting a temporary injunction, the Application should be denied because Plaintiff is not likely—much less substantially likely—to prevail on the merits of his claims, and because there is no substantial risk of irreparable harm to Plaintiff if the Application is not granted. *Anderson*, 556 F.3d at 360. In particular, Plaintiff's claims are based on the false, unsupported premises that: (1) the Computer allegedly contains ZroBlack's proprietary software code, (2) ZroBlack is unable to do business without its domain credentials, including its former email "server" and webpage, and (3) Saenz will somehow use or otherwise disclose ZroBlack's purported "trade secrets." Appl. at ¶153. Each of these bases is without credible evidentiary support and is readily controverted, and the Application should be denied accordingly.

To begin, Plaintiff has not identified with particularity any trade secrets purportedly housed on the Computer in either the Complaint or the Application. Rather, Plaintiff makes vague and conclusory references to "proprietary code" on the Computer without: (1) defining or adequately describing the purported code, (2) explaining how or when the code ended up on the Computer, (3) explaining where the code is located or stored on the Computer or how it is being used, or (4) explaining what program(s) are required to use or run the code on the Computer. Appl. at ¶¶45, 81, 118. Thus, with regard to the Computer, Plaintiff offers nothing but conclusory allegations with no support whatsoever.

In reality, there is no code on the Computer capable of performing the functions described by Plaintiff. To be sure, the Computer was initially purchased by Saenz, who has consistently used it since then as his personal computer. Ex. A at ¶¶ 11, 12. There are no trade secrets of ZroBlack located thereon, nor have there ever been. *Id*. at ¶¶12, 13. Indeed, a third-party forensic analyst has

independently verified: (1) the Computer does not contain any proprietary code, hardware schematics or hardware drawings; (2) the Computer does not contain any non-factory-installed programming software; (3) the Computer does not contain any computer code, data or other trade secrets capable of performing ZroBlack's security services described in Plaintiff's Complaint and Application; and (4) there is no evidence or indication that any such code, data or other trade secrets have been deleted from the Computer. *See* Ex. B, at ¶¶ 2-6. In short, Saenz has no trade secrets of ZroBlack and, therefore, is not able (nor does he have the intent or desire) to disclose or otherwise use the same. The fact that Plaintiff cannot point to any particular use or disclosure of trade secrets or harm resulting therefrom is evidence in and of itself that there is no risk of imminent or irreparable harm to Plaintiff.

Additionally, Saenz does not have access to any email "server" as alleged by Plaintiff. Rather, prior to the time ZroBlack was formed, Saenz purchased Microsoft 365 Email Essentials from GoDaddy and added this email subscription to the zroblack.com domain under his existing GoDaddy account. Ex. A at ¶15. Thus, GoDaddy, not Saenz, acts as the host or "server" for any and all zroblack.com emails and website. *See id.* In any event, there is no evidence that the zroblack.com website or email subscription even belongs to ZroBlack, much less that ZroBlack has been or will be irreparably damaged without them. To the contrary, prior to the time that ZroBlack was formed, Saenz created the zroblack.com domain (as well as the zrodark.com domain) and added it to his existing GoDaddy account that contains other domains and websites that predate ZroBlack and are not related to ZroBlack. *Id.* at ¶15; *compare* Plaintiff's Ex. 41 (ECF No. 35-41), at p. 2 (establishing that the zroblack.com domain was registered on January 11, 2019) *with* Plaintiff's Ex. 2 (ECF No. 35-3) (establishing that ZroBlack was formed on January 14, 2019). Moreover, prior to the Release, Plaintiff specifically told Saenz that Plaintiff and ZroBlack no longer needed access to the

zroblack.com website or email because ZroBlack no longer needed to market its technology in light of the Foreign Customer's rights to the same. Ex. A at ¶16; PSA (ECF No. 35-8), at § 8 (granting exclusive right of first offer to Foreign Customer). When Plaintiff subsequently changed his mind, Saenz informed him that he or ZroBlack could create a separate GoDaddy account and then request a transfer of the zroblack.com email and website to that account from Saenz's personal account. Ex. A at ¶16. Instead, Plaintiff insisted on Saenz turning over the entirety of his personal and pre-existing GoDaddy account, which contains information wholly irrelevant to ZroBlack and Plaintiff. *Id*.

In reality, the suggestion that ZroBlack—a company that is purportedly world-class in computer programming and remote device access—is now wholly unable to do business without a simple website and email subscription after approximately eighteen months without them is a complete fabrication. Appl. at ¶67 (noting that Plaintiff and ZroBlack have since "repair[ed]" their relationship with their primary customer following their alleged inability to access the prior website and emails). There is no risk of irreparable harm to Plaintiff,[3] and to the extent Plaintiff has been or will be damaged in any way, Plaintiff's own allegations make clear that monetary damages would be a sufficient remedy. Appl. at ¶¶58, 120, 132, 136, 138 (alleging damages).

With regard to the alleged possession or use of "trade secrets," the only "trade secrets" that Plaintiff identifies in the Application are: (1) the software, hardware schematics, and hardware drawings allegedly on the Computer, and (2) username and password to access the GoDaddy account. Application at ¶¶81-82. As demonstrated above: (1) the Computer does not contain any

---

[3] Although the Application does not request any relief on this basis, Plaintiff alleges that Saenz's failure to release the GoDaddy account information prevented Plaintiff from updating certain information, such as a DUNS number, for bidding on government contracts. Appl. at ¶¶4, 57. Saenz incorporates by reference footnote 7 to the Motion to Dismiss (ECF No. 41) and Plaintiff's evidence cited therein, which establishes that Plaintiff could and should have taken the steps outlined therein to gain access to this information following Saenz's separation from ZroBlack.

proprietary code, hardware schematics or hardware drawings, and (2) there is no evidence that the zroblack.com website or email subscription even belong to ZroBlack, much less that ZroBlack has been or will be irreparably damaged without them. Likewise, Plaintiff does not identify with specificity any other "confidential information" that Plaintiff believes Saenz possesses and that supports Plaintiff's claims in this matter.

### C. IN THE ALTERNATIVE, CERTAIN SAFEGUARDS SHOULD BE IMPLEMENTED PRIOR TO SAENZ BEING ORDERED TO RELEASE THE COMPUTER OR OTHER INFORMATION REQUESTED.

Further in the alternative, and in the unlikely event that the Court determines that Plaintiff met his burden and is entitled to preliminary injunctive relief, then Saenz requests that the Court: (1) require a bond of $2,700 as Plaintiff suggests (Appl. at ¶152), and (2) place the following proper safeguards in place, as Saenz has suggested to Plaintiff, to protect the interests of Saenz and to ensure that all data is properly maintained pending a disposition on the merits:

1. For releasing the Computer, notwithstanding the fact that the Computer has always been Saenz's personal laptop: (A) Plaintiff be ordered to engage a forensic consultant who meets the approval of Saenz to log all files and applications on the Computer in the presence of counsel for Plaintiff and Saenz; (B) thereafter, Saenz be allowed to retrieve all of his personal information and files from the Computer and permanently delete such information and files from the Computer, including, but not limited to, personal photos and files and privileged or protected information, such as information subject to the attorney-client privilege and/or work-product doctrine; and (C) Plaintiff be ordered to preserve and not alter, add, use, or delete any files, programs, data, or information on the Computer during the pendency of this litigation.

2. For the zroblack.com website and email subscription: Because Plaintiff could easily obtain an account for himself or ZroBlack to transfer the zroblack.com website and emails, and because the GoDaddy.com account that hosts the domain is Saenz's pre-existing personal account with unrelated information, Plaintiff should only be allowed the credentials to the zroblack.com website and emails for transfer to another hosting account maintained by Plaintiff or ZroBlack and should not be allowed to access or use any other data or information associated with Saenz's personal GoDaddy.com account.

3. Regarding the use or possession of "trade secrets," Saenz is unable to comply with any other relief requested in the Application for lack of possession of any proprietary code, hardware schematics, or hardware drawings of ZroBlack. Additionally, regarding any other alleged "confidential information," Plaintiff has failed to describe with particularity the specific

information and data, show why it is a trade secret, and show why or how Saenz possesses and has used such information.

## CONCLUSION

WHEREFORE, Defendant John Saenz respectfully requests that the Court: (1) dismiss Plaintiff's Application for injunctive relief with prejudice, (2) deny Plaintiff's Application for injunctive relief in all respects; and (3) grant to Saenz such other and further relief, including recovery of attorneys' fees, to which he is entitled at law or in equity.

| Respectfully submitted this 4th day of February 2021. | By: | /s/ David A. Vanderhider |
|---|---|---|
| | | David A. Vanderhider |
| | | State Bar No. 24070787 |
| | | DVanderhider@dykema.com |
| | | Ryan J. Sullivan |
| | | State Bar No. 24102548 |
| | | RSullivan@dykema.com |
| | | DYKEMA GOSSETT PLLC |
| | | 112 East Pecan St., Suite 1800 |
| | | San Antonio, Texas 78205 |
| | | (210) 554-5500 – Telephone |
| | | (210) 226-8395 – Facsimile |
| | | |
| | | *Attorneys for John Saenz* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 4th day of February 2021, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By: s/ David A. Vanderhider