IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLARREAL, § | | |
| Individually and derivatively on behalf § | | CASE NO. 20-571-OG |
| Of ZROBLACK, LLC § | | |
| Plaintiffs, § | | |
| v. § | | |
| § | | |
| JOHN SAENZ, et al., § | | |
| Defendants. § | | |

## DEFENDANTS GUNN, LEE & CAVE, P.C.'S AND MIGUEL VILLARREAL, JR.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

Plaintiffs' Response [Dkt. No. 45] attempts to cast the pleading failures noted in Defendants' Motion to Dismiss [Dkt. 40] as factual issues that must be resolved in favor of Plaintiffs. On the contrary, taking all well-pleaded facts in the Amended Complaint [Dkt. No. 35] as true, and drawing all reasonable inferences in favor of Plaintiffs, the Court may dismiss Counts 6 and 7 of the Amended Complaint with prejudice because they are as not facially plausible claims.

**I.   PLAINTIFFS HAVE NOT STATED A FACIALLY PLAUSIBLE CLAIM FOR NEGLIGENCE.**

  *A. Contradictory facts, not disputed facts, support dismissal.*

1.  Contrary to Plaintiffs' assertion, the Gunn Lee Defendants' argument about lack of causation is not premised on disputed facts, but rather, on the *contradictory* facts contained in the Amended Complaint and the reasonable inferences drawn therefrom.

2.  Plaintiffs maintain the Gunn Lee Defendants failed to include provisions in the Release expressly requiring Saenz to return certain property, including without limitation, a laptop computer and intellectual property, to ZroBlack. Plaintiffs allege this caused them damage. *See* Response ¶ 12. Plaintiffs contend these allegations satisfy their pleading burden and urge the

Court to look no further. *See id.* But that would require the Court to ignore other well-pleaded facts of the Complaint. *See, e.g.*, Amended Complaint ¶¶ 86, 87, 89, 99, 100 & 104 (alleging that, on multiple occasions, Saenz refused to return the laptop and intellectual property).

3. The same analysis applies to Plaintiffs' assertions that Saenz did not return the $740,000 to ZroBlack, *i.e.*, because the Gunn Lee Defendants allegedly failed to include such a term in the Release. For the Court to conclude that the Gunn Lee Defendants were the proximate cause of Saenz' alleged refusal, it would have to ignore other parts of the Amended Complaint. *See* Amended Complaint ¶ 51-52 (alleging that prior to the execution of the Release, Saenz spent or invested most of the $740,000).

4. The Gunn Lee Defendants are not asking the Court to resolve disputed factual issues regarding the proximate cause of Plaintiffs' alleged injuries, but rather, to give weight to all the well-pleaded facts of the Amended Complaint. In doing so, even under the Rule 12(b)(6) standard favoring the Plaintiffs, one simply cannot draw a reasonable inference that Plaintiffs' alleged injuries were the result of a deficiently-drafted Release. The only reasonable inference to be drawn is that Saenz' independent alleged actions are the cause of any injury to Plaintiffs.

### B. Plaintiffs' case law does not support Plaintiffs' position.

5. Plaintiffs' reliance on *Baker v. Putnal*, *see* Response ¶ 13, is misplaced. In *Baker*, the District Court considered summary judgment evidence at the dismissal stage and converted the motion from one under Fed. R. Civ. P. 12 to one under Fed. R. Civ. P. 56, which was the court's prerogative. *See Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996). Similarly, the Defendant in *In re Seitel, Inc. Securities Litigation* raised factual matters outside the pleadings in support of a motion to dismiss. *See In re Seitel, Inc. Securities Litigation,* 447 F. Supp. 2d 693, 713 (S.D. Tex.

2006). The Gunn Lee Defendants are not raising factual allegations outside the pleadings.[1] Rather, they point to particular facts pleaded in the Amended Complaint that demonstrate the implausibility of Counts 6 and 7.

6. Plaintiffs misconstrue the import of the *Akin, Gump* case. *See* Response ¶ 15. The holding in that case applies here because it states a required element of Plaintiffs' professional negligence claim. Under the rule announced in *Akin, Gump*, a plaintiff asserting professional negligence against an attorney must prove a "case within a case" and show that the outcome of the prior engagement would have been different but for the alleged negligence of the attorney. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 112 (Tex. 2009). This element is in addition to the elements of a traditional negligence claim. The formulation of the necessary elements of a professional negligence claim articulated by the Texas Supreme Court is directly relevant to this Court's determination of whether Plaintiffs sufficiently pleaded all the necessary elements of their negligence claim.

### C. Plaintiffs' well-pleaded allegations support Saenz's alleged conduct was a superseding cause of any injury precluding a finding of liability of the Gunn Lee Defendants as a matter of law.

7. Plaintiffs have not sufficiently pleaded that Saenz would have agreed to return the $740,000 or the other property. Rather, the Amended Complaint is replete with allegations that, after signing the Release, Saenz refused to return the disputed property. *See, e.g.,* Response ¶¶ 16-17. Given Plaintiffs' several references to Saenz refusals, it is reasonable to infer Saenz would not have agreed to provisions in the Release requiring him to return this property.

---

[1] Plaintiffs also cite to *Mahone v. Addicks Util. Dist. of Harris Cty.*, 836 F.2d 921, 926 (5th Cir. 1988) for the proposition that disputed factual issues should not be resolved when adjudicating motions to dismiss. *See* Response ¶ 14. This general proposition is not contested, but it is not clear that the citation to *Mahone* supports this proposition. In any event, the Gunn Lee Defendants are not asking the Court to resolve factual disputes. They have shown that dismissal is appropriate because "the complaint itself shows a bar to relief …." *Id*. at 927. Plaintiffs' reliance on *Askanase v. Fatjo*, 828 F. Supp. 465, 469 (S.D. Tex. 1993), *see* Response ¶ 14, is similarly inapt. The general standards under Fed. R. Civ. P. 12(b)(6) are not disputed.

8. Plaintiffs further argue the Court would have to resolve factual issues to determine Saenz' alleged conduct was a superseding cause of any injury that, as a matter of law, precludes a finding of liability of the Gunn Lee Defendants. *See* Response ¶ 18. The Gunn Lee Defendants are not asking the Court to resolve a factual dispute, but rather to draw the reasonable inference from the facts pleaded in the Amended Complaint. As the Fifth Circuit noted, dismissal is appropriate where "the complaint itself shows a bar to relief …." *Mahone*, 836 F.2d at 927. Plaintiffs' arguments are premised on information or accusations not pleaded in the Amended Complaint.[2] In contrast, the facts alleged in the Amended Complaint demonstrate the superseding cause of any injury to Plaintiffs. Applying the Rule 12(b)(6) standards, the Court can conclude the Plaintiffs' own complaint demonstrates why relief is not available against the Gunn Lee Defendants.

### D. *Plaintiffs' well-pleaded allegations make clear the Release included the parties' agreed redistribution of future earning percentages and adequately addressed ZroBlack's property.*

9. Plaintiffs misconstrue the Gunn Lee Defendants' argument regarding the effect of Plaintiffs' failure to plead return of the $740,000 or other property as an issue to be resolved by the Release. The Gunn Lee Defendants do not imply that it was Plaintiffs' duty to raise all potential issues. However, the Amended Complaint states that in April 2019—months prior to the execution of the Release—Plaintiff J. Villarreal informed Defendant M. Villarreal the two members of ZroBlack (*i.e.*, J. Villarreal and Saenz) agreed to split the upfront payment from the Foreign Customer and treat it as salary for 2019. *See* Amended Complaint ¶ 35. There are no well-pleaded allegations in the Amended Complaint from April to August of 2019 Plaintiffs informed the Gunn

---

[2] Plaintiffs rely on factual allegations and "evidence" outside the Amended Complaint or any documents that can be construed as part of the Amended Complaint. *See, e.g.,* Response ¶¶ 18-22. To the extent Plaintiffs rely on anything outside of the Amended Complaint, documents that can be construed as part of the Amended Complaint, or reasonable inferences drawn therefrom, their arguments should be disregarded.

Lee Defendants of any dispute regarding the split of that upfront payment or any demand that Saenz return it. Given the absence of any such allegations, one cannot reasonably infer the Gunn Lee Defendants had a duty to unilaterally insert a term requiring Saenz to return the money.[3]

10. In fact, Plaintiffs make allegations to the contrary. The Release included the agreed-upon redistribution of potential future earnings percentages as between J. Villarreal and Saenz, with the majority of the potential future earnings allocated to J. Villarreal. Dkt. No. 40, Exhibit D at 2 (heading entitled "**Compensation**") (providing the parties would split Earn-Out Obligation payments "with . . . (12.5%) going to J. Villarreal and . . . (2%) going to Saenz")); *see also* Amended Complaint ¶72 (describing the split of the Earn-Out Obligation payments memorialized in the Release). As set forth in the Amended Complaint, ***a month and a half after signing*** the Release, J. Villarreal acknowledged Saenz received $740,000 and did not demand its return:

> "[Saenz] got $750,000 cash, . . . there has to be a way for me to [1] stop this madness, [2] get him to give up the 2%, [3] get my company website, [4] my company documents, and [5] my company computer."

Amended Complaint, ¶ 97. This email is consistent with other allegations in the Amended Complaint that (a) J. Villarreal and Saenz split the up-front payment and treated it as salary for 2019 and (b) the issues regarding other property of ZroBlack arose *after* the Release was executed.

11. Concerning the other property, if the well-pleaded facts of the Amended Complaint are taken as true, then the return of ZroBlack's property was adequately addressed in the Release drafted by the Gunn Lee Defendants. For example, the Amended Complaint pleads Saenz assigned all his interest in ZroBlack and its property to J. Villarreal. *See* Amended Complaint ¶ 181; *see*

---

[3] Moreover, as discussed in Defendants' motion to dismiss, the reasonable inference drawn from the allegations in the Amended Complaint support the conclusion Saenz would not have agreed to such a term or could not have complied with such a term.

*also* Unanimous Written Consent in Lieu of Meeting of the Members of ZroBlack, LLC, Plaintiffs' Exhibit 16 (Dkt. 35-17) (the "**Consent**") (Saenz assigned all his interests in ZroBlack to J. Villarreal). Plaintiffs further pleaded the Release and Consent required Saenz to return all ZroBlack property that was then in his possession and Saenz' alleged refusal to do so constitutes a breach of the Release. *See* Amended Complaint ¶ 181. Thus, by Plaintiffs' own admission, the Release addressed the issues about which Plaintiffs now complain.

12. Plaintiffs maintain the Release should have been more specific, but there are no well-pleaded factual allegations that plainly state or give rise to an inference that the Gunn Lee Defendants knew or should have known the return of the other property was in dispute at the time the Release was drafted or that it would come into dispute.

## II. PLAINTIFFS' BREACH OF FIDUCIARY DUTY CLAIM IS BARRED UNDER TEXAS LAW.

13. Plaintiffs acknowledge the anti-fracturing rule barring plaintiffs from bring claims for breach of fiduciary that are, in fact, professional negligence claims. The facts pleaded in the Amended Complaint do not fall within any exception to the anti-fracturing rule.

> ***A. Plaintiffs do not allege any well-pleaded facts supporting either a pre-existing or continuing relationship between the Gunn Lee Defendants and Saenz. Plaintiffs' own exhibits supporting no pre-existing or continuing relationship directly contradict any conclusory allegations to the contrary.***

14. Plaintiffs rely on their allegations Saenz and M. Villarreal had a "pre-existing" relationship that was "so close" the Gunn Lee Defendants were discounting their fees charged to Saenz, but not offering J. Villarreal the same discount. *See* Response ¶ 30 (citing Amended Complaint ¶ 109). The referenced allegations are false, and moreover, not well-pleaded and, therefore, are not entitled to deference from the Court. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). J. Villarreal's affidavit (Dkt. 35-1) purports to testify to these allegations, but it contains no basis for his personal knowledge of the purported relationship or the purported

discounted fees. J. Villarreal alleges M. Villarreal failed to disclose the supposed relationship with Saenz, but does not explain how J. Villarreal later learned of it. *See* Dkt. 35-1. J. Villarreal's affidavit is self-serving and conclusory. In fact, there is no support for these allegations in either the Amended Complaint or any of the forty-one exhibits attached thereto because they are false.

15. Plaintiffs' Exhibit 24 (Dkt. 35-25) directly contradicts the allegation that the Gunn Lee Defendants were cutting a deal to Saenz but not J. Villarreal. In that exhibit, which was an email to both J. Villarreal and Saenz, M. Villarreal notes that he is attaching an invoice for services and thanks both of them "in advance" for "prompt payment." *See* Dkt. 35-25 at 2. The client number on the invoice was G-12356. *See id.* Curiously, J. Villarreal did not include the attached invoice as an exhibit, but the body of the email references a single invoice—"our invoice no. 60047"—was sent, not separate invoices to J. Villarreal and Saenz. Further, Exhibit 26 to the Amended Complaint contains three different invoices, all containing the same client number G-12356. *See* Dkt. 35-27. Those invoices are not addressed to either J. Villarreal or Saenz, but rather, to ZroBlack LLC, and include charges related to drafting the Release and its related documents. *See id.* (for example, multiple time entries on 8/5/2019 for reviewing and revising Release and Resolution documents, time entry on 8/19/2019 for reviewing the Release and making changes per clients' request). Thus, the Amended Complaint and its exhibits indicate only that the Gunn Lee Defendants invoiced *ZroBlack* for services, not the individual members, and any discount given would have been to ZroBlack, not J. Villarreal or Saenz individually.

16. J. Villarreal's contentions that there was a pre-existing relationship between the Gunn Lee Defendants and Saenz are not only baseless and conclusory, but also contradicted by Plaintiffs' own Amended Complaint and its exhibits. The allegations are, therefore, not entitled

to any deference under Fed. R. Civ. P. 12(b)(6).  Instead, the Court may rely on the evidence shown in the invoices submitted by Plaintiffs themselves.

17. Even if the Court accepted as true the allegations that the Gunn Lee Defendants discounted fees charged to Saenz – which it should not – such an allegation would not implicate the "quality of billing practices" that permits a separate breach of fiduciary duty claim under *Akin, Gump*.  In that case, the Fourth Court of Appeals reversed a summary judgment ruling in favor of Akin Gump, holding that the law firm's failure to tender a claim to its client's insurer was a "deceptive practice" rather than a merely negligent one, where the client contended Akin Gump failed to tender the claim because it wanted to maintain a lucrative hourly billing arrangement. *Akin, Gump*, 391 S.W.3d at 238.  The firm's self-interest and the benefit derived from failing to tender the claim were evident – the client continued to retain the firm on an hourly basis.  Here, Plaintiffs have only a conclusory allegation the Gunn Lee Defendants had a nebulous desire to "preserv[e] their relationship with Saenz." *See* Response ¶ 30.  Again, there are no well-pleaded allegations supporting the contention that the Gunn Lee defendants had or have a relationship with Saenz and any such allegation is simply false.  In any case, the alleged conduct is not of the kind alleged against Akin Gump and does not demonstrate that the breach of fiduciary duty claim is independently viable.

### B. *Plaintiffs do not allege any well-pleaded facts supporting an exception to the anti-fracturing rule.*

18. Similarly, Plaintiffs' allegations – even if they are taken as true, which they should not be – do not rise to the level of fraudulent billing practices that can provide a basis for a separate breach of fiduciary duty claim.  Plaintiffs contend the Gunn Lee Defendants breached their fiduciary duties to each of their clients – Saenz, J. Villarreal, and ZroBlack.  Plaintiffs rely on *Sullivan v. Bickel & Brewer* for the proposition that allegations of fraudulent billing can create an

exception to the anti-fracturing rule. *See* Response ¶ 31. In that case, the plaintiff alleged the firm (a) "charged fees in the cases in excess of the amount agreed upon", (b) "charged excessive time on matters", (c) "billed for work that was unnecessary or which was never performed", (d) improperly billed for expenses, and (e) "took a posture in their representation which caused the duration and scope of litigation to be increased drastically and thereby increased the cost of legal fees and expenses." *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 481–82 (Tex. App.—Dallas 1995, writ denied). Plaintiffs do not make allegations of "billing fraud" as described in *Sullivan*, and thus, their reliance is misplaced. Plaintiffs fail to cite to any authority holding that offering discounts to one client in a joint representation but not another is "billing fraud" that constitutes an exception to the anti-fracturing rule.

19.     Plaintiffs further allege M. Villarreal improperly used "client confidences," *e.g.*, J. Villarreal's mental health issues, and improperly pressured J. Villarreal to settle for the sake of family harmony. *See* Response ¶ 33. Even assuming M. Villarreal explained to J. Villarreal the benefits of settling could include resolving intra-family tension and providing relief for J. Villarreal's mental health struggles, there is no Texas case law indicating such conduct is an "improper use of client confidences." Indeed, it appears Texas courts have not opined on what constitutes an "improper use of client confidences" for purposes of creating an exception to the anti-fracturing rule.

20.     In contrast, Texas Courts have clearly held a breach of fiduciary duty claim separate and distinct from a professional negligence claim is permissible only when "an attorney obtained an improper benefit from representing a client." *O'Donnell*, 234 S.W.3d at 146. The Amended Complaint does not sufficiently plead any improper benefit the Gunn Lee Defendants obtained in the representation at issue. Plaintiffs' argument of "improper benefit" is premised solely on the

untrue and unsubstantiated allegation the Gunn Lee Defendants acted to preserve a business relationship with Saenz. As discussed above, Plaintiffs' theory is directly contradicted by the evidence attached to the Amended Complaint.

21. Plaintiffs further contend the Gunn Lee Defendants committed fraud by failing to disclose a pre-existing relationship with Saenz and failing to disclose the potential conflict of interest. The allegation of a pre-existing relationship with Saenz is not well-pleaded and does not need to be accepted as true by the Court. The only support for such an allegation is J. Villarreal's conclusory affidavit (Dkt. 35-1), which provides no basis for his supposed knowledge of such a relationship. There are no well-pleaded allegations in the Amended Complaint from which the Court could infer the Gunn Lee Defendants had a pre-existing relationship with Saenz.

22. Additionally, Plaintiffs' reliance on the *Deutsch* opinion is misplaced. There, the appellate court reversed a directed verdict in favor of the law firm because, after the close of evidence, there was at least some evidence that supported a separate breach of fiduciary claim based on the firm's alleged failure to advise its clients of potential conflicts of interest. *See Deutsch v. Hoover, Bax & Slovacek, L.L.P,* 97 S.W.3d 179, 190 (Tex. App.—Houston [14th Dist.] 2002, no pet.). In contrast, Plaintiffs here cannot plausibly plead that potential conflicts were not disclosed to them and that they were not advised they could retain separate counsel. *See* Waiver of Conflict, Dkt. 11, Exhibit C.

23. Plaintiffs' argument related to the alleged violation of Texas Rule of Professional Conduct 1.07 is also premised on the alleged pre-existing relationship with Saenz and false allegations the Gunn Lee Defendants favored Saenz over J. Villarreal in billing matters. Because the underlying factual matters are not adequately pleaded, these arguments fail as well.

### III. FURTHER LEAVE TO AMEND SHOULD BE DENIED.

24. Plaintiffs offer to amend their complaint yet again. However, as the Court is aware, Defendants previously moved to dismiss Plaintiffs' original complaint and in a hearing held October 14, 2020, the Court granted Plaintiffs leave to amend. Three months later, Plaintiffs filed their Amended Complaint which did not address several of the deficiencies in the original complaint, despite having a roadmap of the deficiencies from Defendants' first motion to dismiss [Dkt. No. 11] and plenty of time to do so. The claims against the Gunn Lee Defendants in the Amended Complaint and the Original Complaint are substantially similar. Plaintiffs are not entitled to endless chances to sufficiently plead the factual allegations to support their claims. Plaintiffs already had an opportunity to amend. The Amended Complaint did not cure the deficiencies. The Gunn Lee Defendants respectfully submit the Court should decline Plaintiffs additional leave to further amend.

WHEREFORE, PREMISES CONSIDERED, the Gunn Lee Defendants respectfully pray that the Court enter an order dismissing Count 6 and Count 7 with prejudice, order Plaintiffs take nothing from the Gunn Lee Defendants, and grant Gunn Lee Defendants such other relief to which they are entitled at law or in equity.

Dated March 11, 2021

Respectfully submitted,

/s/ *Natalie F. Wilson*
**LANGLEY & BANACK, INCORPORATED**
745 E. Mulberry, Suite 700
San Antonio, Texas 78212
(210) 736-6600 Telephone
(210) 735-6889 Telecopier
Email: nwilson@langleybanack.com

GEORGE H. SPENCER, JR.
State Bar No. 18921001

>NATALIE F. WILSON
>State Bar No. 24067769
>
>COUNSEL TO MIGUEL VILLARREAL, JR., and GUNN, LEE & CAVE, PC

CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2021, a true and correct copy of the above and foregoing instrument was served via the Court's electronic transmission facilities and via electronic on:

| Steven A. Costello<br>scostello@vethanlaw.com<br>Joseph L. Lanza<br>jlanza@vethanlaw.com<br>Charles M.R. Vethan<br>cvethan@vethanlaw.com<br><br>VETHAN LAW FIRM<br>11459 Huebner Road, Suite 101<br>San Antonio, TX 78230<br>210-824-2220<br>Fax: 713-526-2230<br><br>Counsel to Plaintiffs | David A. Vanderhider<br>dvanderhider@dykema.com<br>Ryan J. Sullivan<br>Rsullivan@dykema.com<br><br><br><br>DYKEMA COX SMITH<br>112 E. Pecan Street - Suite 1800<br>San Antonio, TX 78205<br>210-554-5484<br>Fax: 210-226-8395<br><br>Counsel to Defendant John Saenz |

>/s/ *Natalie F. Wilson*
>NATALIE F. WILSON