# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C.; Defendants. | § § § § | |

**DEFENDANT JOHN SAENZ'S SUR-REPLY IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO PLAINTIFF'S FIRST AMENDED APPLICATION FOR SEIZURE, TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTIVE RELIEF**

Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Sur-Reply in Support of his Response in Opposition to Plaintiff's First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief. In support thereof, Saenz states as follows.

**I.   PLAINTIFF ALLEGES THAT HE—NOT SAENZ—UPLOADED THE PROPRIETARY CODE TO EVERNOTE.**

In his Reply, Plaintiff alleges for the first time that the proprietary code at issue is "stored in text files in the application Evernote, a cross-platform note taking application." Reply at ¶ 4 (ECF No. 44) (footnote omitted). Plaintiff alleges further that he—not Saenz—"remotely accessed [Saenz's] computer and uploaded the text files containing ZroBlack's proprietary code to the Evernote application." *Id*. at ¶ 5. Thus, Plaintiff claims, "[t]he reason that Defendant Saenz's expert has not been able to find the proprietary code is because the numbers and letters that make up the

code are saved in text files in the application Evernote." Unsworn Decl. of Jonathan Villareal at ¶ 8 (ECF No. 44-4).[1]

## II.   DATA UPLOADED TO EVERNOTE RESIDES IN WEB-BASED CLOUD STORAGE, NOT ON SAENZ'S LAPTOP.

Evernote is a web-based application. *See* April 5, 2021 Aff. of Steven S. Broderhausen at ¶ 4, attached as Exhibit 1. When a user uploads data to Evernote, the data is stored in a web-based storage cloud. *Id*. The user may then access the uploaded data from a device (*e.g.*, smart phone, tablet, laptop) by running the Evernote application and logging in to the user's Evernote account. *Id*. The data is not stored on the device on which the Evernote application runs. *Id*. A user may access uploaded data and copy it to a personal device, but simply accessing the data through Evernote does not copy the data to the user's device. *Id*.

## III.   THE ALLEGEDLY PROPRIETARY CODE DOES NOT RESIDE ON SAENZ'S LAPTOP.

Even if Plaintiff's allegations are true—that he remotely accessed the laptop and uploaded the alleged proprietary code to the Evernote application—there is no evidence that the allegedly proprietary code was copied from Evernote to the laptop itself. Indeed, "the numbers and letters that make up the code are saved in text files *in the application Evernote*," Unsworn Decl. of Jonathan Villareal at ¶ 8 (emphasis added), but not on the laptop itself. *See* February 4, 2021 Aff. of Steven S. Broderhausen (ECF No. 42-2) at ¶¶ 5–6; *see also* Ex. 1 at ¶¶ 5–8.

---

[1] Saenz objects to Plaintiff's Unsworn Declaration on the basis that it is factually inconsistent on its face. Compare Decl. at ¶ 9 (stating laptop at issue was purchased May 2, 2020) with Decl. at ¶ 14 (alleging laptop was in Finland on May 7, 2019, a year prior). Therefore, Plaintiff's Unsworn Declaration is insufficient to support his allegations. *See Freeman v. City of Fort Worth*, No. 4:10-CV-888-Y, 2011 U.S. Dist. LEXIS 72963, at *11 (N.D. Tex. July 7, 2011) (finding "self-contradictory" affidavit was "insufficient to create a dispute of fact as to any material issues") (citing *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984)).

Saenz's laptop does not contain any proprietary code, nor does it contain any computer code, data, or other trade secrets capable of performing ZroBlack's security services. February 4, 2021 Aff. of Steven S. Broderhausen at ¶ 6.; Ex. 1 at ¶ 8. The laptop does not contain any of the files identified at paragraphs 9, 10, and 17 of Plaintiff's Unsworn Declaration. Ex. 1 at ¶ 5.

Because there is no evidence that the proprietary code was copied from Evernote to the laptop—only evidence that the laptop has no such code—Saenz respectfully requests that the Court deny Plaintiff's First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief.

Respectfully submitted this 6th day of April 2021.

By: */s/ Ryan J. Sullivan*
David A. Vanderhider
State Bar No. 24070787
DVanderhider@dykema.com
Ryan J. Sullivan
State Bar No. 24102548
RSullivan@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

*Attorneys for John Saenz*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 6th day of April 2020, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By: */s/ Ryan J. Sullivan*
Ryan J. Sullivan

Case 5:20-cv-00571-OLG   Document 53-1   Filed 04/06/21   Page 6 of 9

# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC,<br>    Plaintiff,<br><br>v.<br><br>JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C.;<br>    Defendants. | §§§§§§§§§§§§ | No. 5:20-CV-00571-OG |

## AFFIDAVIT OF STEVEN S. BRODERHAUSEN

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF BEXAR | § |

BEFORE ME, the undersigned authority, on this day personally appeared STEVEN S. BRODERHAUSEN, who, being by me duly sworn, deposed and testified as follows:

1. "My name is Steven S. Broderhausen. I am over eighteen years old, I am of sound mind and am fully competent and capable of making this Affidavit. I have never been convicted of a felony or other offense involving moral turpitude. The facts stated within this affidavit are within my personal knowledge and are true and correct.

2. I am the President and Lead Examiner for Exhibit A Computer Forensics, LLC ("Exhibit A"). In this role, I oversee and manage all aspects of Exhibit A's business, which includes computer forensics investigations, mobile forensics investigations, expert witness testimony, data recovery services, and digital forensics consulting. I personally have over thirty (30) years of experience in software and computer technology, more than half of which has included forensics investigations. I am a Certified Computer Forensic Examiner and hold a Bachelor of Science degree in Computer Science. I also have experience in, and am familiar with, software development and code writing.

3. In my role with Exhibit A, I was retained by counsel for John Saenz, a defendant in Cause No. 5:20-CV-00571-OG; *Villarreal v. Saenz, et al.* pending before the United States District Court, Western District of Texas, San Antonio Division (the "Lawsuit"), to perform a forensic analysis of the

subject laptop computer (a 15-inch Apple MacBook Pro) referenced in Plaintiff Jonathan Villarreal's First Amended Verified Complaint and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "Computer"). The Computer is a 15-inch Apple MacBook Pro identified as part number MR94LL/a, serial number C02YF1Y9JG5J. I am personally familiar with the facts and circumstances surrounding Exhibit A's forensic analysis of the Computer and its associated findings and conclusions. I also received and reviewed a copy of Plaintiff Jonathan Villarreal's Reply to Defendant Saenz's Response in Opposition to Plaintiff's First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief ("Reply"), including the Unsworn Declaration of Jonathan Villareal attached thereto.

4. I am familiar with and have used Evernote, the application discussed in the Reply and the Unsworn Declaration. Evernote offers web-based data storage accessed with an individual user account. When a user uploads data to Evernote, the data is stored online in cloud-based storage. An Evernote user may access uploaded data from a mobile device or laptop by running the Evernote application and logging in to an Evernote account. The data is not stored on the device on which the Evernote application runs. A user may access uploaded data and copy it to a device, but simply accessing the data through Evernote does not copy the data to the user's device.

5. Since my prior affidavit, dated February 4, 2021, I personally re-examined the Computer. None of the six files identified in the Unsworn Declaration at paragraphs 9, 10, and 17 are present on the Computer.

6. The Computer contains no database files for Evernote.

7. The Computer contains no local files for Evernote.

8. As I stated in my prior affidavit, dated February 4, 2021, Exhibit A's forensic investigation and analysis of the Computer, my personal involvement in and familiarity with the same, and my industry knowledge, education, training and experience have led me to conclude that (1) the Computer does not contain any proprietary code, hardware schematics or hardware drawings; (2) the Computer does not contain any non-factory-installed programming software; and (3) the Computer does not contain any computer code, data or other trade secrets capable of performing ZroBlack's security services described in Plaintiff's First Amended Complaint and Application, including, without limitation, any computer code, data or other trade secrets capable of accessing an electronic device for the purpose of wiping its data, copying data, or recovering deleted data.

FURTHER AFFIANT SAYETH NOT.

[signature]
Steven S. Broderhausen

SWORN TO AND SUBSCRIBED before me on the 5th day of April 2021.

[signature]
Notary Public, State of Texas

ROBERT SANCHEZ
Notary Public
STATE OF TEXAS
My Comm. Exp. 02-07-25
Notary ID # 12518093-5