UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C., Defendants. | § § § § | |

### DEFENDANT JOHN SAENZ'S WRITTEN OBJECTIONS TO
### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE CHIEF UNITED STATES DISTRICT JUDGE ORLANDO GARCIA:

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), Defendant John Saenz ("Saenz") files his Written Objections to the Report and Recommendation of United States Magistrate Judge, Dkt. No. 59, and in support thereof, shows as follows.

### BACKGROUND

The present dispute arises out of a business, ZroBlack, LLC ("ZroBlack"), that was jointly founded by Saenz and Plaintiff Jonathan Villareal ("Villareal"). Compl., Dkt. No. 35, at ¶¶20–23. Saenz and Villareal were the only two members of ZroBlack, each owning fifty percent. *Id*. at ¶22. After successfully securing a large contract, Saenz and Villareal began to disagree regarding ZroBlack. *Id*. at ¶¶19, 20, 29–31, 43. To resolve their disagreements, Saenz, Villareal, and ZroBlack entered into a written release ("Release"). *Id*. at ¶72–75, 82; Release, Dkt. No. 35-16.

Pursuant to the Release, Saenz, Villareal, and ZroBlack fully released each other "from all claims and demands, known or unknown." Release, Dkt. No. 35-16, at § 7. Saenz and Villareal also signed a Unanimous Written Consent, pursuant to which Saenz "assign[ed] his entire interest in ZroBlack LLC to Jonathan Villarreal pursuant to Article VII of the 'Limited Liability Company

Operating Agreement for ZroBlack LLC' dated January 14, 2019 and applicable laws." Unanimous Written Consent, Dkt. No. 35-17; *see also* Decl. of J. Villareal, Dkt. No. 35-2, at ¶36.

Several months after signing the Release and Unanimous Written Consent, Plaintiffs filed this lawsuit against Saenz, alleging nine causes of action: (1) misappropriation of trade secrets, (2) violation of the Computer Fraud and Abuse Act ("CFAA"), (3) violation of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), (4) breach of the Release, (5) breach of fiduciary duties, (6) tortious interference with prospective relations, (7) conversion, (8) theft under the Texas Theft Liability Act ("TTLA"), and (9) fraud. Compl., Dkt. No. 35, at ¶¶137–99, 232–62.

On February 4, 2021, Saenz filed his Motion to Dismiss all causes of action against him. Mot. to Dismiss, Dkt. No. 41. Saenz also moved for recovery of his attorneys' fees and costs pursuant to the provisions of the TTLA and the Release. *Id.* at 30; *see also* TEX. CIV. PRAC. & REM. CODE § 134.005(b) ("Each person who prevails in a suit under [the TTLA] shall be awarded court costs and reasonable and necessary attorney's fees."); Release, Dkt. No. 35-16, at § 11 ("In any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover reasonable costs and attorneys' fees.").

On April 13, 2021, the parties argued Saenz's Motion to Dismiss before United States Magistrate Judge Richard B. Farrer. Dkt. No. 55. On May 18, 2021, Judge Farrer issued a Report and Recommendation of United States Magistrate Judge (the "Report"). Dkt. No. 59. The Report recommends dismissal of the vast majority of Plaintiffs' claims against Saenz:

> Plaintiffs' claims against Saenz for violations of the DTSA and TUTSA, breach of fiduciary—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO—conversion, fraud, breach of contract, tortious interference, violations of the Texas Theft Liability Act, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA are premised on Saenz's refusal to return ZroBlack's laptop—and request for declaratory relief should be **DISMISSED**.

*Id*. at 2 (emphasis in original). However, the Report also recommends that "Plaintiffs' claims for breach of fiduciary duty and for violations of the CFAA and ACPA—in so far as these claims are premised on Saenz's alleged conduct after the parties executed the Release—should remain at issue, at least at this juncture." *Id.*

For the reasons discussed further below, Saenz respectfully objects to the portions of the Report that relate to Plaintiffs' claims for breach of fiduciary duty and violations of the ACPA. Saenz also objects to the Report to the extent that it is silent on Saenz's request for attorneys' fees. Saenz's specific objections are as follows:

1. In recommending that Plaintiffs' claim for breach of fiduciary duty survive dismissal (in part) at this juncture, the Report relies on Texas Business Organization Code § 101.107 to find that a member of a limited liability company may not withdraw. Thus, the Report concludes that Saenz did not relinquish his fiduciary duties to ZroBlack when he assigned his interests. However, the Report does not address Texas Business Organization Code § 101.205, which explicitly recognizes "a member's right to withdraw from the company" pursuant to a written agreement. When Saenz assigned his interest in ZroBlack to Villareal by executing the Unanimous Written Consent, he effectively withdrew from ZroBlack pursuant to ZroBlack's Operating Agreement. Therefore, Saenz no longer owed a fiduciary duty to ZroBlack, and Plaintiffs' claim for breach of fiduciary duty should be dismissed.

2. In recommending that Plaintiffs' ACPA claim survive dismissal (in part) at this juncture, the Report does not consider that Plaintiffs did not allege any facts demonstrating that Saenz used the ZroBlack domain with an intent to profit from it. Therefore, Plaintiffs failed to allege an essential element of their ACPA claim and dismissal is warranted. Additionally, even if Plaintiffs had pleaded facts demonstrating that Saenz used the ZroBlack domain with an intent to profit from it, Plaintiffs' ACPA claim still fails because Plaintiffs' own allegations contradict this claim.

3. The Report recommends that Saenz prevail on Plaintiffs' TTLA claim and breach of contract claim. Additionally, the Report recommends dismissal of the following claims because they "are barred by the Release": DTSA and TUTSA, breach of fiduciary duty—to the extent such claim is predicated on Saenz's conduct as ZroBlack's CEO—conversion, fraud, breach of the Company Agreement, and violations of the Texas Theft Liability Act, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return the laptop—and for declaratory relief. However, the Report does not address Saenz's request for attorneys' fees pursuant to the TTLA and the clear language of the Release. Saenz respectfully requests that the Court modify the Report to award Saenz his attorneys' fees and costs, in an amount to be

determined as the Court may direct, pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b) and Section 11 of the Release.

## LEGAL STANDARD

Parties objecting to a report and recommendation related to a dispositive motion may file specific written objections within 14 days of such recommendation. *See* FED. R. CIV. P. 72(b)(2). If timely objections are filed, the District Judge must conduct a de novo review of the matters to which the objections were filed, and, following such review, the district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

## OBJECTIONS AND ARGUMENTS

Saenz respectfully submits that the Court should: (1) reject the Report's findings, conclusions, and recommendations that deny Saenz's Motion to Dismiss as to Plaintiffs' claims for breach of fiduciary duty and violations of the ACPA, and (2) modify the Report to award Saenz his attorneys' fees pursuant to the TTLA and the Release.

**I.** **Plaintiffs' claim for breach of fiduciary duty should be dismissed because Saenz owed no fiduciary duties to ZroBlack once he effectively withdrew pursuant to the ZroBlack Operating Agreement.**

Though the Report recommends that Saenz's Motion to Dismiss be granted as to Plaintiffs' claim for "breach of fiduciary—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO," the Report also recommends that Saenz's Motion to Dismiss be denied as to this claim "in so far as the[] claim[] [is] premised on Saenz's alleged conduct after the parties executed the Release." Dkt. No. 59 at 2. The Report's reasoning relies on Texas Business Organization Code § 101.107, which states that a "member of a limited liability company may not withdraw or be expelled from the company." Dkt. No. 59 at 14–15.

Page **4**

The Report, however, does not address § 101.205, which explicitly recognizes a "member's right to withdraw from the company" pursuant to a written agreement. TEX. BUS. ORGS. CODE § 101.205. Thus, when both provisions are read together, the Texas Business Organizations Code expressly permits a member of a limited liability company to withdraw when permitted to do so by contract. *Kennebrew v. Harris*, 425 S.W.3d 588, 598 n.2 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

When Saenz assigned his interest in ZroBlack to Villareal by executing the Unanimous Written Consent, he effectively withdrew from ZroBlack pursuant to the written Operating Agreement. *See* Dkt. No. 35-17 ("RESOLVED, that John Saenz hereby assigns his entire interest in ZroBlack LLC to Jonathan Villarreal pursuant to Article VII of the 'Limited Liability Company Operating Agreement for ZroBlack LLC' dated January 14, 2019 and applicable laws."); *see also* Operating Agreement, Dkt. No. 35-4, at § 7.1–7.3 (permitting a member of ZroBlack "to sell, assign, or otherwise dispose of all or part of his or her interest in the Company" and referring to such member as an "exiting member"); Compl., Dkt. No. 35, at ¶¶177, 193, 195 (alleging that Saenz was "removed from" ZroBlack, that Saenz "may not hold himself out as being affiliated with ZroBlack," and that Saenz "departed [ZroBlack]"); Decl. of J. Villareal, Dkt. No. 35-2, at ¶38 (noting "the deal for Saenz[] to exit ZroBlack was struck").

Therefore, after signing the Unanimous Written Consent, Saenz no longer owed a fiduciary duty to ZroBlack. *See Kilpatrick v. Kilpatrick*, No. 02-12-00206-CV, 2013 Tex. App. LEXIS 9189, *11, 16 (Tex. App.—Fort Worth July 25, 2013, pet. denied) (confirming that partners owe no fiduciary duties to one another after their relationship ends, aside from duties related to winding up the partnership).

For these reasons, the Court should reject the Report's findings, conclusions, and recommendations that deny Saenz's Motion to Dismiss as to Plaintiffs' claim for breach of fiduciary duty.

## II. Plaintiffs' claim for ACPA violations should be dismissed because Plaintiffs failed to allege that Saenz trafficked in or used the ZroBlack domain name.

The Report recommends denial of Saenz's Motion to Dismiss Plaintiffs' ACPA claim to the extent the claim is based "on Saenz's alleged conduct after the parties executed the Release." Dkt. No. 59 at 2. Under the ACPA, the plaintiff must show that the defendant registered, trafficked in, or used the domain name at issue. *See id*. at 17 (citing 15 U.S.C. § 1125(d)(1)(A)).

As to *registering*, the Report correctly notes that it is "undisputed that Saenz didn't possess the requisite bad faith when he registered the domain name." *Id*. at 18. The Report further explains that re-registering a domain name is not actionable. *Id*. (citing *GoPets Ltd. v. Hise*, 657 F.3d 1024, 1031 (9th Cir. 2011)).

As to *trafficking*, the Report again correctly notes that "there's no allegation here that Saenz 'trafficked' the domain name as that term is defined by the ACPA." *Id*. (citing 15 U.S.C. § 1125(d)(1)(E)).

As to *use*, the Report first notes that "Plaintiffs' allegation that Saenz has 'taken the website down,' Amend. Compl. 93, suggests that Saenz may not be 'using' the mark." *Id*.[1] However, the Report then finds that "there isn't a sufficient basis to dismiss Plaintiffs' ACPA claim at this juncture" because "the ACPA doesn't define the term 'use' and Saenz hasn't briefed the issue."

---

[1] Indeed, Saenz made the same argument in his Motion to Dismiss. Dkt. No. 41 at 19 ("In fact, Plaintiff's allegations that Saenz has 'taken the website down,' 'deleted the email server,' and allegedly destroyed documents completely undercuts Plaintiff's ACPA claim that Saenz used ZroBlack's domain with an intent to profit from it.").

Page **6**

*Id*. Respectfully, it is Plaintiffs' burden to plead facts sufficient to demonstrate that Saenz registered, trafficked in, or used the ZroBlack domain. *See* 15 U.S.C. § 1125(d)(1)(A)(ii); FED. R. CIV. P. 12(b)(6); FED. R. CIV. P. 8. As demonstrated in the Motion to Dismiss, Dkt. No. 41 at 18-19, Plaintiffs failed to plead any facts demonstrating that Saenz used ZroBlack's domain with an intent to profit from it, Compl. at ¶178, which warrants dismissal of Plaintiffs' ACPA claim. Plaintiffs did not address this argument in the Response. Dkt. No. 46 at 22–23.

Additionally, even if Plaintiffs had pleaded facts demonstrating that Saenz used ZroBlack's domain name with an intent to profit from it, Plaintiffs' ACPA claim still fails because Plaintiffs' own allegations contradict this claim. As demonstrated in the Motion to Dismiss, Dkt. No. 41 at 19, Plaintiffs' allegations that Saenz has "taken the website down," "deleted the email server," and allegedly destroyed documents contradict Plaintiffs' ACPA claim that Saenz used ZroBlack's domain with an intent to profit from it. The Report also notes that Plaintiffs' own allegations suggest that Saenz may not be "using" the ZroBlack domain. Dkt. No. 59 at 18.

Where, as here, a plaintiff's own allegations contradict the plaintiff's claim, the claim fails and should be dismissed. *See Marsh v. JPMorgan Chase Bank, Nat'l Ass'n*, 888 F. Supp. 2d 805, 815 (W.D. Tex. 2012) ("Because plaintiffs' own allegations contradict their breach of contract claim, the Court finds the breach of contract claim should be dismissed with prejudice.").

Because Plaintiffs failed to plead any facts sufficient to demonstrate that Saenz *used* the ZroBlack domain, Plaintiffs' ACPA claim should be dismissed. Additionally or alternatively, Plaintiffs' ACPA claim should be dismissed because Plaintiffs' own allegations contradict the claim.

**III.   The Court should modify the Report to award Saenz his attorneys' fees and costs, in an amount to be determined as the Court may direct, pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b) and Section 11 of the Release.[2]**

In his Motion to Dismiss, Saenz sought recovery of his attorneys' fees and costs pursuant to the TTLA. Dkt. No. 41, at 30. The TTLA provides that "[e]ach person who prevails in a suit under [the TTLA] shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). The Report recommends dismissal of Plaintiffs' claim under the TTLA. Dkt. No. 59 at 11.

In his Motion to Dismiss, Saenz also sought recovery of his attorneys' fees and costs pursuant to Section 11 of the Release. Dkt. No. 41, at 30; Release, Dkt. No. 35-16, at § 11 ("In any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover reasonable costs and attorneys' fees."). The Report recommends dismissal of Plaintiffs' claim that Saenz breached the Release. *Id.* at 12–13. Additionally, the Report recommends dismissal of the following claims because they "are barred by the Release": DTSA and TUTSA, breach of fiduciary duty—to the extent such claim is predicated on Saenz's conduct as ZroBlack's CEO—conversion, fraud, breach of the Company Agreement, and violations of the Texas Theft Liability Act, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return the laptop—and for declaratory relief. *Id.* at 11.

Even though the Report recommends that Saenz should prevail on Plaintiffs' TTLA claim, breach of contract claim, and other claims that are barred by the Release, the Report is silent as to

---

[2] Pursuant to Local Rule CV-7(j), Saenz reserves the right to file a motion seeking recovery of all attorneys' fees, including those incurred through the time of trial and any post-trial briefing, not later than 14 days after entry of judgment. Subject to and consistent with the Court's forthcoming ruling on Saenz's Motion to Dismiss, however, Saenz also requests recovery of attorneys' fees and costs incurred through the date of the Court's ruling on the Motion to Dismiss and any related briefing. Dkt. No. 41 at 30.

Page **8**

Saenz's request for attorneys' fees and costs under the TTLA and the Release. Therefore, Saenz respectfully requests that the Court modify the Report to award Saenz his attorneys' fees and costs, in an amount to be determined as the Court may direct, pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b) and Section 11 of the Release.

## CONCLUSION

WHEREFORE, for the reasons discussed above, Defendant John Saenz respectfully requests that the Court: (1) review the findings, conclusions, and recommendations in the Report and Recommendation of United States Magistrate Judge, Dkt. No. 59; (2) adopt the Report's recommendations dismissing Plaintiffs' claims against Saenz for violations of the DTSA and TUTSA, breach of fiduciary duties—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO—conversion, fraud, breach of contract, tortious interference, violations of the Texas Theft Liability Act, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return ZroBlack's laptop—and request for declaratory relief; (3) overrule the Report's recommendations as to Plaintiffs' claims for breach of fiduciary duty and for violations of the ACPA—in so far as these claims are premised on Saenz's alleged conduct after the parties executed the Release—and dismiss those claims with prejudice; (4) modify the Report to award Saenz his attorneys' fees and costs, in an amount to be determined as the Court may direct, pursuant to Section 11 of the Release and TEX. CIV. PRAC. & REM. CODE § 134.005(b); and (5) grant to Saenz such other relief to which he is entitled at law or in equity.

| | |
|---|---|
| Respectfully submitted this 1st day of June 2021. | By:  /s/ Ryan J. Sullivan<br>David A. Vanderhider<br>State Bar No. 24070787<br>DVanderhider@dykema.com<br>Ryan J. Sullivan<br>State Bar No. 24102548<br>RSullivan@dykema.com<br>DYKEMA GOSSETT PLLC<br>112 East Pecan St., Suite 1800<br>San Antonio, Texas 78205<br>(210) 554-5500 – Telephone<br>(210) 226-8395 – Facsimile<br><br>*Attorneys for John Saenz* |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 1st day of June 2021, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By:  *s/ Ryan J. Sullivan*