Case 5:20-cv-00571-OLG   Document 67   Filed 08/04/21   Page 1 of 7

FILED
August 04, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
                      DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN VILLAREAL, individually and on behalf of ZROBLACK, LLC, § § § | |
| *Plaintiffs*, § § | |
| v.   § | CAUSE NO: SA-20-CV-0571-OLG |
| § | |
| JOHN SAENZ, MIGUEL VILLAREAL, JR. and GUNN, LEE & CAVE, P.C., § § § § | |
| *Defendants*. § | |

## ORDER

On this date, came on to be considered the status of the above-styled and numbered cause. For the reasons and to the extent set forth below, certain of Plaintiffs' claims will be dismissed.

## BACKGROUND AND DISCUSSION

This case concerns an employment dispute between former business partners Plaintiff Jonathan Villareal ("Villareal") and Defendant John Saenz ("Saenz"), as well as Saenz's alleged conduct after Saenz assigned his interest in the company—ZroBlack, LLC—to Villareal pursuant to a "Release" signed by the parties. *See* generally docket nos. 1 & 2.

On May 8, 2020, Plaintiff Jonathan Villareal (both individually and on behalf of Plaintiff ZroBlack, LLC) sued Saenz, and in doing so, requested *ex parte* preliminary and permanent relief. *See* docket nos. 1, 2, 34 & 37. Specifically, Plaintiffs asserted the following claims against Saenz: (1) violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 and Texas Uniform Trade Secrets Act ("TUTSA"), Tex. Civ. Prac. & Rem. Code § 134A.001 (Count 1); (2) violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g) (Count 2); (3) violations of the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d) (Count 3);

1

(4) breach of contract (Count 4); (5) breach of fiduciary duty (Count 5); (6) tortious interference with prospective business relations (Count 8); (7) Conversion (Count 9); (8) violations of the Texas Theft Liability Act ("TTLA"), Tex. Civ. Prac. & Rem. Code § 134.001 (Count 10); and (9) fraud (Count 11). *See* docket no. 35. In addition, Plaintiffs also assert state law legal malpractice and breach of fiduciary duty claims (Counts 6 & 7) against attorney Miguel Villareal and the law firm of Gunn, Lee, & Cave (collectively, the "Law Firm Defendants"), based on the Law Firm Defendants' role in drafting the Release. *See* docket no. 35. Finally, Plaintiffs also seek a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Release is void and unenforceable. *See* docket no. 35. On February 4, 2021, Defendant Saenz and the Law Firm Defendants each filed Motions to Dismiss, in which Defendants seek dismissal of the claims asserted by Plaintiffs. *See* docket nos. 40 & 41.

Pursuant to the Local Rules of this District, this case was referred to Magistrate Judge Richard B. Farrer for resolution of all pretrial matters, including requests for injunctive relief. *See* docket nos. 22 & 36. On May 14, 2021, Judge Farrer issued his first Report and Recommendation in this case, in which Judge Farrer recommended that Plaintiffs' First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (docket nos. 34 & 37) be denied. *See* docket no. 58. No party filed objections to that Report and Recommendation by the deadline to do so. On May 18, 2021, Judge Farrer issued a second Report and Recommendation, in which Judge Farrer recommended that certain of Plaintiffs' claims be dismissed. *See* docket no. 59 (collectively, with docket no. 58, the "Reports and Recommendations"). Specifically, Judge Farrer recommended that Plaintiffs' claims against Saenz for violations of the DTSA and TUTSA, breach of fiduciary duty—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO—conversion,

fraud, breach of contract, tortious interference, violations of the TTLA, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return ZroBlack's laptop—and request for declaratory relief be dismissed. *See* docket no. 59. On the other hand, Judge Farrer recommended that Plaintiffs' claims against Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release—should survive dismissal. *See id*. Finally, Judge Farrer's May 18, 2021 Report and Recommendation also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims against the Law Firm Defendants and instead sever and dismiss those claims pursuant to 28 U.S.C. § 1367(c). *See id*. Only Defendant Saenz filed objections to Judge Farrer's Report and Recommendation. *See* docket no. 61. Specifically, Defendant Saenz's objections contend that (i) Plaintiffs' ACPA and breach of fiduciary duty claim against Saenz should be dismissed in full and (ii) Judge Farrer erred in failing to award certain attorneys' fees to Saenz. *See id*.

### I.  Plaintiffs' claims that are not subject to Defendant Saenz's objections

When no party objects to a magistrate judge's recommendation, the Court need not conduct a *de novo* review of the entire record. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."); Fed. R. Civ. P. 72(b). Rather, the Court need only review the Magistrate Judge's recommendation to determine whether it is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

As noted above, no party objected to the majority of Judge Farrer's recommendations. Specifically, no party objected to Judge Farrer's recommendation that Plaintiffs' application for preliminary relief be denied. *See* docket no. 58. Additionally, no party objected to Judge Farrer's

recommendations that many of Plaintiffs' claims be dismissed on the merits, nor to Judge Farrer's recommendation that Plaintiffs' state-law claims against the Law Firm Defendants be severed and dismissed pursuant to 28 U.S.C. § 1367(c). *See* docket no. 59. Finally, although Defendant Saenz objected to certain of Judge Farrer's recommendations, Saenz did not object to Judge Farrer's conclusion that Plaintiffs' CFAA claim (to the extent it was premised on Saenz's post-Release conduct) should survive dismissal. *See* docket no. 61. After reviewing the Reports and Recommendations and the papers on file in this case, the Court concludes that Judge Farrer's Reports and Recommendations are correct and should be adopted with respect to these conclusions.

Accordingly, the Court will order that: (i) Plaintiffs' application for preliminary relief (docket nos. 34 & 37) be denied; (ii) Plaintiffs' claims against Saenz for violations of the DTSA and TUTSA, breach of fiduciary duty—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO—conversion, fraud, breach of contract, tortious interference, violations of the Texas Theft Liability Act, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return ZroBlack's laptop—and request for declaratory relief be dismissed with prejudice;[1] (iii) Plaintiffs' state law claims against the Law Firm Defendants be severed and dismissed without prejudice pursuant to 28 U.S.C. § 1367(c); and (iv) Defendant Saenz's Motion to Dismiss be denied as to Plaintiffs' CFAA claim premised on Plaintiffs' post-Release conduct.

---

[1] Judge Farrer's Report and Recommendation explained that a second amended complaint would be futile as to the claims for which relief is barred by the Release. *See* docket no. 59 p. 11.

4

## II. Plaintiffs' claims that are subject to Defendant Saenz's objections

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination as to those portions of the recommendation to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Having conducted an independent, *de novo* review of the record and the applicable law, the Court arrives at the same conclusions as Judge Farrer with respect to whether Plaintiffs' other claims should be dismissed on the merits at this stage. Specifically, having drawn every reasonable inference in the light most favorable to Plaintiff, the Court cannot conclude that Plaintiffs' allegations fail to satisfy the federal *pleading standard* with respect to the claims asserted against Saenz for breach of fiduciary duty and for violations of the ACPA, at least insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release. Accordingly, Defendant Saenz's Motion to Dismiss will be denied with respect to these claims.

Similarly, the Court declines to award attorneys' fees—*at least as part of the instant Order*—either pursuant to the parties' Release and/or Tex. Civ. Prac. & Rem. Code § 134.005(b). Nor does the Court conclude that Judge Farrer was incorrect in omitting Defendant Saenz's fee request from the Report and Recommendations. Notably, Defendant Saenz's request for fees was listed as a single clause of a list of various relief requests in the conclusion paragraph of Defendant's motion, and Saenz did not (i) separately move for attorneys' fees, (ii) specifically brief the issue for Judge Farrer, or (iii) provide any information substantiating the amount in fees that Saenz purportedly incurred with respect to the defense of the TTLA claim (or otherwise). On the other hand, the Court does recognize that the award of fees is mandatory to a prevailing party under the TTLA. *See Transverse, L.L.C. v. Iowa Wireless Services, L.L.C.*, 992 F.3d 336, 343-44

(5th Cir. 2021). Thus, the Court concludes that the most appropriate approach is to provide Defendant Saenz with an opportunity to file a formal motion for attorneys' fees at the conclusion of the case, in which Defendant Saenz provides legal support for such an award (pursuant to the Release or Tex. Civ. Prac. & Rem. Code § 134.005(b) or otherwise) as well as documentary support for the requested fee total.

## CONCLUSION AND ORDER

For the reasons set forth above, the Reports and Recommendations submitted by Magistrate Judge Farrer (docket nos. 58 & 59) are hereby **ADOPTED IN FULL**, and for the reasons set forth in those Reports and Recommendations and in the above Order:

- Plaintiffs' First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (docket nos. 34 & 37) is **DENIED**;

- Defendant Saenz's Motion to Dismiss (docket no. 41) is **GRANTED IN PART** and **DENIED IN PART**;

- Plaintiffs' claims against Saenz for violations of the DTSA and TUTSA, breach of fiduciary duty—to the extent such claim is premised on conduct allegedly committed while Saenz served as ZroBlack's CEO—conversion, fraud, breach of contract, tortious interference, violations of the TTLA, CFAA, ACPA—to the extent Plaintiffs' CFAA and ACPA claims are premised on Saenz's refusal to return ZroBlack's laptop—and request for declaratory relief are hereby **DISMISSED WITH PREJUDICE;**

- Plaintiffs' claims against the Law Firm Defendants are hereby **SEVERED** and **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c); and

- Law Firm Defendants' Motion to Dismiss (docket no. 40) is **DENIED AS MOOT**.

Only Plaintiffs' claims against Defendant Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release—shall proceed in this litigation.

Finally, at the conclusion of the case, Defendant Saenz may—if he so chooses—file a formal Motion for Attorneys' Fees, in which Saenz requests any fees and/or costs to which Saenz contends he is entitled (under the Release, Tex. Civ. Prac. & Rem. Code § 134.005(b) and/or otherwise). Any such motion must provide legal and evidentiary support for Defendant's request(s).

It is so **ORDERED**.

Signed this __4th__ day of August, 2021.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE