## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN VILLAREAL,** | § | |
| **individually and derivatively on behalf of** | § | |
| **ZROBLACK LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 5:20-CV-00571-OG** |
| | § | |
| **JOHN SAENZ; MIGUEL VILLAREAL,** | § | |
| **JR.; and GUNN, LEE & CAVE, P.C.,** | § | |
| **Defendants.** | § | |

---

### DEFENDANT JOHN SAENZ'S (1) ORIGINAL ANSWER TO PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT, AND (2) ORIGINAL COUNTERCLAIM AGAINST JONATHAN VILLAREAL AND ZROBLACK, LLC

---

John Saenz ("Saenz"), Defendant in the above-captioned matter, files this Original Answer and Original Counterclaim in response to Plaintiffs' First Amended Verified Complaint (the "Complaint") filed at ECF No. 33 (sealed) and ECF No. 35 (redacted). In support thereof, Saenz respectfully shows the Court the following:

## I.
## ANSWER TO SPECIFIC ALLEGATIONS

### *Response to Nature of the Action Section of the Complaint*

1.      Responding to Paragraph 1 of the Complaint, Saenz admits that this lawsuit relates to computer software designed to wirelessly copy and delete data from password protected devices. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 1 of the Complaint and, to the extent necessary, denies the same.

2.      Responding to Paragraph 2 of the Complaint, Saenz admits he is the former CEO of ZroBlack, LLC ("ZroBlack"). Saenz denies the remaining factual allegations in Paragraph 2.

3.      Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 3 of the Complaint and, to the extent necessary, denies the same.

4.      Responding to Paragraph 4 of the Complaint, Saenz admits that he set up the zroblack.com website domain and email subscription through his existing personal GoDaddy account using his personal telephone number. Saenz further admits that he set up ZroBlack's CAGE number, Sam.gov, and DUNS accounts, as well as its Apple Business account, using ZroBlack's company information. Saenz denies the remaining factual allegations in Paragraph 4 of the Complaint.

5.      Saenz denies the factual allegations in Paragraph 5 of the Complaint.

### *Response to Jurisdiction and Venue Section of the Complaint*

6.      Responding to Paragraph 6 of the Complaint, Saenz admits that ZroBlack has alleged claims under the Computer Fraud and Abuse Act and the Anti-cybersquatting Consumer Protection Act, but denies Plaintiffs have any live claims under the Defend Trade Secrets Act following the Court's August 4, 2021 Order (ECF No. 67). Saenz denies the remaining factual allegations in Paragraph 6 of the Complaint, and to the extent Paragraph 6 contains any legal conclusions, no response is required.

7.      Responding to Paragraph 7 of the Complaint, Saenz asserts that it contains legal conclusions for which no response is required. To the extent Paragraph 7 contains any factual allegations, they are denied.

8.      Responding to Paragraph 8 of the Complaint, Saenz admits that he resides in the Western District of Texas. Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 3 of the Complaint pertaining to Miguel Villareal, Jr. and Gunn, Lee & Cave, P.C. The remaining allegations in Paragraph 8 are legal conclusions for which no response is required. To the extent Paragraph 8 contains any additional factual allegations, they are denied.

9.      Responding to Paragraph 9 of the Complaint, Saenz asserts that it contains legal conclusions for which no response is required. To the extent Paragraph 9 contains any additional factual allegations, they are denied.

### *Response to Parties Section of the Complaint*

10.     Responding to Paragraph 10 of the Complaint, Saenz admits that Villareal is an individual and that Villareal allegedly brings this suit individually and derivatively as the sole member of ZroBlack. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 10 of the Complaint and, to the extent necessary, denies the same.

11.     Responding to Paragraph 11 of the Complaint, Saenz admits that he is an individual and has appeared in this lawsuit through the undersigned counsel.

12.     Responding to Paragraph 12 of the Complaint, Saenz admits that Miguel Villareal, Jr. is an individual who has been dismissed from this lawsuit. The remaining factual allegations in Paragraph 12 are denied.

13.     Saenz admits that Gunn, Lee & Cave, P.C. is a corporation which has been dismissed from this lawsuit. The remaining factual allegations in Paragraph 13 are denied.

### *Response to Factual Background Section of the Complaint*

**A.      Formation of ZroBlack, LLC**

14.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 14 of the Complaint and, to the extent necessary, denies the same.

15.     Responding to Paragraph 15 of the Complaint, Saenz admits that Villareal developed software that was designed to access electronic devices wirelessly and wipe the data thereon. Saenz denies the factual allegations in the last sentence of Paragraph 15. Saenz is without sufficient

knowledge to admit or deny the remaining factual allegations in Paragraph 15 of the Complaint and, to the extent necessary, denies the same.

16.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 16 of the Complaint and, to the extent necessary, denies the same.

17.     Responding to Paragraph 17 of the Complaint, Saenz denies any such meeting in February 2020. Saenz further denies having "taken" $740,000 from ZroBlack and having failed to maintain any company contacts. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 17 of the Complaint and, to the extent necessary, denies the same.

18.     Responding to Paragraph 18 of the Complaint, Saenz admits that Villareal negotiated with the Foreign Customer. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 18 of the Complaint and, to the extent necessary, denies the same.

19.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 19 of the Complaint and, to the extent necessary, denies the same.

20.     Responding to Paragraph 20 of the Complaint, Saenz admits that Villareal is related to his spouse. Saenz further admits that he and Villareal formed ZroBlack, with Saenz as CEO. The remaining factual allegations in Paragraph 20 are denied.

21.     Responding to Paragraph 21 of the Complaint, Saenz admits that he purchased the zroblack.com domain name on his personal GoDaddy account prior to the company's formation and subsequently gave Villareal access to a zroblack.com email account. Saenz is without sufficient knowledge to admit or deny what records are stored on GoDaddy.com and whether Villareal paid for a year's worth of service for ZroBlack's P.O. Box. The remaining factual allegations in Paragraph 21 are denied.

22.     Saenz admits that Saenz and Villarreal formed ZroBlack on January 14, 2019, that Saenz and Villarreal each owned fifty percent at the time of formation, and that Saenz engaged in client engagement and promotion of ZroBlack.   Saenz denies that the ownership structure "disregard[ed] their original agreement." Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 22 of the Complaint and, to the extent necessary, denies the same.

23.     Saenz admits that Section 4.7 of the Operating Agreement contains the cited language in Paragraph 23 of the Complaint. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 23 of the Complaint and, to the extent necessary, denies the same.

24.     Saenz admits the factual allegations in Paragraph 24 of the Complaint.

25.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 25 of the Complaint and, to the extent necessary, denies the same.

26.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 26 of the Complaint and, to the extent necessary, denies the same.

27.     Saenz admits the factual allegations in Paragraph 27 of the Complaint, but denies any inference that Saenz was not entitled to possess or use the laptop for any reason.

28.     Saenz denies the factual allegations in Paragraph 28 of the Complaint.

**B.     ZroBlack Signs a Contract**

29.     Saenz admits that ZroBlack and the Foreign Customer executed a non-disclosure agreement. Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 29 of the Complaint and, to the extent necessary, denies the same.

30.     Saenz admits that ZroBlack entered into a Professional Services Agreement with the Foreign Customer on or about April 15, 2019. Saenz is without sufficient knowledge to admit or deny

the remaining factual allegations in Paragraph 30 of the Complaint and, to the extent necessary, denies the same.

31.    Saenz admits the factual allegations in Paragraph 31 of the Complaint.

32.    Saenz admits that the initial $1.5 million was transferred into a Wells Fargo business account. Saenz further admits that he and Villareal each received their respective shares of the proceeds. Any remaining factual allegations in Paragraph 32 of the Complaint are denied.

33.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 33 of the Complaint and, to the extent necessary, denies the same.

34.    Saenz admits that Villarreal transferred $740,000 of the $1.5 million to an account maintained by Villarreal. Saenz denies that he refused to attend a meeting with a payroll service and cut all communications. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 34 of the Complaint and, to the extent necessary, denies the same.

35.    Saenz admits that he, Villareal, and ZroBlack retained Miguel Villareal and Gunn, Lee & Cave as legal counsel. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 35 of the Complaint and, to the extent necessary, denies the same. The document speaks for itself.

36.    The document speaks for itself. To the extent necessary, Saenz denies the factual allegations in Paragraph 36 of the Complaint.

37.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 37 of the Complaint and, to the extent necessary, denies the same.

38.    Responding to Paragraph 38 of the Complaint, Saenz admits that he participated in filling out the IP Due Diligence document in conjunction with Villareal. Saenz is without sufficient

knowledge to admit or deny the remaining factual allegations in Paragraph 38 of the Complaint and, to the extent necessary, denies the same.

39.     The document speaks for itself. To the extent necessary, Saenz admits that the zroblack.com domain was listed as intellectual property of ZroBlack. Saenz denies the remaining factual allegations in Paragraph 39 of the Complaint.

40.     Paragraph 40 of the Complaint contains legal conclusions to which no response is required. The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint contains legal conclusions to which no response is required. The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 41 of the Complaint.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required. The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 42 of the Complaint.

43.     Saenz denies the factual allegations in Paragraph 43 of the Complaint.

**C.     Saenz Attempts to Shop Secret Code to Others[1]**

44.     The documents speak for themselves. To the extent necessary, Saenz denies any factual allegations contained in Paragraph 44.

45.     Saenz denies that he tried to "shop" the technology to others. Paragraph 45 of the Complaint contains legal conclusions for which no response is required. The documents speak for

---

[1] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection C.

themselves. To the extent necessary, Saenz denies the remaining factual allegations contained in Paragraph 45 of the Complaint.

**D.  Saenz Misappropriated $740,000 while Missing Key Meetings with Customer and Providing No Services to ZroBlack[2]**

46.  Saenz denies the allegations in Paragraph 46 of the Complaint.

47.  Paragraph 47 of the Complaint contains legal conclusions for which no response is required. The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 47 of the Complaint.

48.  Paragraph 48 of the Complaint contains legal conclusions for which no response is required. The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 48 of the Complaint.

49.  Saenz admits that he attended an in-person meeting at the Foreign Customer's place of business. Saenz denies the remaining factual allegations contained in Paragraph 49 of the Complaint.

50.  Saenz denies the factual allegations contained in Paragraph 50 of the Complaint.

51.  Saenz denies the factual allegations contained in Paragraph 51 of the Complaint.

52.  Saenz denies the factual allegations contained in Paragraph 52 of the Complaint.

53.  The document speaks for itself. Saenz denies the factual allegations contained in Paragraph 53 of the Complaint.

**E.  Gunn, Lee, & Cave, P.C. and Michael Villareal's Further Involvement**

54.  Paragraph 54 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, Saenz admits that Gunn, Lee & Cave, P.C. represented Saenz and

---

[2] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection D.

Villarreal, and Saenz denies the remaining factual allegations contained in Paragraph 54 of the Complaint.

55.    Saenz is without sufficient knowledge regarding Villareal's "main concerns" to admit or deny the factual allegations in Paragraph 55 of the Complaint and, to the extent necessary, denies the same.

56.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 56 of the Complaint and, to the extent necessary, denies the same.

57.    Saenz denies the factual allegations contained in Paragraph 57 of the Complaint.

58.    Saenz denies the factual allegations contained in Paragraph 58 of the Complaint.

59.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 59 of the Complaint and, to the extent necessary, denies the same.

60.    The document speaks for itself. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 60 of the Complaint.

61.    The document speaks for itself. To the extent necessary, Saenz admits that Villareal sent the quoted text message but denies the remaining factual allegations contained in Paragraph 61 of the Complaint.

62.    Saenz denies the factual allegations contained in Paragraph 62 of the Complaint.

63.    Saenz denies the factual allegations contained in Paragraph 63 of the Complaint.

64.    Saenz denies the factual allegations contained in Paragraph 64 of the Complaint.

65.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 65 of the Complaint and, to the extent necessary, denies the same.

66.     Saenz admits that his spouse is a cousin of Villareal and that the disputes among Saenz and Villareal were discussed by Villareal with various family members. To the extent necessary, Saenz denies the remaining factual allegations contained in Paragraph 66 of the Complaint.

67.     Saenz admits that he and Villareal decided to part ways. To the extent necessary, Saenz denies the remaining factual allegations contained in Paragraph 67 of the Complaint.

68.     Saenz denies the factual allegations contained in Paragraph 68 of the Complaint.

69.     Saenz denies the factual allegations contained in Paragraph 69 of the Complaint.

70.     The document speaks for itself. To the extent necessary, Saenz admits that Villareal sent the quoted text message but denies the remaining factual allegations contained in Paragraph 70 of the Complaint.

71.     Saenz denies the factual allegations contained in Paragraph 71 of the Complaint.

72.     The document speaks for itself. To the extent necessary, Saenz admits the factual allegations contained in Paragraph 72 of the Complaint.

73.     The document speaks for itself. Saenz admits that the Release does not contemplate or require any repayment by Saenz. To the extent necessary, the remaining factual allegations in Paragraph 73 of the Complaint are denied.

74.     The document speaks for itself. Saenz admits that the Release does not contemplate or require any return of personal property by Saenz. To the extent necessary, the remaining factual allegations in Paragraph 74 of the Complaint are denied.

75.     The document speaks for itself. Saenz admits that the Release does not contemplate or require any transfer of intangible assets by Saenz. To the extent necessary, the remaining factual allegations in Paragraph 75 of the Complaint are denied.

76.     Paragraph 76 of the Complaint contains legal conclusions for which no response is required. The document speaks for itself. To the extent necessary, any remaining factual allegations in Paragraph 76 of the Complaint are denied.

77.     The documents speak for themselves. Saenz admits that the Release contemplated the execution of a Unanimous Written Consent in Lieu of Meeting by Saenz and Villareal. To the extent necessary, any remaining factual allegations in Paragraph 77 of the Complaint are denied.

78.     The documents speak for themselves. The factual allegations contained in Paragraph 78 of the Complaint are denied.

79.     The document speaks for itself. The factual allegations contained in Paragraph 79 of the Complaint are denied.

80.     The document speaks for itself. The factual allegations contained in Paragraph 80 of the Complaint are denied.

81.     The document speaks for itself. Saenz admits the Foreign Customer was not a party to the Release. To the extent necessary, any remaining factual allegations contained in Paragraph 81 of the Complaint are denied.

82.     The document speaks for itself. Saenz admits that he and Villareal executed the Release on or about August 9, 2019. Saenz admits that the Release contains the quoted language in Paragraph 82 of the Complaint. To the extent necessary, any remaining factual allegations in Paragraph 82 of the Complaint are denied.

83.     The document speaks for itself. Saenz admits that he signed the Consent, along with Villareal. To the extent necessary, any remaining factual allegations contained in Paragraph 83 of the Complaint are denied.

84.     The document speaks for itself. Saenz admits that the Consent contains the quoted language. To the extent necessary, any remaining factual allegations contained in Paragraph 84 of the Complaint are denied.

85.     The documents speak for themselves. Paragraph 85 of the Complaint contains legal conclusions to which no response is required. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 85 of the Complaint.

86.     Saenz denies the factual allegations contained in Paragraph 86 of the Complaint.

87.     Saenz denies the factual allegations contained in Paragraph 87 of the Complaint.

88.     Saenz denies the factual allegations contained in Paragraph 88 of the Complaint.

89.     Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 89 of the Complaint and, to the extent necessary, denies the same.

90.     The document speaks for itself. To the extent necessary, the remaining factual allegations in Paragraph 90 of the Complaint are denied.

91.     The document speaks for itself.  Saenz is without sufficient knowledge to admit or deny the factual allegations in the first sentence of Paragraph 91 of the Complaint and, to the extent necessary, denies the same. The remaining factual allegations contained in Paragraph 91 of the Complaint are denied.

92.     The factual allegations contained in Paragraph 92 of the Complaint are denied.

93.     The factual allegations contained in Paragraph 93 of the Complaint are denied.

94.     The factual allegations contained in Paragraph 94 of the Complaint are denied.

95.     Saenz admits that GoDaddy.com is the service provider for the subject domain page. The remaining factual allegations in Paragraph 95 of the Complaint are denied.

96.     The factual allegations contained in Paragraph 96 of the Complaint are denied.

97.     The documents speak for themselves. Saenz admits that Miguel Villareal attempted to negotiate a resolution between Saenz and Villareal. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 97 of the Complaint and, to the extent necessary, denies the same.

98.     The document speaks for itself. Saenz admits that Villareal sent an email on or about September 19, 2019 requesting return of certain information purportedly owned by ZroBlack. The remaining factual allegations contained in Paragraph 98 of the Complaint are denied.

99.     The document speaks for itself. Saenz denies the factual allegations contained in Paragraph 99 of the Complaint.

100.    The document speaks for itself. Saenz admits that Villareal sent the cited email correspondence on or about September 20, 2019. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 100 of the Complaint and, to the extent necessary, denies the same.

101.    Saenz admits that Miguel Villareal tried to arrange a meeting between Saenz and Villareal. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 101 of the Complaint and, to the extent necessary, denies the same.

102.    The document speaks for itself. To the extent necessary, Saenz admits that the cited email correspondence was sent by Miguel Villareal.

103.    Saenz admits that Villareal stated he would not attend any meeting for resolution. The remaining factual allegations contained in Paragraph 103 of the Complaint are denied.

104.    Paragraph 104 of the Complaint contains legal conclusions as to the ownership of certain property to which no response is required. To the extent necessary, the factual allegations contained in Paragraph 104 of the Complaint are denied.

105.     Paragraph 104 of the Complaint contains legal conclusions as to the ownership of certain property to which no response is required. To the extent necessary, the factual allegations contained in Paragraph 105 of the Complaint are denied.

106.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 106 of the Complaint and, to the extent necessary, denies the same.

107.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 107 of the Complaint and, to the extent necessary, denies the same.

108.     Saenz denies that Miguel Villareal ignored any conflict of interest in representing Saenz, Villareal and/or ZroBlack, as the parties were required to sign a Waiver of Conflict of Interest. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 108 of the Complaint and, to the extent necessary, denies the same.

109.     Saenz denies that his relationship with Miguel Villarreal was "cozy." Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 109 of the Complaint and, to the extent necessary, denies the same.

110.     Saenz denies that Villareal and/or ZroBlack were betrayed by Miguel Villareal or his law firm. Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 110 of the Complaint and, to the extent necessary, denies the same.

**F.     Final Attempts to Get Saenz to Return Money and Property Owed to ZroBlack[3]**

111.     Paragraph 111 of the Complaint contains legal conclusions as to the ownership of certain property to which no response is required. Saenz denies the remaining factual allegations in Paragraph 111 of the Complaint.

---

[3] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection F.

112.    Paragraph 112 of the Complaint contains legal conclusions as to the ownership of certain property to which no response is required. To the extent necessary, the factual allegations contained in Paragraph 112 of the Complaint are denied.

**G.    Saenz Thwarts ZroBlack and [the Foreign Customer's] Attempt to Contract with [Redacted].[4]**

113.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 113 of the Complaint and, to the extent necessary, denies the same.

114.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 114 of the Complaint and, to the extent necessary, denies the same.

115.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 115 of the Complaint and, to the extent necessary, denies the same.

116.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 116 of the Complaint and, to the extent necessary, denies the same.

117.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 117 of the Complaint and, to the extent necessary, denies the same.

118.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 118 of the Complaint and, to the extent necessary, denies the same.

119.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 119 of the Complaint and, to the extent necessary, denies the same.

120.    Saenz admits the factual allegations contained in Paragraph 120 of the Complaint.

121.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 121 of the Complaint and, to the extent necessary, denies the same.

---

[4] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection G.

122.    Saenz denies the factual allegations contained in Paragraph 122 of the Complaint.

123.    Saenz denies the factual allegations contained in Paragraph 123 of the Complaint.

124.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 124 of the Complaint and, to the extent necessary, denies the same.

125.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 125 of the Complaint and, to the extent necessary, denies the same.

126.    Saenz admits that Villareal sought release of certain zroblack.com domain information. Saenz denies the remaining factual allegations contained in Paragraph 126 of the Complaint.

127.    Saenz denies the factual allegations contained in Paragraph 127 of the Complaint.

128.    Saenz is without sufficient knowledge to admit or deny the remaining factual allegations in Paragraph 128 of the Complaint and, to the extent necessary, denies the same.

129.    Saenz denies the factual allegations contained in Paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint contains legal conclusions for which no response is required. Saenz denies the remaining factual allegations in Paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint contains legal conclusions for which no response is required. Saenz denies the remaining factual allegations in Paragraph 131 of the Complaint.

**H.    Saenz Refuses [The Foreign Customer's] Demand for [Redacted] [5]**

132.    Saenz admits that the Foreign Customer sent a letter on or about July 8, 2020. The document speaks for itself. Saenz denies the remaining factual allegations contained in Paragraph 132 of the Complaint.

---

[5] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection H.

133.    Saenz admits that SAM.gov is a U.S. government portal for bidding on government contracts. Saenz is without sufficient knowledge to admit or deny who manages the SAM.gov website and, to the extent necessary, denies the same. Saenz denies the remaining factual allegations contained in Paragraph 133 of the Complaint.

134.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 134 of the Complaint and, to the extent necessary, denies the same.

135.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 135 of the Complaint and, to the extent necessary, denies the same.

136.    Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 136 of the Complaint regarding ZroBlack's efforts to contact the Federal Help Desk and Defense Logistics Agency and, to the extent necessary, denies the same. The documents speak for themselves. The remaining factual allegations in Paragraph 136 of the Complaint are denied.

*Response to Causes of Action Section of the Complaint*

**A.  Count 1: Violations of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, and the Texas Uniform Trade Secrets Act ("TUTSA")**

137.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 137 of the Complaint is required; to the extent necessary, the factual allegations contained in Paragraph 137 of the Complaint are denied as set forth above.

138.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 138 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

139.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 139 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

140.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 140 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

141.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 141 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

142.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 142 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

143.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 143 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

144.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 144 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

145.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 145 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

146.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 146 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

147.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 147 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

148.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 148 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

149.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 149 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

150.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 150 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

151.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 151 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

152.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 152 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

153.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 153 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

154.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 154 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

155.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 155 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

156.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 156 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

157.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 157 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

158.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 158 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

159.    Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 159 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

160.     Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 160 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

161.     Count 1 of the Complaint (Violations of the DTSA and TUTSA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 161 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**B.      Count 2: Violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g)**

162.     Count 2 of the Complaint (Violations of the CFAA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. To the extent necessary, the factual allegations contained in Paragraph 162 of the Complaint are denied as set forth above.

163.     Paragraph 163 of the Complaint states conclusions of law for which no response is required. To the extent necessary, any factual allegations contained therein are denied.

164.     Saenz is without sufficient knowledge to admit or deny the factual allegations in Paragraph 164 of the Complaint referring to ZroBlack's expenditures and, to the extent necessary, denies the same. Saenz denies the remaining factual allegations contained in Paragraph 164 of the Complaint.

165.     Paragraph 165 of the Complaint states conclusions of law for which no response is required. To the extent necessary, any factual allegations contained therein are denied.

166.     Count 2 of the Complaint (Violations of the CFAA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. Accordingly, no response to Paragraph 166 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

167.    Count 2 of the Complaint (Violations of the CFAA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. Accordingly, no response to Paragraph 167 of the Complaint regarding the laptop is required; to the extent necessary, the factual allegations contained therein are denied. Saenz further denies refusing to release ZroBlack's domain name or purported "proprietary information."

168.    Count 2 of the Complaint (Violations of the CFAA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. Accordingly, no response to Paragraph 168 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

169.    Count 2 of the Complaint (Violations of the CFAA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. Accordingly, no response to Paragraph 169 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

170.    Saenz denies the factual allegations contained in Paragraph 170 of the Complaint.

171.    Paragraph 171 of the Complaint contains conclusions of law for which no response is required. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 171 of the Complaint.

172.    Paragraph 172 of the Complaint contains conclusions of law for which no response is required. To the extent necessary, Saenz denies the factual allegations contained in Paragraph 172 of the Complaint.

173.    Saenz denies the factual allegations contained in Paragraph 173 of the Complaint.

**C.**      **Count 3: Violations of the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)**

174.      Count 3 of the Complaint (Violations of the ACPA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on Saenz's purported refusal to return the subject laptop computer. To the extent necessary, the factual allegations contained in Paragraph 174 of the Complaint are denied as set forth above.

175.      Paragraph 175 of the Complaint states conclusions of law for which no response is required. To the extent necessary, any factual allegations contained therein are denied.

176.      Paragraph 176 of the Complaint states conclusions of law for which no response is required. To the extent necessary, any factual allegations contained therein are denied.

177.      Paragraph 177 of the Complaint states conclusions of law for which no response is required. To the extent necessary, any factual allegations contained therein are denied.

178.      Saenz denies the factual allegations contained in Paragraph 178 of the Complaint.

**D.**      **Count 4: Breach of Contract**

179.      Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 179 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied as set forth above.

180.      Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 180 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

181.      Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 181 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

182.    Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 182 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

183.    Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 183 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

184.    Count 4 of the Complaint (Breach of Contract) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 184 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**E.    Count 5: Breach of Formal Fiduciary Duties Against Saenz**

185.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 185 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied as set forth above.

186.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 186 of the Complaint is required. Moreover, Paragraph 186 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

187.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 187 of

the Complaint is required. Moreover, Paragraph 187 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

188.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 188 of the Complaint is required. Moreover, Paragraph 188 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

189.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 189 of the Complaint is required. Moreover, Paragraph 189 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied. The Operating Agreement speaks for itself.

190.    Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 190 of the Complaint is required. Moreover, Paragraph 190 of the Complaint contains legal conclusions for which no response is required. Saenz admits he was previously the Chief Executive Officer (CEO) of ZroBlack. The Operating Agreement speaks for itself. To the extent necessary, any remaining factual allegations contained in Paragraph 190 are denied.

191.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 191 of the Complaint is required. To the extent necessary, the factual allegations contained therein are denied.

192.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 192 of the Complaint is required. Moreover, Paragraph 192 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied. The Operating Agreement speaks for itself.

193.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 193 of the Complaint is required. Moreover, Paragraph 193 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

194.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 194 of the Complaint is required. Moreover, Paragraph 194 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

195.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 195 of the Complaint is required. Moreover, Paragraph 195 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

196.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Plaintiffs' request for declaratory relief has likewise been dismissed by the Court's Order. Accordingly, no response to Paragraph 196 of the Complaint is required. Moreover, Paragraph 196 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

197.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Plaintiffs' request for declaratory relief has likewise been dismissed by the Court's Order. Accordingly, no response to Paragraph 197 of the Complaint is required. Moreover, Paragraph 197 of the Complaint contains legal conclusions for which no response is required. To the extent necessary, the factual allegations contained therein are denied.

198.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 198 of

the Complaint is required. To the extent necessary, the factual allegations contained therein are denied.

199.     Count 5 of the Complaint (Breach of Fiduciary Duty) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67) to the extent such claims are premised on conduct allegedly committed while Saenz served as ZroBlack's CEO. Accordingly, no response to Paragraph 199 of the Complaint is required. To the extent necessary, the factual allegations contained therein are denied.

**F.     Count 6: Jonathan and ZroBlack's Professional Negligence against Gunn Law Firm**

200.     Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 200 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

201.     Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 201 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

202.     Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 202 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

203.     Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 203 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

204.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 204 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

205.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 205 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

206.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 206 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

207.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 207 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

208.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 208 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

209.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no

response to Paragraph 209 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

210.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 210 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

211.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 211 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

212.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 212 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

213.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 213 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

214.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 214 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

215.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 215 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

216.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 216 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

217.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 217 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

218.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 218 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

219.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 219 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

220.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no

response to Paragraph 220 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

221.    Count 6 of the Complaint (Professional Negligence) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 221 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**G.    Count 7: Breach of Fiduciary Duty against the Gunn Law Firm and Michael Villareal**

222.    Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 222 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

223.    Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 223 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

224.    Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 224 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

225.    Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 225 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

226.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 226 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

227.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 227 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

228.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 228 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

229.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 229 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

230.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 230 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

231.     Count 7 of the Complaint (Breach of Fiduciary Duty) is no directed at Saenz and, moreover, has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no

response to Paragraph 231 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**H.      Count 8: Tortious Interference with Prospective Business Relations**

232.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 232 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

233.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 233 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

234.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 234 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

235.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 235 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

236.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 236 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

237.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 237 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

238.    Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 238 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

239.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 239 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

240.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 240 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

241.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 241 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

242.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 242 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

243.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 243 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

244.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 244 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

245.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 245 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

246.     Count 8 of the Complaint (Tortious Interference) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 246 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**I.      Count 9: Conversion**

247.     Count 9 of the Complaint (Conversion) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 247 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

248.     Count 9 of the Complaint (Conversion) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 248 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

249.     Count 9 of the Complaint (Conversion) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 249 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

250.     Count 9 of the Complaint (Conversion) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 250 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**J.      Count 10: Violation of Texas Theft Liability Act**

251.     Count 10 of the Complaint (Violation of the TTLA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 251 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

252.     Count 10 of the Complaint (Violation of the TTLA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 252 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

253.     Count 10 of the Complaint (Violation of the TTLA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 253 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

254.     Count 10 of the Complaint (Violation of the TTLA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 254 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

255.     Count 10 of the Complaint (Violation of the TTLA) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 255 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**K.     Count 11: Fraud**

256.     Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 256 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

257.     Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 257 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

258.     Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 258 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

259.     Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 259 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

260.   Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 260 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

261.   Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 261 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

262.   Count 11 of the Complaint (Fraud) has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 262 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

### *Response to Request for Declaratory Relief Section of the Complaint*

263.   Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 263 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

264.   Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 264 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

265.   Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 265 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

266.   Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 266 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**A.     The ZroBlack, LLC Operating Agreement Is Void and/or Unenforceable as It Was Induced by John Saenz's Fraudulent Misrepresentations[6]**

267.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 267 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

268.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 268 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

269.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 269 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

270.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 270 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

271.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 271 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

272.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 272 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

---

[6] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection A.

273.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 273 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

274.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 274 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

275.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 275 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

276.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 276 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

277.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 277 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

278.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 278 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

279.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 279 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

280.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 280 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

281.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 281 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

282.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 282 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**B.      The Release Is Illegal Because Michael Villareal Had a Clear Conflict of Interest and His Breach of Fiduciary Duty Was as an Agent of Saenz[7]**

283.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 283 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

284.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 284 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

285.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 285 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

---

[7] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection B.

286.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 286 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

287.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 287 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

288.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 288 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

289.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 289 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

290.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 290 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

291.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 291 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

292.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 292 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

293.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 293 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

294.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 294 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

295.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 295 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

296.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 296 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

297.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 297 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

298.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 298 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

299.    Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 299 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

300.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 300 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

301.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 301 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

**C.      The Release Should Be Set Aside Due to Mutual Mistake[8]**

302.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 302 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

303.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 303 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

304.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 304 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

305.     Plaintiffs' request for declaratory relief has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 305 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

---

[8] To the extent necessary, and out of an abundance of caution, Saenz denies any factual allegations contained in the title to this Subsection C.

***Response to Damages & Attorneys' Fees Section of the Complaint***

306.     Responding to Paragraph 306 of the Complaint, Saenz is without sufficient knowledge to admit or deny what damages Plaintiffs purportedly seek and, to the extent necessary, denies the same. Saenz denies Plaintiffs' entitlement to any damages, as well as any factual allegations contained in Paragraph 306.

307.     Responding to Paragraph 307 of the Complaint, Saenz is without sufficient knowledge to admit or deny what attorney's fees Plaintiffs purportedly seek and, to the extent necessary, denies the same. Saenz denies Plaintiffs' entitlement to attorney's fees, as well as any factual allegations contained in Paragraph 307.

308.     Responding to Paragraph 308 of the Complaint, Saenz denies Plaintiffs' entitlement to attorney's fees.  Saenz denies any factual allegations contained in Paragraph 308.

309.     Responding to Paragraph 309 of the Complaint, Saenz is without sufficient knowledge to admit or deny what attorneys' fees, costs, pre-judgment or post-judgment interest Plaintiffs purportedly seek and, to the extent necessary, denies the same. Saenz denies Plaintiffs' entitlement to any of the foregoing, as well as any factual allegations contained in Paragraph 309.

***Response to Constructive Trust Section of the Complaint***

310.     Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 310 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

311.     Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 311 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

312.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 312 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

313.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 313 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

314.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 314 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

315.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 315 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

316.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 316 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

317.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 317 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

318.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 318 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

319.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 319 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

320.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 320 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

321.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 321 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

322.    Plaintiffs' request for a constructive trust has been dismissed by August 4, 2021 Order of the Court (ECF No. 67). Accordingly, no response to Paragraph 322 of the Complaint is required; to the extent necessary, the factual allegations contained therein are denied.

## II.
## GENERAL DENIAL

323.    Saenz generally denies each and every allegation contained in the Complaint that is not otherwise controverted or expressly admitted above and demands strict proof thereof.

## III.
## AFFIRMATIVE AND OTHER DEFENSES

324.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by release.

325.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by waiver.

326.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by laches.

327.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by estoppel, including but not limited to equitable estoppel, quasi estoppel, promissory estoppel, and/or judicial estoppel.

328.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by ratification.

329.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by fraud.

330.    Further answer, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' unclean hands.

331.    Further answering, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate damages, if any.

332.    Further answering, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' breach, prior breach, anticipatory breach, revocation, repudiation and/or discharge. Plaintiffs breached, anticipatorily or otherwise, the Operating Agreement and/or the Release and have failed to perform obligations thereunder, and therefore, cannot enforce the remaining terms of the agreements against Saenz. Plaintiffs committed material breaches of the Operating Agreement and/or the Release which discharged or excused Saenz from performing under the same.

333.    Further answering, if necessary, Saenz affirmatively pleads that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by Saenz's actions. If Plaintiffs suffered any harm, which is expressly denied, such harm was the proximate result of Plaintiffs' own acts or omissions or were the result of some superseding or intervening cause.

334.     Further answering, if necessary, Saenz affirmatively pleads that any damages suffered were caused by Plaintiffs' own acts or omissions, and Saenz affirmatively pleads that the comparative and contributory negligence of Plaintiffs proximately caused or contributed to any alleged harm, injury, or loss, if any, allegedly sustained by Plaintiffs. Any recovery by Plaintiffs should, therefore, be barred or diminished accordingly. In the event that Plaintiffs' claims are submitted to a fact finder to determine any tort or tort-like issues, the fact finder must be charged to consider the conduct of Plaintiffs and all other parties, any responsible third parties, any settling persons, and any other appropriate persons in accordance with Chapter 33 of the Texas Civil Practice & Remedies Code to determine the percentage of causation or responsibility attributable to each party, responsible third party, settling person, contribution defendant or other responsible person or entity.

335.     Further answering, if necessary, to the extent that Plaintiffs seek punitive, exemplary or extra damages, Saenz pleads the protections provided for in the United States Constitution, as well as Chapter 41 of the Texas Civil Practice & Remedies Code, and any submissions to the fact finder and/or judgment must strictly comply with the same. Plaintiffs have failed to properly plead or establish any basis for punitive, exemplary or extra damages. An award of exemplary or extra damages against Saenz under the facts of this case would be excessive and would violate the Due Process Clause of the United States Constitution, the Excessive Fines Clause of the Eighth Amendment, and the Equal Protection Clause and Privileges and Immunities Clauses of the Fourteenth Amendment. Saenz incorporates by reference the requisite standards of limitations regarding the determination and/or enforceability of punitive damage awards, including Chapter 41 of the Texas Civil Practice & Remedies Code and the United States Supreme Court's interpretations of constitutional mandates.

336.     Further answering, if necessary, Saenz affirmatively pleads the defense of offset. To the extent any amounts are owed to Plaintiffs, such amounts are offset by amounts and damages due and owed to Saenz.

337.     Further answering, if necessary, Saenz pleads that Plaintiffs' claims are barred, in whole or in part, because at all times mentioned in the Complaint, Saenz's actions and conduct were undertaken in a permissible way and in good faith, without malice, and with the reasonable belief that the conduct was lawful and valid.

338.     Further answering, if necessary, Plaintiffs failed to satisfy conditions precedent to bringing the claims asserted.

339.     Further answering, if necessary, Saenz pleads that Plaintiffs are not entitled to attorneys' fees.

340.     Further answering, if necessary, Saenz pleads that he did not owe any fiduciary duties to ZroBlack, or alternatively, that he did not function as CEO of ZroBlack following his departure and did not owe any fiduciary duties to ZroBlack thereafter.

341.     Further answering, if necessary, Saenz pleads that he did not owe any fiduciary duties to Villareal, individually.

## IV.
## ORIGINAL COUNTERCLAIMS AGAINST PLAINTIFFS/COUNTER-DEFENDANTS JONATHAN VILLAREAL AND ZROBLACK, LLC

342.     Subject to and without waiving the foregoing defenses, Defendant/Counter-Plaintiff Saenz asserts the following counterclaims for affirmative relief against Plaintiffs/Counter-Defendants Jonathan Villareal and ZroBlack, LLC ("ZroBlack").

### *Parties*

343.     Saenz is an individual residing in Bexar County, Texas, and has appeared in this action through the undersigned counsel.

344.     Villareal is an individual residing in Kendall County, Texas, and has appeared in this action.

345.     ZroBlack is a limited liability company with its principal place of business in Boerne, Texas, and has appeared in this action.

### Jurisdiction and Venue

346.     The Court has supplemental jurisdiction over the subject matter of these counterclaims pursuant to 28 U.S.C. § 1367 because they are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

347.     The Court has personal jurisdiction over Plaintiffs/Counter-Defendants because both reside and/or have their principal place of business within the Western District of Texas.

348.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

### Factual Background

349.     The present dispute arises out of a business, ZroBlack, which was jointly founded by Saenz and Villareal. Saenz and Villareal were the only two members of ZroBlack, each owning fifty percent (50%) thereof. Villareal provided technical expertise, while Saenz served as the Chief Executive Officer and handled business marketing, negotiations, and financial matters.

350.     Prior to the formation of ZroBlack, Villareal had unilaterally attempted, unsuccessfully, to enter into a transaction with a Foreign Customer.

351.     In his capacity as Chief Executive Officer of ZroBlack, Saenz successfully closed the transaction with the Foreign Customer and entered into a Professional Services Agreement with the Foreign Customer on ZroBlack's behalf on or about April 15, 2019 (the "PSA"). Pursuant to the PSA, ZroBlack was to provide certain services to the Foreign Customer. *See* PSA, at Exhibit "A" thereto.

In exchange for such services, ZroBlack was to be compensated by the Foreign Customer in the amount of a $1.5 million initial payment, as well as a 14.5% earn-out on any new customer revenue and existing customer growth. *See id*. at § 3, Exhibit A thereto at § 9.

352.    After successfully securing this contract with the Foreign Customer, Saenz and Villareal began to disagree with regard to ZroBlack. To resolve their disagreements, Saenz, Villareal, and ZroBlack entered into an August 1, 2019 First Amendment to the Professional Services Agreement with the Foreign Customer, whereby Saenz was removed as an individual signatory and party to the PSA and was released by the Foreign Customer from further performance thereunder, except for limited continuing obligations. *See* First Amendment to PSA, at §§ 1, 2.

353.    In addition, Saenz, Villareal, and ZroBlack entered into: (1) a written Release and Modification Agreement ("Release") in which the parties released the other from all then-existing claims and demands, known or unknown, and (2) a Unanimous Written Consent in Lieu of Meeting of the Members of ZroBlack, LLC ("Written Consent"), whereby Saenz assigned his ownership interest in ZroBlack to Villareal.[9]

354.    Pursuant to the Release, Saenz and Villareal agreed to split certain future earn-out payments from the Foreign Customer under the PSA at a rate of 12.5/14.5 going to Villareal, and 2/14.5 going to Saenz:

---

[9] In connection with these documents, Saenz, Villareal, and ZroBlack further executed a Waiver of Conflict of Interest with the law firm of Gunn, Lee & Cave, P.C., which had previously represented ZroBlack, pursuant to which the parties expressly consented to their representation by Gunn, Lee & Cave, P.C. and expressly waived any conflicts of interest associated with such representation. *See* Waiver of Conflict of Interest, at p. 2.

2. **Compensation**

It is anticipated ▆▆▆▆ will continue to pay ZroBlack pursuant to the Earn-Out Obligation as described in Sections 3.1–3.5 of the Professional Services Agreement. With respect to the Earn-Out Obligations, under Section 3.2(i) and 3.2(ii), the Individuals will split those amounts with twelve and one-half percent (12.5%) going to Villarreal and two percent (2%) going to Saenz. In the event ▆▆▆ pays the Individuals an Earn-Out Obligation relating to ▆▆▆▆ different than fourteen and one-half percent (14.50%), the Individuals will split the amount of the Earn-Out Obligation at a rate of 12.5/14.5 going to Villarreal and 2/14.5 going to Saenz.

Release at § 2.  Importantly, such continued earn-out payments constituted a material part of the consideration to Saenz in exchange for the assignment of his ownership interest in ZroBlack to Villareal pursuant to the Written Consent.

355.    The Release further provides that such earn-out payments shall be made directly to the law firm of Gunn, Lee & Cave, P.C., which would, in turn, hold the received payments in escrow and distribute them to Villareal and Saenz in the agreed upon percentage splits. *Id*. at § 2. Similarly, the Release states that the earn-out statements provided by the Foreign Customer would be sent directly to Gunn, Lee & Cave, P.C., where Saenz and Villareal would then review and either accept or not accept the calculations contained in the earn-out statements. *Id*. Both Villareal and ZroBlack were expressly required to request that the Foreign Customer send such statements to Gunn, Lee & Cave, P.C. *Id*.

356.    In addition, Villareal was required by the Release to continue to make and provide to Saenz monthly progress reports on the work performed under the PSA, including any related products released by the Foreign Customer. *Id*. at § 3.

357.    Each party to the Release further agreed to fully release the other parties from all claims and demands then existing, known or unknown:

**7.   Release**

Each Party hereby fully releases the other Parties from all claims and demands, known or unknown. Each Party understands that, as to claims that are known to that Party when the release is signed, any statutory provisions that would otherwise apply to limit this general release are hereby waived. Each Party also understands that this release extends to claims and demands that are not known at the time this release is signed. This release additionally applies to each Party's heirs, legal representatives, attorneys, assignees, owners, members, managers, directors, employees, spouses, and successors, and is binding on each Party's heirs, legal representatives, attorneys, assignees, owners, members, managers, directors, employees, spouses, and successors. Each Party represents that it has not assigned any such claims or demands against the other Parties.

*Id*. at § 7.

358.   Moreover, no waiver, change, or modification of the Release, the PSA, or the First Amendment to PSA is effective unless in writing and signed by each of Saenz, Villareal, and ZroBlack. *Id*. at § 8.

359.   Lastly, the Release provides that it is governed by the laws of the State of Texas and that the prevailing party in any action or proceeding to enforce rights under the Release will be entitled to recover reasonable costs and attorneys' fees. *Id*. at § 11.

360.   Following execution of the foregoing documents, Villareal and ZroBlack have wholly failed and refused, and continue to fail and refuse, to honor their contractual obligations pursuant to the Release, thereby requiring Saenz to retain counsel to defend and prosecute, respectively, the claims and counterclaims at issue in this litigation.

### *Causes of Action*

**A.   Breach of Contract (against Villareal and ZroBlack)**

361.   Saenz re-alleges and incorporates the preceding facts and allegations as if fully set forth herein.

362.    Saenz, Villareal, and ZroBlack each entered into the Release, which is a valid and enforceable written agreement.

363.    Saenz has fully performed or tendered performance of all his obligations as set forth in the Release, including but not limited to execution of the Written Consent.

364.    Despite Saenz's full performance, Villareal and ZroBlack have breached, and continue to breach, the terms of the Release. More specifically, Villareal and ZroBlack have breached the Release in the following respects, among other things:

     a.    ZroBlack has failed and refused to pay Saenz his percentage interest in the continuing earn-out payment received from the Foreign Customer pursuant to the PSA and any amendments thereto;

     b.    Villareal has failed and refused to split the continuing earn-out payments received from the Foreign Customer pursuant to the PSA and any amendments thereto with Saenz in the agreed upon percentage splits;

     c.    Villareal and ZroBlack have failed and refused to have the earn-out payments made by the Foreign Customer to ZroBlack sent directly to the law firm of Gunn, Lee & Cave, P.C. to hold in escrow and distribute to Villareal and Saenz in accordance with their agreed upon percentage splits;

     d.    Villareal and ZroBlack have failed and refused to have the earn-out statements provided by the Foreign Customer to ZroBlack sent to directly to the law firm of Gunn, Lee & Cave, P.C. for the parties' review and acceptance or non-acceptance;

     e.    Villareal and ZroBlack have failed and refused to request that the Foreign Customer send the earn-out statements directly to the law firm of Gunn, Lee & Cave, P.C.;

     f.    Villareal has failed and refused to make and provide to Saenz monthly progress reports on the work performed under the PSA, including any related products released by the Foreign Customer;

     g.    Villareal and ZroBlack have failed and refused to abide by their release of Saenz from all claims and demands then existing, known or unknown, including by filing the claims asserted by Plaintiffs against Saenz in this litigation; and

h.    Villareal and ZroBlack have entered into waivers, changes, and/or modifications to the PSA and/or the First Amendment to PSA with the Foreign Customer without notice to or consent by Saenz.

365.    The foregoing acts and omissions of Villareal and/or ZroBlack constitute material breaches of the Release, which have caused Saenz injuries that were the natural, probable, and foreseeable consequence of said breaches. As a result, Saenz has incurred damages, and continues to incur damages, within the jurisdictional limits of this Court, including but not limited to the amount or value of his percentage interest in the continuing earn-out obligations owed by the Foreign Customer to Villareal and/or ZroBlack under the PSA and/or any amendment or modification thereto, as well as his attorneys' fees, costs and expenses incurred in this litigation.

**B.    Fraudulent Inducement (against Villareal)**

366.    Saenz re-alleges and incorporates the preceding facts and allegations as if fully set forth herein.

367.    Villareal falsely represented to Saenz that he intended to comply with his contractual obligations under the Release, including but not limited to continued payment of the earn-out obligations, continued reporting, release of all claims and demands then existing, and no waiver, change, or modification to the PSA or the First Amendment to PSA without Saenz's written consent.

368.    Villareal made these false representations to induce Saenz to enter into the First Amendment to PSA, Release, and Written Consent so that he could thereafter be the sole owner of ZroBlack. Indeed, following execution of said agreements, Villareal has not once complied with any of the foregoing contractual obligations and instead (1) immediately ceased all payments and reporting to Saenz, (2) immediately began to make claims and demands upon Saenz, including but not limited to the eventual filing of the claims at issue in this litigation, and (3) immediately entered into a further amendment or modification of the PSA without notice to or consent by Saenz.

369.    Saenz relied on Villareal's false representations in entering into the First Amendment to PSA, Release, and Written Consent, and in fulfilling his obligations thereunder.

370.    As a result of Villareal's fraudulent acts and omissions, Saenz has sustained injury in an amount within the jurisdictional limits of this Court, including but not limited to  the amount or value of any earn-out payments or other compensation received by ZroBlack to which Saenz is entitled, and is further entitled to an award of exemplary damages because Villareal's conduct was made fraudulently, maliciously, and/or with gross negligence.

### *Conditions Precedent*

371.    All conditions precedent to Saenz's right to assert the counterclaims and causes of action in this lawsuit have occurred or have been satisfied, waived, or excused.

### V.
### ATTORNEYS' FEES AND COSTS

372.    Saenz re-alleges and incorporates the preceding facts and allegations as if fully set forth herein.

373.    Saenz seeks recovery of his reasonable and necessary attorneys' fees and costs incurred in connection with the defense of Plaintiffs' claims in this lawsuit and/or the prosecution of Saenz's counterclaims pursuant to the terms of the Release and/or Chapter 38 of the Texas Civil Practice & Remedies Code.

### VI.
### RESERVATION OF RIGHTS

374.    Saenz reserves the right to amend this answer and assert additional defenses, affirmative defenses, and counterclaims that may now exist or in the future be available as discovery progresses and further factual investigation is performed in this case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant John Saenz respectfully prays that Plaintiffs' First Amended Verified Complaint be dismissed with prejudice in its entirety, that Plaintiffs Jonathan Villareal, Individually and Derivatively on Behalf of ZroBlack, LLC, take nothing by this action, that Saenz be awarded a judgment in his favor for his counterclaims for damages, costs and attorneys' fees incurred, and for such other and further relief to which he is entitled at law or in equity.

Dated this 18th day of August 2021.

Respectfully submitted,

DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile


By: _/s/ David A. Vanderhider_
    David A. Vanderhider
    State Bar No. 24070787
    DVanderhider@dykema.com
    Daniel A. Ray
    State Bar No. 24098306
    DRay@dykema.com

    ***Attorneys for Defendant, John Saenz***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 18th day of August 2021, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.

By:   */s/ David A. Vanderhider*