# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JONATHAN VILLAREAL,** | § | |
| **individually and derivatively on behalf of** | § | |
| **ZROBLACK LLC,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **No. 5:20-CV-00571-OG** |
| | § | |
| **JOHN SAENZ; MIGUEL VILLAREAL,** | § | |
| **JR.; and GUNN, LEE & CAVE, P.C.,** | § | |
| **Defendants.** | § | |

---

## DEFENDANT JOHN SAENZ'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO SANCTION PURSUANT TO FED. R. CIV. P. 11

---

Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Response in Opposition to the Motion to Sanction Pursuant to Fed. R. Civ. P. 11 (ECF No. 71) (the "Motion") filed by Plaintiff Jonathan Villareal, individually and as the owner of ZroBlack, LLC, ("Plaintiff" or "Villareal"), and respectfully requests that this Court deny Plaintiff's Motion. In support thereof, Saenz states as follows.

## INTRODUCTION

As an initial matter, the Motion filed by Villareal is based, at least in part, on purported and/or hypothetical out-of-court conduct, rather than on any assertions contained in papers that Saenz filed or submitted to the Court. Therefore, the Motion improperly raises issues beyond the scope of Federal Rule of Civil Procedure ("FRCP") 11. The Motion is also improper because no advanced notice was provided to Saenz as required by the safe harbor requirements of FRCP 11. For these reasons alone, the Motion should be denied.

Furthermore, Villareal purports to have filed the Motion "as the owner of ZroBlack, LLC" and "NOT FOR ZroBlack, LLC." ECF No. 71, at p. 2 (emphasis in original). Following the Court's

Order (ECF No. 67), however, the three remaining claims in this lawsuit all necessarily belong to, and have been pleaded solely as claims of, ZroBlack, LLC ("ZroBlack")—not Villareal in his individual capacity. Thus, to the extent Villareal filed the Motion in his individual capacity, he has no remaining claims in such capacity against Saenz to support such a motion.

Moreover, the complaints at issue in the Motion all relate to the laptop and/or LinkedIn page purportedly owned by ZroBlack. Accordingly, whether Villareal admits it or not, the Motion was necessarily filed on behalf of ZroBlack. As the Court has previously noted, however, Villareal cannot represent or file documents on behalf of ZroBlack in this legal proceeding as a non-attorney. The Motion should be denied for this additional reason as well, and ZroBlack's remaining claims against Saenz should be dismissed for failure to obtain counsel.

Additionally, the complaints in the Motion have also all previously been urged to and dismissed by the Court in the form of Plaintiffs' dismissed causes of action and application for injunctive relief. The Motion is, therefore, in reality a motion for reconsideration, which should be denied because Villareal has failed to identify any extraordinary circumstances justifying relief beyond simply re-urging the same merits arguments previously raised and denied by the Court. In addition, the prior application for injunctive relief was denied for a number of reasons not addressed in the Motion, including inexplicable delay and speculative harm; thus, there is no basis for reconsideration of the Court's prior denial. In light of these prior orders of the Court, the Motion should be denied.

Finally, the Motion fails because it does not state to whom it is addressed or what sanctions are being sought, and the arguments and purported evidence offered in support thereof fail to establish that any proprietary code is, in fact, on the subject laptop. The Motion should, therefore, be denied on

these additional bases as well. The remainder of the Motion contains conclusory allegations and hyperbole to which no response is necessary.

## **BACKGROUND**

Plaintiffs filed their Original Complaint (ECF No. 1) on May 8, 2020, followed by a First Amended Verified Complaint (ECF No. 35) and First Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "Application") (ECF No. 35-1) on January 15, 2021.

On May 14, 2021, U.S. Magistrate Judge Farrer entered a Report and Recommendation of United States Magistrate Judge (ECF No. 58). On May 18, 2021, U.S. Magistrate Judge Farrer entered a second Report and Recommendation (ECF No. 59). These Reports and Recommendations were adopted in full by the Court's August 4, 2021 Order (the "Order") (ECF No. 67). In pertinent part, the Order denied Plaintiffs' Application and granted in part and denied in part Saenz's Motion to Dismiss. "Only Plaintiffs' claims against Defendant Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release"—survived the Motion to Dismiss. ECF No. 67, at p. 7.

On June 25, 2021, the Court granted the Motion to Withdraw filed by former counsel for Plaintiffs. *See* ECF No. 62. The Court also advised Plaintiffs that ZroBlack "can only be represented by licensed counsel" and "needs to obtain counsel and have them enter an appearance on the docket within 30 days … in order to avoid dismissal of its claims." *Id*.

Plaintiffs then sought additional time to obtain counsel (ECF No. 66), which Saenz did not oppose. On August 6, 2021, the Court entered a Text Order granting Plaintiffs' Motion for Extension of Time as unopposed. The Text Order provided that "Plaintiff is granted an extension and shall have up to and including September 20, 2021, to obtain a new attorney" and that "ZroBlack must have

counsel enter an appearance on the docket in order to avoid dismissal of its claims." As of the filing

of this Response, ZroBlack has not had any new counsel enter an appearance, and neither Villareal

nor ZroBlack have advised Saenz or the undersigned counsel of any legal counsel obtained on behalf

of ZroBlack.

On September 22, 2021, Plaintiffs served Saenz with the Motion for the first time after

purportedly filing the Motion with the Court the day prior.

## ARGUMENT

### A. THE MOTION SHOULD BE DENIED TO THE EXTENT IT IS NOT BASED ON ASSERTIONS CONTAINED IN PAPERS THAT SAENZ FILED OR SUBMITTED TO THE COURT.

The Advisory Committee Notes to FRCP 11 clarify that "[t]he rule applies only to assertions

contained in papers filed with or submitted to the court." FED. R. CIV. P. 11 Advisory Committee's

Note (1993 Amendments, Subdivisions (b) and (c)); *see also In re Bees*, 562 F.3d 284, 289 (4th Cir.

2009) (providing that FRCP 11 "permits a court to impose sanctions only on the basis of a false,

misleading, or otherwise improper 'pleading, written motion, or other paper'") (quoting FRCP 11(b)).

Here, however, Villareal's Motion is based, at least in part, on purported out-of-court conduct,

including hypothetical conduct that has not occurred but that Plaintiffs think could be performed by

or on behalf of Saenz at some unspecified time in the future. *See, e.g.*, ECF No. 71, at p. 2 ("I warned

the defense council [sic] … that I was going to file sanctions for their continued illegal actions of

deletion of company records, … tampering of evidence, and for the defense council's [sic]

contribution to known illicit activity."); *id*. at p. 3-4 (alleging that Saenz has stolen the company-

owned laptop and asking: "When this laptop becomes part of a botnet to spread ransomware all around

the world, or is found to be infested with child pornography, who will be responsible when the serial

number is searched by the FBI?"); *id*. at p. 14 (alleging that Saenz impersonated a manager or director

of ZroBlack to continue using, and ultimately delete, the company's LinkedIn page); *id*. at p. 14-15

(alleging that "[Saenz] and Col. Devine devised a plan to defraud the US Government by [Saenz] claiming ZroBlack was a disadvantaged company, and Col Devine writing ZroBlack's capabilities paper").

Even assuming, *arguendo*, that these allegations are true or could be true at some point, which Saenz denies, FRCP 11 does not provide a basis for sanctioning any such out-of-court conduct. Accordingly, to the extent the Motion is based on purported conduct or statements not asserted in submissions to the Court, the Motion should be denied.

### B. ADDITIONALLY, AND IN THE ALTERNATIVE, THE MOTION SHOULD BE DISMISSED FOR FAILURE TO PROVIDE 21 DAYS' NOTICE, AS REQUIRED BY FRCP'S "SAFE HARBOR" PROVISION.

Under FRCP 11's "safe harbor" provision, "a motion for sanctions may not be filed until at least 21 days after service on the offending party." *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995); FED. R. CIV. P. 11(c)(2). The Fifth Circuit has "continually held that strict compliance with Rule 11 is mandatory." *In re Pratt*, 524 F.3d 580, 588 & n.30 (5th Cir. 2008) (internal citations omitted). "A party's failure to comply with the safe harbor provision generally precludes a district court from granting the party's motion for sanctions under Rule 11." *Askins v. Hagopian*, 713 Fed. Appx. 380, 380-81 (5th Cir. 2018) (citing *Elliott*, 64 F.3d at 216).

Plaintiff served the Motion on counsel for Saenz, for the first time, on September 22, 2021, <u>after</u> it was filed with the Court. The Motion should, therefore, be denied for failure to comply with the safe harbor requirements of FRCP 11.

### C. ADDITIONALLY, AND IN THE ALTERNATIVE, (1) THE MOTION SHOULD BE DENIED BECAUSE, CONTRARY TO VILLAREAL'S ASSERTIONS, IT IS IMPROPERLY FILED ON BEHALF OF ZROBLACK, AND (2) THE REMAINING CLAIMS OF ZROBLACK AGAINST SAENZ SHOULD BE DISMISSED FOR FAILURE TO OBTAIN LEGAL COUNSEL.

Villareal makes the conclusory allegation in the Motion that he is acting *pro se* "as the owner of ZroBlack, LLC… and NOT FOR ZroBlack, LLC." ECF No. 71, at p. 2 (emphasis in original).

This statement is inaccurate and requires not only a denial of the Motion, but also a dismissal of ZroBlack's remaining claims against Saenz.

The entirety of the Motion is based on two allegations: that Saenz (1) continues to possess the laptop purportedly containing proprietary code and purportedly owned by ZroBlack, and (2) deleted the LinkedIn page purportedly owned by ZroBlack. *See generally* ECF No. 71. The mere subject matter of these claims makes clear that they belong, if at all, to ZroBlack—not to Villareal in his individual capacity. *See* ECF No. 71 at pp. 3-4, 14 (repeatedly referring to the laptop as the "company laptop," contending that the laptop is "registered to ZroBlack," and contending that the referenced LinkedIn account is "an asset of my company ZroBlack"). Indeed, *all three of the remaining claims against Saenz in this case belong, on their face, to ZroBlack alone and have been pleaded as such in Plaintiffs' live pleading.* To be sure, the claims that survived the Motion to Dismiss, as outlined by the Court, are "for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release." ECF No. 67, at p. 7. Not only would any purported formal fiduciary duties of Saenz run solely to ZroBlack (as opposed to other members) as a matter of law in Texas, but the First Amended Verified Complaint also specifically alleges that Saenz owed and breached fiduciary duties to ZroBlack alone—not to Villareal individually. *See* ECF No. 35, at ¶¶ 186-199 (Count 5) ("As a CEO and Managing Member of ZroBlack, Defendant Saenz was a fiduciary of ZroBlack at all times material to this action. Defendant Saenz breached his fiduciary duty to ZroBlack by engaging in transactions that benefitted him, personally, at the expense of ZroBlack."). Similarly, the property and allegations made the basis of the CFAA and ACPA causes of action—namely, the subject laptop, webpage, and email server— are all purportedly owned by ZroBlack, and the alleged damages in support of such purported violations are likewise all attributable to ZroBlack alone—not to Villareal individually. *See* ECF No.

35, at ¶¶ 163-173, 175-184 (Counts 2 and 3) (claiming that: (i) "Saenz's access and deletion of ZroBlack's webpage and email server interrupted GoDaddy's service to ZroBlack," (ii) "Saenz was required to return ZroBlack's property to it upon request as it was the property of ZroBlack," (iii) the laptop is "the property of ZroBlack in accordance with the Company Agreement," (iv) "Saenz has not released the GoDaddy account to ZroBlack," and (v) "Saenz's actions have caused ZroBlack to lose major contracts…."). Accordingly, to the extent Villareal contends that the Motion is brought by Villareal in his individual capacity, it should be denied because Villareal has no remaining claims in such capacity against Saenz to support such a motion or any potential relief from the Court. Indeed, Plaintiffs' own Complaint makes clear that the three surviving claims of Plaintiffs belong to ZroBlack only, which means that the Motion was necessarily filed on behalf of ZroBlack.

More importantly, Villareal's representations to the contrary—namely, that he filed the Motion solely in his individual capacity, *after the Court's (extended) deadline of September 20, 2021 for ZroBlack to retain legal counsel*—only confirms that ZroBlack remains unrepresented by legal counsel. Accordingly, pursuant to the Court's August 6, 2021 Text Order Granting Plaintiffs' Motion for Extension of Time, the Motion must be denied because: (1) it was improperly filed by a non-attorney on behalf of ZroBlack, and (2) ZroBlack failed to retain new counsel by the deadline provided by the Court in order to avoid dismissal of its claims. Thus, in addition to a denial of the Motion, the remaining claims of ZroBlack against Saenz should be dismissed with prejudice in their entirety. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (noting that corporations, partnerships and associations cannot appear in federal court otherwise than by licensed counsel and discussing the parameters for dismissal with prejudice when a non-attorney purports to appear on behalf of the entity).

D. **ADDITIONALLY, AND IN THE ALTERNATIVE, THE MOTION SHOULD BE DENIED BECAUSE THE COMPLAINED-OF CONDUCT IS BARRED BY THE RELEASE AND THE COURT'S PRIOR ORDER, AND THE MOTION IS AN IMPROPER AND UNTIMELY ATTEMPT TO MOVE FOR RECONSIDERATION OF THE COURT'S PRIOR RULINGS.**

The complaints raised in the Motion all relate to allegations previously urged by Plaintiffs and denied by the Court in the form of Plaintiffs' dismissed causes of action and denied Application. Specifically, as stated previously, the entirety of the Motion is based on two allegations: that Saenz (1) continues to possess the laptop purportedly containing proprietary code and purportedly owned by ZroBlack, and (2) deleted the LinkedIn page purportedly owned by ZroBlack. *See generally* ECF No. 71. However, none of the remaining causes of action, as alleged in Plaintiffs' First Amended Verified Complaint, relate to the subject LinkedIn page, and only the cause of action for violations of the CFAA even refers to the subject laptop. *See* ECF No. 35, at ¶¶ 163-173, 175-184, 186-199 (Counts 2, 3, and 5). However, those portions of Plaintiffs' CFAA claim that could potentially involve the laptop relate to conduct that was dismissed by the Court as barred by the parties' prior release. *See* ECF No. 35, at ¶ 166-67 (contending that, after the Release was signed, Saenz was required to, but refused, to return the laptop to ZroBlack); Report and Recommendation of United States Magistrate Judge, ECF No. 59, at p. 9 ("At the time of the Release, Plaintiffs could've—but didn't—demand return of the laptop …."); *id.* at p. 11 ("Plaintiffs' claims against Saenz for … violations of the … CFAA, ACPA—*to the extent Plaintiffs' CFAA and ACPA are premised on Saenz's refusal to return the laptop*—… are barred by the Release.") (emphasis added). Additionally, the Motion is full of references to alleged conduct by Saenz that pre-date the release and are therefore barred by the release. *See* ECF No. 71 at p. 6-12. The Motion is, therefore, without merit and should be denied as such.

In reality, the Motion is effectively a motion for reconsideration, which should also be denied because Villareal has failed to meet the criteria outlined in FRCP 60(b) or to otherwise identify extraordinary circumstances justifying relief, beyond simply re-urging the same merits arguments

previously raised and denied by the Court. *See* FED. R. CIV. P. 60(b); *Clay v. McAnear*, No. SA-17-CA-279-FB (HJB), 2018 U.S. Dist. LEXIS 199051, at \*14-15 (W.D. Tex. June 11, 2018) ("Though a grand reservoir of equitable power, [Rule 60(b)(6)] is to be exercised sparingly, and relief should be granted only in extraordinary circumstances. Under this Rule, the movant must show a reason justifying relief other than the more specific circumstances set out in Rules 60(b)(1)-(5).") (internal citations omitted). In *Clay*, the court denied a motion to reconsider a default judgment when, as here, the movant simply re-urged the merits arguments raised previously, and the court confirmed that "[i]t is far too late to relitigate issues that [the movant] either lost before, or chose not to contest." *Id.* at \*16 (internal citations omitted); *see also Yesh Music v. Lakewood Church*, 727 F.3d 356, 363 (5th Cir. 2013) (providing further that "Rule 60(b)(6) requires a showing of 'manifest injustice' and will not be used to relieve a party from the 'free, calculated, and deliberate choices he has made.'") (internal citations omitted).

Furthermore, Plaintiffs' Application complained of the very issues that are now again before the Court in the Motion (i.e., return of laptop), and the Application was denied for numerous reasons not addressed in the Motion, including most notably Plaintiffs' inexcusable and extensive delay, Plaintiffs' lack of mitigation efforts, the speculative harm alleged, and the past harm and availability of monetary damages. *See* generally ECF 35-1 (seeking seizure of the laptop); *see also* Report and Recommendation of United States Magistrate Judge, ECF No. 58, at pp. 7-11. Accordingly, there is no basis for reconsideration of the Court's prior orders, and the Motion should therefore be denied. Finally, ZroBlack failed to object to the either of the Reports and Recommendations of United States Magistrate Judge related to the Motion to Dismiss and the Application, and therefore ZroBlack should not be permitted to re-litigate the same issues following its failure to object.

**E.   ADDITIONALLY, AND IN THE ALTERNATIVE, THE MOTION SHOULD BE DENIED BECAUSE IT FAILS TO STATE TO WHOM THE REQUEST FOR SANCTIONS IS ADDRESSED AND WHAT SANCTIONS ARE BEING SOUGHT.**

The only request for sanctions remotely identifiable in the Motion is that Villareal purportedly wants "justice" and "the criminals put in jail so that they can never do this to anyone ever again." ECF No. 71, at p. 15. This prayer for relief, however, fails to identify the purported "criminals," much less any conduct rising to the level of criminal conduct. More importantly, FRCP does not allow for criminal punishment, and Villareal fails to otherwise request sanctions permissible under the Rule. *See* FED. R. CIV. P. 11(c)(4), (5). The Motion should thus be denied on this additional basis as well.

**F.   ADDITIONALLY, AND IN THE ALTERNATIVE, THE MOTION SHOULD BE DENIED BECAUSE IT FAILS TO ESTABLISH THAT ANY PROPRIETARY CODE IS STORED ON THE SUBJECT LAPTOP.**

The Motion relies heavily on the statement in Evernote's privacy policy to the effect that "[w]hen you use Evernote Software on your computing device… *some of your data will be stored locally on that device.*" ECF No. 71, at p. 5 (emphasis added). However, Villareal then assumes, without any further factual basis or other support, that such data necessarily includes the alleged proprietary code he wrote and that only an expert such as himself can uncover. This assumption does not fairly flow from the privacy statement and is otherwise unsupported by the arguments and purported evidence urged in the Motion. Likewise, there is no evidence that any information Saenz submitted to the Court is untrue. For these additional reasons, and because the remainder of the Motion contains conclusory allegations and hyperbole to which no response is required, Saenz respectfully submits that the Motion should be denied.

**G.   SAENZ SHOULD BE AWARDED HIS ATTORNEYS' FEES AND COSTS ASSOCIATED WITH RESPONDING TO PLAINTIFF'S BASELESS MOTION.**

"[T]he filing of a motion for sanctions is itself subject to the requirements of [FRCP 11] and can lead to sanctions." FED. R. CIV. P. 11 Advisory Committee's Note (1993 Amendments, Subdivisions (b) and (c)). "However, service of a cross motion under Rule 11 should rarely be needed

since under the revision the Court may award to the person who prevails on a motion under Rule 11—whether the movant or the target of the motion—reasonable expenses, including attorney's fees, incurred in presenting or opposing the motion." *Id.*; *see also Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014).

For the reasons outlined above (and incorporated herein by reference), the Motion is without merit, both procedurally and substantively. Saenz, therefore, respectfully requests that he be awarded his reasonable expenses, including attorneys' fees and costs, incurred in opposing the Motion.

## **CONCLUSION**

WHEREFORE, Defendant John Saenz respectfully requests that the Court: (1) deny Plaintiff's Motion to Sanction Pursuant to Fed. R. Civ. P. 11, (2) award Saenz his reasonable attorneys' fees and costs incurred in responding to Plaintiff's baseless Motion to Sanction Pursuant to Fed. R. Civ. P. 11; and (3) grant to Saenz such other and further relief to which he is entitled at law or in equity.

Respectfully submitted this 28th day of September 2021.

By:   */s/ David A. Vanderhider*

David A. Vanderhider
State Bar No. 24070787
DVanderhider@dykema.com
Daniel A. Ray
State Bar No. 24098306
DRay@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

*Attorneys for John Saenz*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 28th day of September 2021, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system.


By:     <u>*/s/ David A. Vanderhider*</u>
        David A. Vanderhider