IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JONATHAN VILLAREAL,                      §
INDIVIDUALLY AND DERIVATIVELY            §
ON BEHALF OF ZROBLACK, LLC;              §
                                         §
        *Plaintiff*,                     §
                                         §        5-20-CV-00571-OLG-RBF
vs.                                      §
                                         §
JOHN SAENZ,                              §
                                         §
        *Defendants*.                    §
                                         §

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

This Report and Recommendation concerns Plaintiff ZroBlack, LLC's failure to obtain

counsel in violation of the Court's Order, dated June 25, 2021. *See* Dkt. No. 62. All pretrial

matters are referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local

Rules for the United States District Court for the Western District of Texas. *See* Dkt. Nos. 22 &

36. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

For the reasons set forth below, it is recommended that all claims asserted by ZroBlack

against the remaining Defendant John Saenz be **DISMISSED**. It is further **ORDERED** that

within **21 days** from the date of this Order Saenz shall address—via a motion to dismiss or as

otherwise may be appropriate—whether and to what extent Plaintiff Jonathan Villarreal has any

remaining individual claims in this action.

**Factual and Procedural Background**

Plaintiff Jonathan Villarreal, on behalf of himself and his company ZroBlack, LLC, sued his former business partner John Saenz, attorney Miguel Villarreal, Jr., and Gunn, Lee & Cave P.C. Defendants subsequently moved to dismiss Plaintiffs' claims. After reviewing Defendants' motions, the Court recommended dismissal of the majority of Plaintiffs' claims against Saenz. *See* Dkt. No. 59. The Court further recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiffs' claims against the law firm and attorney defendants. *See id.* The District Court adopted the Report and Recommendation. *See* Dkt. No. 67. Accordingly, only Plaintiffs' claims against Saenz for breach of fiduciary duty and for violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g), and Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), premised on Saenz's alleged conduct after the parties executed a certain release remain at issue. *See id.*

On June 25, 2021, while the Report and Recommendation was pending before the District Court, the Court granted counsel for Plaintiffs' motion to withdraw. *See* Dkt. No. 62. In that order, the Court advised Plaintiffs that ZroBlack, an entity organized as a single-member LLC, must be represented by counsel to proceed with any claims asserted on its behalf. *See* Dkt. No. 62. The Court directed ZroBlack to obtain counsel and have counsel enter an appearance within 30 days to avoid dismissal of its claims. *See id.* The Court subsequently extended this deadline up to and including September 20, 2021, at Plaintiff Villarreal's request. *See* Dkt. No. 66 & Aug. 6, 2021 text order. In extending the deadline the Court reminded Villarreal that ZroBlack must have counsel enter an appearance in order to avoid dismissal of ZroBlack's claims. *See* Aug. 6, 2021 text order. To date, no attorney has entered an appearance on behalf of ZroBlack.

**Analysis**

**A.      ZroBlack's Claims Against Saenz Should Be Dismissed**.

As the Court previously advised Plaintiffs, because ZroBlack is a LLC, it—like a corporation—is "a fictional legal person" that "can only be represented by licensed counsel." *Joe Hand Promotions, Inc v. Behind The Fence, LLC*, No. CV 16-00196, 2016 WL 5416836, at \*3 (W.D. La. Aug. 22, 2016), *report and recommendation adopted sub nom.*, 2016 WL 5477977 (W.D. La. Sept. 28, 2016) (citing *Donovan v. Road Rangers Country Junction*, 736 F.2d 1004, 1005 (5th Cir. 1984)). Plaintiff Villarreal isn't a licensed attorney; he cannot represent ZroBlack in this action. The Court already provided ZroBlack ample opportunity to retain counsel and avoid dismissal. Because ZroBlack has failed to comply with the Court's order and reminders, dismissal is appropriate. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 & n.4 & 5 (5th Cir. 2004) (finding dismissal of company for failure to retain counsel appropriate either under Rule 41(b) where a litigant fails to comply with a court order or a judicial interpretation of 28 U.S.C. § 1654).

In making this recommendation, the Court recognizes that "[t]he scope of the court's discretion is narrower when a Rule 41(b) dismissal is with prejudice or when a statute of limitations would bar re-prosecution of an action dismissed under Rule 41(b) without prejudice." *Brown v. King*, 250 Fed. App'x 28, 29 (5th Cir. 2007). Such is the case here, at least with respect to ZroBlack's CFAA claim. *See* 18 U.S.C. 1030(g) (providing for a two-year statute of limitations after the date of the act complained of or the date of the discovery of the damage). Nevertheless, the more-exacting scope of discretion reflects that dismissal is warranted here because (1) there is a clear record of delay or contumacious conduct by ZroBlack and (2) the Court determines that lesser sanctions would not serve the interests of justice by prompting diligent prosecution, or where lesser sanctions have been employed but were futile. *See Coleman*

*v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014). In addition, at least one of the following three aggravating factors is present: "(1) delay caused by [the] plaintiff [itself] and not [its] attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at n. 9. Indeed, "[t]he presence of one aggravating factor, along with a record of delay or contumacious conduct and consideration of lesser sanctions, will support a dismissal with prejudice." *Price v. McGlathery*, 792 F.2d 472, 475 (5th Cir. 1985). As is required, "[t]he [ ] court's consideration of lesser sanctions [ ] appear[s] in the record for review of the court's exercise of its discretion." *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir. 1985). The requirements for dismissal are met under the circumstances presented, and dismissal is warranted.

The record reflects that ZroBlack has still failed to retain counsel in the over four months since the Court first directed it to do so. Indeed, ZroBlack has failed to comply even in the face of the Court's repeated warnings. Accordingly, lesser sanctions have been employed here but were futile, and there are no other sanctions to employ under these circumstances. Moreover, any delay here can only be attributed to ZroBlack. Thus, dismissal—even employing the more exacting standard discussed above—is warranted. Agreeing with this conclusion, Saenz urges dismissal with prejudice. This Court agrees that a prejudicial dismissal is warranted. A court, however, has considerable discretion in this regard, and so the issue of a with-prejudice or without-prejudice dismissal ultimately rests with the District Court. The issue is therefore highlighted here for the District Court's attention and consideration upon its review of this Report and Recommendation.

> **B.     More Briefing Is Needed to Address Whether Villarreal May Proceed Individually with the Remaining Claims Against Saenz.**

Assuming the District Court adopts this Report and Recommendation in full, only Plaintiff Villarreal's claims against Saenz for breach of fiduciary duty and for CFAA and ACPA

violations remain. In a recent filing, however, Saenz argued that these remaining claims "all necessarily belong to, and have been pleaded solely as claims of, ZroBlack, LLC ("ZroBlack")—not Villareal in his individual capacity." Dkt. No. 72 at 2. At first blush, this contention appears to have merit. Saenz, however, hasn't filed a motion to dismiss on this basis. Accordingly, this matter is not ripe for resolution and should be the subject of further briefing.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that all claims asserted by ZroBlack against the remaining Defendant Saenz be **DISMISSED**.

It is further **ORDERED** that within **21 days** from the date of this Order Saenz shall address—via a motion to dismiss or as otherwise may be appropriate—whether and to what extent Villarreal has any remaining individual claims in this action.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in

this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

  **IT IS SO ORDERED**.

  SIGNED this 18th day of November, 2021.


           RICHARD B.  FARRER
           UNITED STATES MAGISTRATE JUDGE