UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C., Defendants. | § § § § | |

**DEFENDANT JOHN SAENZ'S MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, MOTION TO DISMISS THE CLAIMS ASSERTED BY JONATHAN VILLARREAL, INDIVIDUALLY**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss (the "Motion") the Claims Asserted by Jonathan Villarreal, Individually ("Villarreal"). In support thereof, Saenz states as follows.

## INTRODUCTION

Based on Plaintiffs' live pleading, Villarreal purportedly filed suit in his individual capacity and derivatively on behalf of ZroBlack, LLC ("ZroBlack"). Pursuant to and following the Court's August 4, 2021 Order (ECF No. 67), Plaintiffs' only surviving claims against Saenz in this matter include alleged breach of fiduciary duty and alleged violations of the Computer Fraud and Abuse Act ("CFAA") and the Anti-cybersquatting Consumer Protection Act ("ACPA")—to the extent such claims are premised on Saenz's purported conduct after the parties executed a Release. *See* ECF. No. 67, at p. 7.

On November 18, 2021, the Honorable United States Magistrate Judge Richard B. Farrer signed a Report and Recommendation recommending that each of these claims, to the extent asserted

on behalf of ZroBlack, be dismissed with prejudice. *See* ECF No. 74, at p. 4–5. Should the Court adopt Judge Farrer's Report and Recommendation, then only claims by Villareal in his individual capacity, if any, would remain in this case (not including Saenz's counterclaims). However, Saenz respectfully submits that the three surviving claims necessarily belong to, and have been asserted by, ZroBlack only as set forth in Plaintiffs' live pleading. Accordingly, Saenz requests entry of judgment against Villarreal on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Alternatively, Saenz requests dismissal of any claims asserted by Villarreal, individually.

## BACKGROUND

On January 15, 2021, Plaintiffs filed their First Amended Verified Complaint (ECF No. 35). Saenz then filed a Motion to Dismiss (ECF No. 41).

On May 18, 2021, United States Magistrate Judge Richard B. Farrer signed a Report and Recommendation (ECF No. 59) regarding Saenz's Motion to Dismiss. The Court adopted the Report and Recommendation in full in the Court's August 4, 2021 Order (the "Order") (ECF No. 67). In pertinent part, the Order granted in part and denied in part Saenz's Motion to Dismiss. "Only Plaintiffs' claims against Defendant Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release"—survived the Motion to Dismiss. ECF No. 67, at p. 7.

On June 25, 2021, the Court granted the Motion to Withdraw filed by former counsel for Plaintiffs. *See* ECF No. 62. The Court also advised Plaintiffs that ZroBlack "can only be represented by licensed counsel" and "needs to obtain counsel and have them enter an appearance on the docket within 30 days … in order to avoid dismissal of its claims." *Id*.

Plaintiffs then sought additional time to obtain counsel (ECF No. 66), which Saenz did not oppose. On August 6, 2021, the Court entered a Text Order granting Plaintiffs' Motion for Extension

of Time as unopposed. The Text Order provided that "Plaintiff is granted an extension and shall have up to and including September 20, 2021, to obtain a new attorney" and that "ZroBlack must have counsel enter an appearance on the docket in order to avoid dismissal of its claims."

On November 18, 2021, following ZroBlack's failure to obtain new counsel, Judge Farrer signed another Report and Recommendation (ECF No. 74) recommending that "all claims asserted by ZroBlack against the remaining Defendant John Saenz be DISMISSED" for failure to comply with the Court's orders and reminders.  Judge Farrer also ordered that Saenz address, within 21 days, "whether and to what extent Plaintiff Jonathan Villarreal has any remaining individual claims in this action." ECF No. 74, at p. 1. Saenz now files this Motion respectfully requesting that the Court clarify the pending claims and either: (1) enter a judgement on the pleadings against Villarreal based on the fact that Villarreal has no remaining claims in his individual capacity, or (2) dismiss, with prejudice, any claims asserted by Villarreal in his individual capacity.

## **ARGUMENT**

At any time after the pleadings close and before the trial commences, a party may move for a judgment on the pleadings under Rule 12(c). *See* FED. R. CIV. P. 12(c). The pleadings close after the following pleadings in the case have been filed, as applicable: an answer to a complaint, counterclaim or crossclaim, and a third-party complaint and answer to same. *See* FED. R. CIV. P. 7(a). In determining the Motion, the Court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them. *See Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440-41 (5th Cir. 2015). A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking at the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).

Here, the three surviving claims of Plaintiffs following the Court's August 4, 2021 Order are for (1) breach of fiduciary duty, (2) violations of the CFAA, and (3) violations of the ACPA. Each of these causes of action, on their face, have been pleaded and asserted by ZroBlack alone—not by Villarreal in his individual capacity—and therefore necessarily belong to solely ZroBlack. Accordingly, the Court should enter a judgement on the pleadings against Villarreal.

### A. THE REMAINING CLAIMS IN PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT ARE ASSERTED SOLELY BY ZROBLACK, NOT BY VILLARREAL IN HIS INDIVIDUAL CAPACITY.

A review of Plaintiffs' live pleading, the First Amended Verified Complaint (ECF No. 35), reveals that each of the three causes of action surviving the Court's August 4, 2021 Order have been asserted solely by ZroBlack, LLC—the company—and not on behalf of Villarreal in his individual capacity. Therefore, based on Plaintiffs' own pleading and allegations, Villarreal, individually, has not asserted any of the remaining claims in this action.

Regarding the first surviving cause of action (purported violations of the CFAA), the First Amended Verified Complaint alleges, in pertinent part, the following:

> **Count 2: Violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g)**
>
> …
>
> 164.    Saenz's access and deletion of ***ZroBlack's webpage and email server*** interrupted GoDaddy's service ***to ZroBlack***, causing a loss of more than $5,000. Furthermore, Saenz's access and deletion of the email server and webpage caused a loss of more than $5,000 in data. Finally, ***ZroBlack has spent*** in excess of $5,000 trying to obtain return of the lap top [sic] computer and domain name and trying to resolve the loss of emails and documents resulting from the deletion.
>
> …
>
> 166.    After execution of the Release and Consent, Saenz was required to return ***ZroBlack's property*** to it upon request as it was the ***property of ZroBlack***. At this juncture, Saenz's authorization to access the laptop was revoked as it was no longer his property but the ***property of ZroBlack*** in accordance with the Company Agreement.

> …
>
> 170.    Saenz also intentionally accessed *ZroBlack's domain* on GoDaddy and deleted *ZroBlack's webpage and email server*. The domain, including the webpage and email server, were the *property of ZroBlack*.
>
> 171.    Saenz held the domain name as nominee or an agent of ZroBlack. Once ZroBlack and Saenz parted ways, Saenz's authorization to hold the domain as ZroBlack's nominee or agent was no longer authorized and he was required to hand over all access rights *to ZroBlack*.
>
> …
>
> 173.    Saenz's actions have caused *ZroBlack* to lose major contracts because he holds the key to the domain name. The domain name contains the DUNS information that is still currently in Saenz's name. Jonathan has been unable to update the DUNS information confirming *ZroBlack's ownership causing it* to lose contracts.

ECF No. 35, at pp. 30-33 (emphasis added).

Stated more simply, the First Amended Verified Complaint alleges that Saenz deleted the webpage and email server that belonged to ZroBlack (not Villarreal) and as a result, caused damage to ZroBlack (not Villarreal) in the form of incurred expenses and lost contracts. This cause of action, on its face, belongs to and is asserted solely by ZroBlack, rather than Villarreal, individually. Therefore, this cause of action is already the subject of Judge Farrer's dismissal recommendation in the August 4, 2021 Report and Recommendation. Accordingly, with respect to any claim for CFAA violations, Saenz requests that the Court enter a judgement on the pleadings against Villarreal because Villarreal has not asserted this claim in his individual capacity.

Regarding the next surviving cause of action (violations of the ACPA), the First Amended Verified Complaint alleges, in pertinent part, the following:

> **Count 3: Violations of the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).**
>
> …
>
> 177.    *ZroBlack* has a common law interest in its name under section 43(a) of the Lanham Act. 15. U.S.C. § 1125. The "ZroBlack" name is a distinctive identifier for

>the productions and services ***ZroBlack*** provides. The www.zroblack.com domain is identical or confusingly similar to ***ZroBlack's mark***. Saenz has no trademark or other intellectual property rights in the domain name. Saenz maintains control and use of the ***ZroBlack website*** with a bad faith intent. Saenz no longer has any intellectual property rights in the domain name after he was removed from the company. The domain name consists of the exact same legal name ***of ZroBlack*** as it was maintained prior to his removal from the Company. After his termination, Saenz intended to divert consumers from ***ZroBlack's online location*** to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site. Saenz continues to provide material and misleading false contact information and fails to maintain accurate contact information for the domain name.
>
>178.   Saenz has not released the GoDaddy account ***to ZroBlack***. Therefore ***ZroBlack*** cannot update its contact and ownership information for its Dun & Bradstreet number (known as a (DUNs number), its CAGE number (Commercial And Government Entity code), and its access to its SAM.gov account (System Award Management), a U.S. governmental portal for bidding on government contracts. Saenz blackmailed ***ZroBlack*** over the domain name, webpage, and email server, offering to sell it back to ZroBlack for $7,000. Saenz has taken the website down effectively terminating ***ZroBlack's ability*** to gain new clients. Saenz also deleted the ***email server***, thereby destroying hundreds of emails and documents supporting Jonathan's claims, ZroBlack's projects for [Foreign Client] and other matters. Saenz has even gone as far as attempting to shop the technology to others and threatens to continue to try to market the code.

ECF No. 35, at pp. 33-35 (emphasis added).

In other words, the First Amended Verified Petition alleges in support of this cause of action that Saenz maintains and has refused to return the domain, website, email server and GoDaddy account purportedly belonging to ZroBlack—not Villarreal—and has, therefore, damaged ZroBlack by preventing it from gaining new clients. Thus, Plaintiffs' own pleading makes clear that this cause of action belongs to and is asserted solely by ZroBlack, rather than Villarreal, individually. Therefore, this claim is also subject, in its entirety, to Judge Farrer's dismissal recommendation. Accordingly, with respect to any claim for ACPA violations, Saenz requests that the Court enter a judgement on the pleadings against Villarreal because Villarreal has not asserted this claim in his individual capacity.

Regarding the final surviving cause of action (breach of formal fiduciary duties), the First Amended Verified Petition alleges, in pertinent part, the following:

**Count 5: Breach of Formal Fiduciary Duties Against Saenz**

…

186. As a CEO and Managing Member of ZroBlack, Defendant Saenz was a fiduciary *of ZroBlack* at all times material to this action.

187. Defendant Saenz breached his fiduciary duty *to ZroBlack* by engaging in transactions that benefited him, personally, at the expense *of ZroBlack*.

…

189. Corporate officers and directors owe fiduciary duties, including a duty of loyalty and a duty of care *to the company* ….

190. Section 4.5 of the Company Operating Agreement states that the Chief Executive Member had primary responsibility for managing the operations *of the ZroBlack [sic]* and carrying out the decisions of the members. Saenz was the Chief Executive Member and styled himself as CEO of ZroBlack.

191. And yet, Saenz continued to act in his own self-interest, withholding *company property and trade secrets*; withholding monies *from the company* that were allocated for Saenz and Villarreal to work on projects for their customers; and refusing, due to spite, ignorance, and/or malfeasance, to allow ZroBlack's managers to access confidential information *the company could use* to build its business.

…

194. And yet, [Saenz] continued to maintain dominion and control over *ZroBlack's domain (URL), email server, and other electronic access point [sic]* that were an essential avenue of commerce.

195. Although these requests were made of Saenz after Saenz departed the company, and he could not have any personal use of the domain or email server, he continues to deny access to IT access points *of ZroBlack*, which directly caused *ZroBlack* to lose valuable contracting opportunities.

ECF No. 35, at pp. 37-38 (emphasis added).

In short, the First Amended Verified Complaint alleges in support of this cause of action only that Saenz owed formal fiduciary duties to ZroBlack (not to Villarreal) and purportedly breached such duties, thereby allegedly causing damage to ZroBlack alone (not to Villarreal). This cause of action,

therefore, belongs to and is asserted solely by ZroBlack, rather than Villarreal, individually. Therefore, this claim is also subject, in its entirety, to Judge Farrer's dismissal recommendation. Accordingly, with respect to any claim for breach of fiduciary duties, Saenz requests that the Court enter a judgement on the pleadings against Villarreal because Villarreal has not asserted this claim in his individual capacity.

> B. **ADDITIONALLY, AND IN THE ALTERNATIVE, THE REMAINING CLAIMS IN PLAINTIFFS' FIRST AMENDED VERIFIED COMPLAINT BELONG TO ZROBLACK, NOT VILLARREAL, AS A MATTER OF LAW AND SHOULD BE DISMISSED AS TO VILLARREAL.**

In addition to the fact that Plaintiffs' live pleading expressly asserts the three surviving causes of action on behalf of ZroBlack alone, the underlying factual allegations for such claims, coupled with clear legal authority governing such claims, also establish that the causes of action necessarily belong to ZroBlack—not Villarreal—as a matter of law. In this regard, and as explained more fully below, Villarreal, individually, does not have standing to assert any claims for violations of the CFAA and ACPA because: (1) Villarreal has not suffered damage or loss by reason of a violation of the CFAA, and (2) Villarreal is not the owner of the mark at issue. Similarly, the claim for breach of fiduciary duties is based upon Saenz's prior role with ZroBlack, and under Texas law, such fiduciary duties flow solely to the company itself, not to the members. Accordingly, even if Plaintiffs' alleged the remaining causes of action on behalf of Villarreal, individually (which they did not), such claims nevertheless fail as a matter of law and are subject to dismissal.

> 1) *The Causes of Action for CFAA and ACPA Violations Necessarily Belong to ZroBlack as the Purported Owner of the Subject Property.*

Under the CFAA, a civil action may be maintained by "any person who suffers damage or loss by reason of a violation" of the statute "to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). Similarly, under the ACPA, the "owner of a mark" may bring a civil action against a person who commits a violation of the statute. 15 U.S.C. §

1125(d)(1)(A).[1] Therefore, in order to assert claims for violations of these two statutes, Villarreal would need to have either suffered damage or loss in his individual capacity by reason of a purported violation of the CFAA and/or be the owner in his individual capacity of the ZroBlack mark. Neither of these prerequisites is true; indeed, Plaintiffs' own pleadings confirm the opposite.

According to Plaintiffs, the property and allegations made the basis of the CFAA and ACPA causes of action—namely, the subject laptop, webpage, and email server—are all purportedly company property owned by ZroBlack. Likewise, the damages alleged in support of such claims were all purportedly sustained by ZroBlack alone—not by Villarreal individually. *See* ECF No. 35, at ¶¶ 163-173, 175-184 (Counts 2 and 3) (claiming that: (i) "Saenz's access and deletion of ZroBlack's webpage and email server interrupted GoDaddy's service to ZroBlack," (ii) "Saenz was required to return ZroBlack's property to it upon request as it was the property of ZroBlack," (iii) the laptop is "the property of ZroBlack in accordance with the Company Agreement," (iv) "Saenz has not released the GoDaddy account to ZroBlack," and (v) "Saenz's actions have caused ZroBlack to lose major contracts…."); *Id.* at ¶¶ 175-178 ("ZroBlack has a common law interest in its name…. The www.zroblack.com domain is identical or confusingly similar to ZroBlack's mark.").

Accordingly, it is clear that Villarreal, individually, has not suffered any damage or loss by reason of any purported violation of the CFAA and is not the owner of the ZroBlack mark made the subject of the purported ACPA violations. Because ZroBlack alone has purportedly sustained damages or losses as a result of Saenz's purported violations of the CFAA, and because ZroBlack alone is the purported owner of the ZroBlack mark made the basis of the purported violations of the ACPA, both such causes of action necessarily belong to ZroBlack alone—not to Villarreal. Therefore,

---

[1] These are the same two subsections of the respective statutes cited in Plaintiffs' First Amended Verified Complaint. *See* ECF No. 35, at ¶¶ 163, 175.

to the extent that Villarreal could have asserted these claims in his individual capacity (which he did not), such claims should be dismissed as a matter of law.

### 2) The Breach of Fiduciary Duties Cause of Action Necessarily Belongs to ZroBlack as the Entity to Which Any Purported Fiduciary Duties Would Flow under Texas Law.

Under Texas law, members in a limited liability company do not owe a formal fiduciary duty to one another as a matter of law. *See Chase v. Hodge*, No. 1:20-cv-0175-RP, 2021 WL 1948470, at *23-24 (W.D. Tex. May 14, 2021) (citing *Gill v. Grewal*, 2020 WL 3171360, at *20 (S.D. Tex. June 15, 2020); *Higher Perpetual Energy LLC v. Higher Power Energy, LLC*, 2018 WL 3020328, at *9 (E.D. Tex. June 18, 2018)). Accordingly, any purported formal fiduciary duties of Saenz run solely to ZroBlack (as opposed to Villarreal) as a matter of law in Texas.

Additionally, the First Amended Verified Complaint also specifically alleges that Saenz owed and breached fiduciary duties to ZroBlack alone—not to Villarreal individually. *See* ECF No. 35, at ¶¶ 186-199 (Count 5) ("As a CEO and Managing Member of ZroBlack, Defendant Saenz was a fiduciary of ZroBlack at all times material to this action. Defendant Saenz breached his fiduciary duty to ZroBlack by engaging in transactions that benefitted him, personally, at the expense of ZroBlack.").

Because Saenz does not owe any formal fiduciary duties to Villarreal in his individual capacity as a matter of law, and based on the allegations in First Amended Verified Complaint, any claim for breach of fiduciary duties against Saenz necessarily belongs to and is asserted by ZroBlack alone—not Villarreal, individually. Therefore, to the extent that Villarreal could have asserted such claim in his individual capacity (which he did not), such claim should be dismissed as a matter of law.

## CONCLUSION

WHEREFORE, Defendant John Saenz respectfully requests that the Court: (1) grant Saenz's Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss the Claims Asserted by Villarreal, Individually; (2) enter a judgement on the pleadings against Villarreal based

on the fact that Villarreal, individually, has no remaining claims against Saenz; (3) alternatively, dismiss, with prejudice, any claims asserted by Villarreal in his individual capacity or otherwise enter an order confirming that all claims and causes of action that Villarreal, individually, has asserted in this case against Saenz have been dismissed with prejudice; (4) award Saenz recovery of his costs, expenses and attorneys' fees in connection with this Motion and the lawsuit, and (5) grant to Saenz such other and further relief to which he is entitled at law or in equity.

Respectfully submitted this 9th day of December 2021.

By: /s/ David A. Vanderhider
David A. Vanderhider
State Bar No. 24070787
DVanderhider@dykema.com
Daniel A. Ray
State Bar No. 24098306
DRay@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

*Attorneys for John Saenz*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 9th day of December 2021, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system. I further certify that a copy of the foregoing was served on Jonathan Villarreal on the 9th day of December 2021 via certified mail, return receipt requested, at the last known address of Jonathan Villarreal on file with the Court.

By: /s/ David A. Vanderhider
David A. Vanderhider