IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL,<br>INDIVIDUALLY AND DERIVATIVELY<br>ON BEHALF OF ZROBLACK, LLC;<br><br>   *Plaintiff*,<br><br>vs.<br><br>JOHN SAENZ<br><br>   *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5-20-CV-00571-OLG-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando Garcia:**

  This Report and Recommendation concerns Defendant John Saenz's Motion for Judgment on the Pleadings, or in the Alternative, Motion to Dismiss the Claims Asserted by Johnathan Villarreal, Individually. *See* Dkt. No. 76. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. Nos. 22 & 36. Authority to enter this recommendation stems from 28 U.S.C. § 636(b)(1)(B).

  For the reasons set forth below, it is recommended that Saenz's Motion, Dkt. No. 76, be **GRANTED**, and the District Court **DISMISS** all individually held claims asserted by Plaintiff Jonathan Villarreal against Defendant John Saenz, to the extent any such claims remain at issue. It is further **ORDERED** that within **21 days** from the date of this Order, Saenz shall address—via a motion or as otherwise may be appropriate—whether and to what extent he desires to pursue his counterclaims against Villarreal and ZroBlack, LLC.

1

**Factual and Procedural Background**

Plaintiff Jonathan Villarreal, on behalf of himself and his company ZroBlack, LLC, sued his former business partner John Saenz, attorney Miguel Villarreal, Jr., and Gunn, Lee & Cave P.C. Defendants subsequently moved to dismiss Plaintiffs' claims. After reviewing Defendants' motions, the Court recommended dismissal of the majority of Plaintiffs' claims against Saenz. *See* Dkt. No. 59. The Court further recommended that the District Court decline to exercise supplemental jurisdiction over Plaintiffs' claims against the law firm and attorney defendants. *See id.* The District Court adopted the Report and Recommendation. *See* Dkt. No. 67. Accordingly, pursuant to the District Court's August 4, 2021 Order, remaining are "[o]nly Plaintiffs' claims against Saenz for breach of fiduciary duty and for violations of the CFAA [Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(g)], and ACPA [Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)]—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release." *See id.* at 7.

On June 25, 2021, while the Report and Recommendation was pending before the District Court, the Court granted counsel for Plaintiffs' motion to withdraw. *See* Dkt. No. 62. In that order, the Court advised Plaintiffs that ZroBlack, an entity organized as a single-member LLC, must be represented by counsel to proceed with any claims asserted on its behalf. *See* Dkt. No. 62. ZroBlack failed to timely obtain counsel, notwithstanding the Court's multiple warnings and extension of time to do so. *See* Dkt. No. 66, Aug. 6, 2021 text order & Dkt. No. 74 (summarizing the Court's efforts). Accordingly, the District Court dismissed all claims asserted by ZroBlack against Saenz. *See* Dkt. No. 77 adopting Dkt. No. 75.

Saenz now moves for judgment on the pleadings with respect to any remaining individual claims asserted by Villarreal. *See* Dkt. No. 76.

**Analysis**

**A.     Any Remaining Claims Brought By Plaintiffs Should Be Dismissed.**

Saenz's motion should be granted. Although the District Court permitted a subset of "Plaintiffs' claims" against Saenz—for breach of fiduciary duty and for violations of the CFAA and ACPA—to proceed, a review of Plaintiff's live Complaint reveals that these three surviving claims have only been asserted by, and in fact necessarily belong to, ZroBlack as a matter of law. Specifically, Plaintiffs plead that Saenz breached his fiduciary duty to *ZroBlack*—not Villarreal—causing the company damage. *See* First Amend. Compl.[1] ¶¶ 186-187, 189. Indeed, under Texas law, members in a limited liability company don't owe a formal fiduciary duty to one another. *See Chase v. Hodge*, No. 1:20-cv-0175-RP, 2021 WL 1948470, at *8 (W.D. Tex. May 14, 2021). And, although an informal fiduciary relationship may under certain circumstances exist between members,[2] Villarreal fails to plead any facts to suggest that such is the case here. Nor may Villarreal individually recover for injuries allegedly suffered by ZroBlack, even though he may have been indirectly injured by the decrease in value of his LLC membership interest. *See Chase* 2021 WL 1948470, at *7. Accordingly, any remaining breach-of-fiduciary-duty claim should be dismissed.

A similar result pertains to the remaining claims for violation of the CFAA and ACPA. These claims are premised on Saenz's alleged intentional access of *ZroBlack's* domain (or mark) on GoDaddy, deletion of *ZroBlack's* webpage and email server, and refusal to release *ZroBlack*'s GoDaddy account. *See* Amend. Compl. ¶¶ 164, 170-173, 177-178. These alleged actions,

---

[1] A copy of the full sealed First Amended Complaint can be located at Docket Entry Number 33. A redacted copy for the public record is at Docket Entry Number 35.

[2] *See Higher Perpetual Energy, LLC v. Higher Power Energy, LLC*, No. 4:17-CV-00414, 2018 WL 3020328, at *4 (E.D. Tex. Jun. 18, 2018).

according to Plaintiffs, caused *ZroBlack* to "lose major contracts," data, and new clients. *See id.* ¶¶ 173, 178. Accordingly, as pleaded, Plaintiffs' claims for CFAA and ACPA belong solely to ZroBlack, not Villarreal individually.

### B. Saenz Should Advise the Court As to the Next Steps in This Litigation.

Assuming the District Court adopts this Report and Recommendation in full, Saenz's counterclaims against Villarreal and ZroBlack remain. And also remaining is Saenz's request for attorneys' fees pursuant to the parties' Release or Texas Civil Practice & Remedies Code § 134.005(b), which the District Court concluded Saenz could request by motion at the close of the case. *See* Dkt. No. 67 at 5-6. Accordingly, within **21 days** from the date of this Order, Saenz shall notify the Court—via motion or otherwise—whether and to what extent he intends to proceed with his counterclaims. Saenz is advised that unless Texas substantive law requires otherwise, he shall submit any motion for attorneys' fees not later than 14 days after entry of judgment pursuant to Federal Rule of Civil Procedure 54. *See* Local Rule CV-54.

### Conclusion and Recommendation

For the reasons discussed above, it is recommended that Saenz's Motion, Dkt. No. 76, be **GRANTED** and the District Court **DISMISS** all claims asserted by Plaintiff Johnathan Villarreal individually against Defendant John Saenz, to the extent any remaining claims exist.

It is further **ORDERED** that within **21 days** from the date of this Order Saenz shall address how the remainder of the case should proceed.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be

filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **IT IS SO ORDERED**.

    SIGNED this 4th day of March, 2022.

    RICHARD B. FARRER
    UNITED STATES MAGISTRATE JUDGE