UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, <br>    Plaintiff, <br><br> v. <br><br> JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C., <br>    Defendants. | § § § § § § § § § § § § § No. 5:20-CV-00571-OG |

### DEFENDANT JOHN SAENZ'S MOTION TO DISMISS COUNTERCLAIMS WITHOUT PREJUDICE AND TO ENTER JUDGMENT

In accordance with United States Magistrate Judge Richard B. Farrer's Report and Recommendation (ECF No. 78) and Federal Rules of Civil Procedure 41 and 54, Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby submits this Motion to Dismiss his Counterclaims Without Prejudice and to Enter Judgment (the "Motion"), seeking: (1) dismissal, without prejudice, of his counterclaims asserted against Jonathan Villareal ("Villareal") and ZroBlack, LLC ("ZroBlack," and together with Villareal, the "Plaintiffs"), and (2) entry of a judgment by the Court confirming: (a) dismissal of all of Plaintiffs' claims against Saenz with prejudice, and (b) dismissal of Saenz's counterclaims without prejudice. In support thereof, Saenz states as follows.

### INTRODUCTION

1. On March 4, 2022, Judge Farrer signed a Report and Recommendation (ECF No. 78) (the "Report") recommending that Saenz's Motion for Judgment on the Pleadings be granted, and that "the District Court DISMISS all individually held claims asserted by Plaintiff Jonathan Villareal against Defendant John Saenz, to the extent any such claims remain at issue." ECF No.

78 at 1. Judge Farrer also ordered Saenz to address, within 21 days, "whether and to what extent he desires to pursue his counterclaims against Villareal and ZroBlack, LLC." *Id*.

2. In accordance with the Report, Saenz files this Motion seeking to dismiss, without prejudice, his counterclaims for: (1) breach of contract against Villareal and ZroBlack; and (2) fraudulent inducement against Villareal (collectively, the "Counterclaims"). ECF No. 69 at 54-57.

3. Saenz is entitled to voluntarily dismiss the Counterclaims without prejudice and without the necessity of an order due to Plaintiffs' failure to respond to the Counterclaims. Additionally, because voluntary dismissal of the Counterclaims will not cause Plaintiffs to suffer any plain legal prejudice, Saenz respectfully requests that the Court issue an order dismissing his Counterclaims without prejudice as permitted by Federal Rules of Civil Procedure 41(a)(2) and 41(c). Finally, Saenz requests entry of a judgment in accordance with this Motion and Federal Rule of Civil Procedure 54.

## FACTUAL AND PROCEDURAL BACKGROUND

4. Plaintiffs filed their First Amended Verified Complaint (ECF No. 35) on January 15, 2021. Saenz then filed a Motion to Dismiss (ECF No. 41).

5. On May 18, 2021, Judge Farrer signed a Report and Recommendation (ECF No. 59) regarding Saenz's Motion to Dismiss. The Court adopted the Report and Recommendation in full in the Court's August 4, 2021 Order (ECF No. 67). In pertinent part, the Order granted in part and denied in part Saenz's Motion to Dismiss. "Only Plaintiffs' claims against Defendant Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA—insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release"—survived the Motion to Dismiss. ECF No. 67, at p. 7.

6. On June 25, 2021, the Court Granted the Motion to Withdraw by former counsel for Plaintiffs. *See* ECF No. 62. The Court also advised that ZroBlack could "only be represented by licensed counsel" and "needs to obtain counsel and have them enter an appearance on the docket within 30 days . . . in order to avoid dismissal of its claims." *Id*.

7. Plaintiffs subsequently sought additional time to obtain counsel (ECF No. 66), which Saenz did not oppose. On August 6, 2021, the Court entered a Text Order granting Plaintiffs' Motion for Extension of Time as unopposed. The Text Order provided that "Plaintiff is granted an extension and shall have up to and including September 20, 2021, to obtain a new attorney" and that "ZroBlack must have counsel enter an appearance on the docket in order to avoid dismissal of its claims."

8. On August 18, 2021, Saenz filed his Original Answer to Plaintiffs' First Amended Verified Complaint and Original Counterclaim Against Villareal and ZroBlack (ECF No. 69), asserting Counterclaims for breach of contract and fraudulent inducement. *Id*. at 54-57. Plaintiffs failed to file answers to the Counterclaims.

9. On November 18, 2021, following ZroBlack's failure to obtain new counsel, Judge Farrer signed another Report and Recommendation (ECF No. 74) recommending that "all claims asserted by ZroBlack against the remaining Defendant John Saenz be DISMISSED" for failure to comply with the Court's order and reminders. Judge Farrer also ordered that Saenz address, within 21 days, "whether and to what extent Plaintiff Jonathan Villareal has any remaining individual claims in this action." ECF No. 74 at 1. On December 9, 2021, the Court adopted the Report and Recommendation in full (ECF No. 77) and ordered that all of ZroBlack's claims against Saenz are dismissed with prejudice.

10. On December 9, 2021, Saenz filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss the Claims Asserted by Jonathan Villareal, Individually, requesting that the Court clarify the pending claims and either: (1) enter a judgment on the pleadings against Villareal based on the fact that Villareal has no remaining claims in his individual capacity, or (2) dismiss, with prejudice, any claims asserted by Villareal in his individual capacity. ECF No. 76 at 3.

11. On March 4, 2022, Judge Farrer signed the Report (ECF No. 78) recommending that the Court grant the Motion for Judgment on the Pleadings and "DISMISS all individually held claims asserted by Plaintiff Jonathan Villareal against Defendant John Saenz, to the extent any such claims remain at issue." ECF No. 78 at 1. Judge Farrer also ordered that the parties had fourteen (14) days to file written objections, if any, to the Report. Villareal failed to file any objections to the Report.

12. The Court adopted the Report in full in the Court's March 25, 2022 Order (the "Order") (ECF No. 80). The Order dismissed all claims asserted by Villarreal against Saenz, to the extent any remaining claims exist. ECF No. 80 at 2.

13. In the Report, Judge Farrer also ordered Saenz to address, within 21 days, "whether and to what extent he desires to pursue his counterclaims against Villareal and ZroBlack, LLC." *Id*. In Compliance with the Report, Saenz files this Motion seeking voluntary dismissal of the Counterclaims without prejudice and entry of a judgment in accordance with this Motion.

## ARGUMENT AND AUTHORITIES

### A. *Voluntary Dismissal Without Prejudice Under Rules 41(a)(1) and 41(c)*

14. Pursuant to Rules 41(a)(1) and 41(c) of the Federal Rules of Civil Procedure, a claimant may voluntarily dismiss counterclaims without a court order before a responsive pleading

is served. *See* FED. R. CIV. P. 41(a)(1), 41(c); *see also Thomas v. Phillips*, 83 Fed. App'x 661, 662 (5th Cir. 2003); *Carter v. United States*, 547 F.2d 258, 258-59 (5th Cir. 1977). The dismissal is without prejudice unless the notice or stipulation states otherwise. FED. R. CIV. P. 41(a)(1)(B).

15. In this case, Plaintiffs have not met their obligation to file or serve an answer or responsive pleading in response to the Counterclaims. *See* FED. R. CIV. P. 12(a)(1)(B). Accordingly, Saenz is entitled to voluntarily dismiss the Counterclaims, without prejudice, without the necessity of an order.

      **B.**    ***Request for Dismissal Without Prejudice by Court Order Under Rules 41(a)(2) and 41(c)***

16. Additionally, pursuant to Rules 41(a)(2) and 41(c) of the Federal Rules of Civil Procedure, a court may enter an order granting a voluntary dismissal on "terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id*. Rule 41(c) of the Federal Rules of Civil Procedure makes the provisions of Rule 41(a)(2) applicable to counterclaims. FED. R. CIV. P. 41(c).

17. The Court has discretion in determining whether to grant a voluntary dismissal under Rule 41(a)(2). *See Manshack v. Sw. Elec. Power Co.*, 915 F.2d 172, 173-74 (5th Cir. 1990). As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party "will suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *See id*.

18. Plain legal prejudice occurs "where the grant of a motion for voluntary dismissal causes the non-movant to be stripped of an otherwise available defense." *Robles v. Atl. Sounding Co.*, 77 Fed. App'x 274, 275 (5th Cir. 2003). Courts also consider factors such as "whether the party proposes to dismiss a case at a late stage of pretrial proceedings, seeks to avoid an imminent adverse ruling, or may on refiling deprive the defendant of a limitations defense." *Monaco v.*

*Allstate Fire & Cas. Ins. Co.*, Civil Action No. SA-20-CV-00721-XR, 2021 U.S. Dist. LEXIS 252115, at *5 (W.D. Tex. Jan. 11, 2021) (internal citations omitted).  The mere prospect of defending against a second lawsuit or the cost of litigating such a lawsuit, however, does *not* constitute plain legal prejudice.  *See Robles*, 77 Fed. App'x at 276; *Manshack*, 915 F.2d at 174.

19.     Here, Plaintiffs will not suffer any plain legal prejudice if Saenz's Counterclaims are dismissed without prejudice.  The law governing the Counterclaims applies equally in either federal or state court such that Plaintiffs would not lose any defense to Saenz's Counterclaims by virtue of a dismissal without prejudice.  This matter has not been set for trial, and the parties have not conducted discovery on the Counterclaims.  Plaintiffs also failed to file answers to the Counterclaims.  Accordingly, Plaintiffs have undertaken no effort—and incurred no cost or expense—in defending against the Counterclaims.  Further, there is no imminent adverse ruling that Saenz seeks to avoid by dismissing the Counterclaims without prejudice.  Accordingly, Plaintiffs cannot show that they will suffer any plain legal prejudice if Saenz's Counterclaims against them are dismissed without prejudice.

20.     Additionally, pursuant to the Court's December 9, 2021 Order (ECF No. 77) and the Court's March 25, 2022 Order (ECF No. 80), all of Plaintiffs' claims against Saenz are now dismissed in their entirety and no federal question jurisdiction requires that any pending claims remain in this Court.

21.     Accordingly, Saenz respectfully requests that the Court enter an order permitting him to voluntarily dismiss his Counterclaims without prejudice as permitted by Federal Rules of Civil Procedure 41(a)(2) and 41(c) such that the Court can enter a judgment in this case.

### C. *Request for Entry of Judgment*

22. Pursuant to Federal Rule of Civil Procedure 54, Saenz further requests that the Court enter a judgment: (1) confirming dismissal of all of Plaintiffs' claims against Saenz with prejudice, and (2) confirming dismissal of Saenz's Counterclaims without prejudice. Saenz further requests that all costs be taxed against Plaintiffs. *See* FED. R. CIV. P. 54(d)(1).

23. In filing this Motion, Saenz expressly reserves all of his rights to later assert any claims, including the Counterclaims, against Villareal or ZroBlack in a Texas state district court or other court of competent jurisdiction. *See Integon Specialty Ins. Co. v. Republic Plastics*, Civil Action No. SA-10-CA-802-FB, 2011 U.S. Dist. LEXIS 173563, at *3 (W.D. Tex. June 13, 2011).

24. Pursuant to Federal Rule of Civil Procedure 54, Saenz also intends to seek recovery of his attorneys' fees to which he is entitled, including, without limitation, all of his attorneys' fees in connection with all claims, causes of action and issues on which Saenz prevailed in this case. Accordingly, Saenz reserves the right to submit a motion for attorneys' fees to the Court within 14 days of entry of a judgment in this matter.

## **CONCLUSION**

WHEREFORE, Defendant John Saenz respectfully requests that the Court grant Saenz's Motion to Dismiss the Counterclaims Without Prejudice and to Enter Judgment. Saenz requests that the Court enter a judgment: (1) confirming dismissal of all of Plaintiffs' claims against Saenz with prejudice, and (2) confirming dismissal of Saenz's Counterclaims without prejudice. Saenz further requests that all costs be taxed against Plaintiffs. Saenz requests such other and further relief, at law or in equity, to which he may be justly entitled.

                    Respectfully submitted,

By: */s/ David A. Vanderhider*
     David A. Vanderhider
     State Bar No. 24070787
     DVanderhider@dykema.com
     Elizabeth Hartsell
     State Bar No. 24106061
     EHartsell@dykema.com
     DYKEMA GOSSETT PLLC
     112 East Pecan St., Suite 1800
     San Antonio, Texas 78205
     (210) 554-5500 – Telephone
     (210) 226-8395 – Facsimile

     ATTORNEYS FOR JOHN SAENZ

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 25th day of March 2022, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system. I further certify that a copy of the foregoing was served on Jonathan Villareal on the 25th day of March 2022, via certified mail, return receipt requested, at the last known address of Jonathan Villareal on file with the Court.

                    By: */s/ David A. Vanderhider*
                        David A. Vanderhider