UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN VILLAREAL, individually and derivatively on behalf of ZROBLACK LLC, Plaintiff, | § § § § § | |
| v. | § § | No. 5:20-CV-00571-OG |
| JOHN SAENZ; MIGUEL VILLAREAL, JR.; and GUNN, LEE & CAVE, P.C., Defendants. | § § § § | |

### DEFENDANT JOHN SAENZ'S MOTION TO RECOVER ATTORNEYS' FEES

Pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule CV-7(j), Defendant John Saenz ("Saenz"), through his undersigned counsel, hereby files this Motion to Recover Attorneys' Fees, and in support thereof, would respectfully show the Court as follows:

### INTRODUCTION AND SUMMARY

1.      As the prevailing party in this action, Saenz is entitled to recover his attorneys' fees incurred in connection with his successful defense of the claims asserted by Jonathan Villareal ("Villareal") and ZroBlack, LLC ("ZroBlack") (collectively, the "Plaintiffs"). This Court entered a Final Judgment for Saenz that, as a matter of law, supports the award of attorneys' fees. Specifically, based on Saenz prevailing on all claims asserted by Plaintiffs, Saenz is entitled to recover his attorneys' fees under both applicable Texas law and the written release (the "Release") between Saenz and Plaintiffs. While Saenz is not required to segregate his attorneys' fees pursuant to Texas law, Saenz segregated certain of his attorneys' fees as appropriate under the circumstances of this case as discussed herein. Moreover, the attorneys' fees incurred by Saenz, including the hours expended and the rates charged, were both reasonable and necessary.

4874-4390-3002.4

Accordingly, Saenz requests that the Court enter an Order awarding Saenz his attorneys' fees as requested herein.

## BACKGROUND

2.      On May 8, 2020, Plaintiffs filed their Original Complaint (the "Original Complaint") (ECF No. 1) and Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "Original Application") (ECF No. 2) against Saenz and others.[1] The case concerned a dispute over ZroBlack, a business entity formed between Saenz and Villareal. Over the course of this litigation, Saenz has reviewed and responded to hundreds of pages of pleadings and exhibits submitted by Plaintiffs.

3.      Plaintiffs' Original Complaint was thirty-six (36) pages long and asserted eight claims against Saenz. *See* ECF No. 1 at 15–29. The Original Application was forty-five (45) pages long and included twenty-seven (27) separate exhibits. *See* ECF No. 2.  In response to Plaintiffs' initial filings, Saenz filed a Motion to Dismiss on June 23, 2020 (the "Original Motion to Dismiss") (ECF No. 8). The Original Motion to Dismiss was fully briefed by both parties.[2]

4.      Before the Original Motion to Dismiss was decided, the case was referred to United States Magistrate Judge Richard B. Farrer for disposition of all pretrial matters (ECF No. 22). Plaintiffs then sought leave to file an amended complaint and application (ECF No. 29), which Saenz opposed (ECF No. 30).

5.      Ultimately, the Motion for Leave to File was granted[3] and Plaintiffs filed their First Amended Verified Complaint (the "First Amended Verified Complaint") (ECF No. 35) and First

---

[1] The other defendants in this lawsuit were Miguel Villareal, Jr. and Gunn, Lee & Cave, P.C.
[2] *See* Plaintiffs' Response to Saenz's Motion to Dismiss (ECF No. 12); *see also* Saenz's Reply in Support of his Motion to Dismiss (ECF No. 14).
[3] The Motion for Leave was granted by Text Order.

Amended Application for Seizure, Temporary Restraining Order, Preliminary Injunction, and Permanent Injunctive Relief (the "First Amended Application") (ECF No. 35-1) on January 15, 2021. The First Amended Verified Complaint was fifty-six (56) pages long and included nine claims against Saenz: (1) misappropriation of trade secrets; (2) computer fraud and abuse; (3) violation of the Anti-Cybersquatting Consumer Protection Act; (4) breach of contract; (5) breach of fiduciary duties; (6) tortious interference with prospective relations; (7) conversion; (8) violation of the Texas Theft Liability Act; and (9) fraud. ECF No. 35 at ¶¶137–199, 232–262. The First Amended Application was sixty (60) pages long and included 41 separate exhibits.

6. Saenz filed a Motion to Dismiss Plaintiffs' First Amended Verified Complaint and the First Amended Application on February 4, 2021 (ECF No. 41). On May 18, 2021, Judge Farrer signed a Report and Recommendation (ECF No. 59) regarding Saenz's Motion to Dismiss. The Court adopted the Report and Recommendation in full in the Court's August 4, 2021 Order (ECF No. 67). In pertinent part, the Order granted in part and denied in part Saenz's Motion to Dismiss. "Only Plaintiffs' claims against Defendant Saenz for breach of fiduciary duty and for violations of the CFAA and ACPA – insofar as these claims are premised on Saenz's alleged conduct after the parties executed the Release" – survived the Motion to Dismiss.

7. On June 25, 2021, the Court granted the Motion to Withdraw by former counsel for Plaintiffs. *See* ECF No. 62. The Court also advised that ZroBlack could "only be represented by licensed counsel" and "needs to obtain counsel and have them enter an appearance on the docket within 30 days . . . in order to avoid dismissal of its claims." *Id*. Plaintiffs subsequently sought additional time to obtain counsel (ECF No. 66), which Saenz did not oppose. On August 6, 2021, the Court entered a Text Order granting Plaintiffs' Motion for Extension of Time as unopposed. The Text Order provided that "Plaintiff is granted an extension and shall have up to and including

September 20, 2021 to obtain a new attorney" and that "ZroBlack must have counsel enter an appearance on the docket in order to avoid dismissal of its claims."

8. On August 18, 2021, Saenz filed his Original Answer to Plaintiffs' First Amended Verified Complaint and Original Counterclaim Against Villareal and ZroBlack (the "Original Answer and Original Counterclaim") (ECF No. 69), asserting counterclaims for breach of contract and fraudulent inducement. *Id*. at 54–57. Plaintiffs failed to file answers to the counterclaims.

9. On September 21, 2021, Plaintiff Villareal filed a Motion for Sanctions Pursuant to FED. R. CIV. P. 11 (ECF No. 71). The Motion for Sanctions was sixteen (16) pages long with nine (9) separate exhibits. Saenz filed a Response in Opposition to Plaintiff's Motion for Sanctions on September 28, 2021 (ECF No. 72). On November 5, 2021, Judge Farrer entered a Text Order denying the Motion for Sanctions.

10. On November 18, 2021, following ZroBlack's failure to obtain new counsel, Judge Farrer signed another Report and Recommendation (ECF No. 74) recommending that "all claims asserted by ZroBlack against the remaining Defendant John Saenz be DISMISSED" for failure to comply with the Court's order and reminders. Judge Farrer also ordered that Saenz address, within 21 days, "whether and to what extent Plaintiff Jonathan Villareal has any remaining individual claims in this action." ECF No. 74 at 1. On December 9, 2021, this Court adopted the Report and Recommendation in full (ECF No. 77) and ordered that all of ZroBlack's claims against Saenz be dismissed with prejudice.

11. On December 9, 2021, Saenz filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion to Dismiss the Claims Asserted by Jonathan Villareal, Individually, requesting that the Court clarify the pending claims and either: (1) enter a judgment on the pleadings against Villareal based on the fact that Villareal has no remaining claims in his individual

capacity, or (2) dismiss, with prejudice, any claims asserted by Villareal in his individual capacity. ECF No. 76 at 3.

12. On March 4, 2022, Judge Farrer signed a Report and Recommendation (ECF No. 78) recommending that the Court grant the Motion for Judgment on the Pleadings and "DISMISS all individually held claims asserted by Plaintiff Jonathan Villareal against Defendant John Saenz, to the extent any such claims remain at issue." ECF No. 78 at 1. Judge Farrer also ordered that Saenz address, within 21 days, "whether and to what extent he desires to pursue his counterclaims against Villareal and ZroBlack, LLC." *Id*.

13. The Court adopted the Report in full in the Court's March 25, 2022 Order (the "Order") (ECF No. 80). The Order dismissed all claims asserted by Villareal against Saenz, to the extent any remaining claims exist. ECF No. 80 at 2. That same day, Saenz filed a Motion to Dismiss Counterclaims Without Prejudice and to Enter Judgment (the "Motion to Dismiss") (ECF No. 81) seeking: (1) dismissal, without prejudice, of his counterclaims asserted against Plaintiffs; and (2) entry of a judgment by the Court confirming: (a) dismissal of all of Plaintiffs' claims against Saenz with prejudice, and (b) dismissal of Saenz's counterclaims without prejudice.

14. On March 30, 2022, the Court entered a Final Judgment granting Saenz's Motion to Dismiss and ordering, in pertinent part, that: (a) all claims and causes of action against Saenz by Plaintiffs are dismissed with prejudice; and (b) Saenz's counterclaims asserted against Plaintiffs are dismissed without prejudice. (ECF No. 83).

## SAENZ IS ENTITLED TO RECOVER HIS ATTORNEYS' FEES PURSUANT TO TEXAS LAW AND THE RELEASE

**A. As the Prevailing Party, Saenz is Statutorily Entitled to Attorney's Fees Under TEX. CIV. PRAC. & REM. CODE § 134.005(b).**

15. Saenz is entitled to an award of attorneys' fees from and against Plaintiffs because Saenz prevailed on Plaintiffs' claim for violation of the Texas Theft Liability Act (the "TTLA").

In the Court's August 4, 2021 Order, Chief United States District Court Judge Orlando L. Garcia adopted Judge Farrer's recommendation that many of Plaintiffs' claims against Saenz, including the claim for violations of the TTLA, should be dismissed with prejudice. ECF No. 67 at 6. Based on the dismissal with prejudice, the Court invited Saenz to submit a motion for attorneys' fees and costs at the conclusion of the case with the appropriate "legal support for such an award (pursuant to the Release or Tex. Civ. Prac. & Rem. Code § 134.005(b) or otherwise)." ECF No. 67 at 5 – 6.

16. A federal court applies state law in determining whether and in what amount to award attorney fees in a case governed by state law. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). The TTLA states that "[e]ach person who prevails in a suit under this chapter ***shall*** be awarded court costs and ***reasonable and necessary attorney's fees***." TEX. CIV. PRAC. & REM. CODE § 134.005(b) (emphasis added). As the Court recognized in its August 4, 2021 Order, "the award of fees is mandatory to a prevailing party under the TTLA." ECF No. 67 at 5–6. Courts have held that the phrase "prevailing party" means "both a plaintiff successfully prosecuting a theft action *and* a defendant successfully defending against one." *Pemex Exploracion Y Productión v. Basf Corp.*, Civil Action No. H-10-1997; Civil Action No. H-11-2019, 2015 U.S. Dist. LEXIS 199063, at *13 (S.D. Tex. Dec. 31, 2015) (emphasis added) (internal citations omitted).

17. Pursuant to the Court's August 4, 2021 Order and Final Judgment, Plaintiffs' claim under the TTLA was dismissed with prejudice. Thus, Saenz is the prevailing party under the TTLA. Under the plain language of the statute and Texas case law, therefore, Saenz is entitled to his attorneys' fees in connection with this claim.

### B. As the Prevailing Party, Saenz is Contractually Entitled to Attorneys' Fees Under the Release.

18. Pursuant to the Release, Saenz is also entitled to attorneys' fees incurred in connection with defending against all of Plaintiffs' claims. The Release provides a contractual basis for the recovery of attorneys' fees. It contains the following unambiguous provision:

> In any action or proceeding to enforce rights under this Agreement, the prevailing party will be entitled to recover costs and attorneys' fees.

Release at § 11. The Court found that the Release is a valid and enforceable agreement. *See* ECF No. 59 at 7–11; *see also* ECF No. 67 at 4. And an award of attorneys' fees may be authorized by a contract providing for attorneys' fees. *See Travelers Cas. & Sur. Co. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 448 (2007).

19. Here, there is no doubt that Saenz is the prevailing party in this matter. Pursuant to this Court's Final Judgment, all of Plaintiffs' claims against Saenz were dismissed with prejudice. *See* ECF No. 83; *see also* ECF No. 67 at 6; ECF No. 77 at 2; ECF No. 80. The dismissal with prejudice altered the legal relationship between the parties such that Saenz is the "prevailing party" under § 11 of the Release. *See Sunchase IV Homeowner's Ass'n v. Atkinson*, No. 20-0682, 2022 Tex. LEXIS 330, at *8 (Tex. 2022) (quoting *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019) ("[A] defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by successfully defending against a claim and securing a take-nothing judgment on the main issue.")). Accordingly, pursuant to the clear terms of the Release, Saenz is entitled to an award of attorneys' fees.

### SAENZ'S ATTORNEYS' FEES ARE REASONABLE AND NECESSARY

20. To recover attorneys' fees, Saenz must show that the fees incurred are reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). To calculate

reasonable attorney fees, courts in most cases should use the "lodestar" method outlined in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563-66 (1986). A "reasonable" fee is one that is sufficient to induce a capable attorney to take on a case, and there is a strong presumption that the lodestar method results in a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

21. The base, or lodestar, amount is determined by multiplying the number of hours the attorney reasonably spent in the case by a reasonable hourly rate. *Delaware Valley*, 478 U.S. at 565; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002). The reasonable hourly rate is the prevailing hourly rate in the community for similar work. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

22. Although a court can enhance or reduce the lodestar amount, there is a strong presumption that the lodestar amount is a reasonable fee award; thus, adjustments are made only in rare and exceptional cases. *See Perdue*, 559 U.S. at 552; *Delaware Valley*, 478 U.S. at 565. The factors considered to enhance or reduce the lodestar amount are generally referred to as the Johnson factors and account for the specific facts of the case. *See Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).

23. When considering whether to enhance or reduce the lodestar amount, the Johnson factors generally considered are the following: (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal service properly; (4) the loss of other employment in taking the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limits imposed by the circumstances; (8) the amount of money involved in the litigation and the result obtained; (9) the attorney's experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney's professional

relationship with the client; and (12) fee awards in similar cases. *See Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).

24. Similarly, under the Texas Disciplinary Rules of Conduct, a court may consider the following factors in determining the reasonableness of a fee: (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly; (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer; (3) the fee customarily charged in the locality for similar legal services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. TEX. DISC. R. PROF. CONDUCT § 1.04(b); *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818-19 (Tex. 1997).

25. Well-settled law recognizes that the sworn statement of the attorney representing a claimant constitutes expert testimony that will support an award of attorneys' fees. *Haden v. David J. Sacks, P.C.*, 332 S.w.3d 503, 513 (Tex. App. – Houston [1st Dist.] 2009, pet. denied) (finding that the affidavit of an attorney, submitted in support of the law firm's motion for attorneys' fees incurred in pursuing its breach of contract action, constituted legally competent evidence that the amount sought was both reasonable and necessary).

26. Here, Saenz seeks to recover a total of $161,606.00 from Plaintiffs, which amount accurately reflects the fees incurred for work performed in connection with defending against Plaintiffs' claims from June 12, 2020 through April 12, 2022, less a 50% reduction for time spent

working on Saenz's Original Answer and Original Counterclaim. Exhibit "1," Vanderhider Aff. ¶¶27–28. Beginning in June 2020, Saenz's counsel expended a total of 410.50 hours of attorney and professional time through December 13, 2021, resulting in a total charge of $142,744.50. Vanderhider Aff. ¶18. This amount represents those fees billed to the client through December 13, 2021, less any costs incurred. *Id.* Saenz has also incurred $23,056.50 in fees for work in progress, or "WIP," for March 4 through April 12, 2022, for which Saenz is also responsible. *Id.* Saenz is not seeking recovery of any costs incurred throughout the pendency of this litigation.

27. In summary, Saenz has incurred a total of $165,801.00 in attorneys' fees from June 12, 2020 through April 12, 2022, in connection with successfully defending against Plaintiffs' claims in this case. Vanderhider Aff. ¶¶18, 25. True and correct copies of redacted attorneys' fee bills for the tasks and amounts listed above, with attorney-client privileged information redacted, are attached to the Affidavit of David Vanderhider as Exhibit A. *Id*.

28. As outlined in detail below, Saenz does not seek recovery of the entire amount of fees incurred in this matter. Vanderhider Aff. ¶25. Although the circumstances of this case do not require Saenz to segregate his attorneys' fees, as discussed further below, Saenz has included a 50% reduction for time spent working on Saenz's Original Answer and Original Counterclaim. As demonstrated in Exhibit 1, counsel for Saenz also discounted attorney time actually spent on this matter prior to sending invoices to Saenz. Finally, Saenz has also excluded all costs incurred during this litigation.

29. After subtracting 50% of the fees incurred in connection with preparing the Original Answer and Original Counterclaim, the total amount of fees is $161,606.00 ($165,801.00 - $4,195.00 = $161,606.00). Vanderhider Aff. ¶27.

30.     The attorneys' fees were billed below their customary rates and are therefore reasonable and necessary. Vanderhider Aff. ¶20; *see also Haden*, 332 S.W.3d at 513. In particular, rates for attorneys varied slightly over the course of this litigation which spanned nearly two years. Vanderhider Aff. ¶¶20–21. The rate charged by Saenz's lead attorney was $375.00 per hour. Vanderhider Aff. ¶21. Fees for other attorneys who worked on the case vary between $325.00 and $375.00 per hour depending on experience level and the agreed rate with the client at the applicable time. *Id.* Fees for paralegals vary between $160.00 and $265.00 per hour depending on experience level and the agreed rate with the client at the applicable time. *Id.* The fees charged for Saenz reflect work and services actually performed in this case. *Id.* These rates are reasonable and necessary in light of the experience of the individuals involved and the average attorney and paralegal billing rates generally prevailing in San Antonio, Texas. *Id.*

31.     These rates are further reasonable in light of the time and labor Saenz's counsel was required to expend in this matter, the novelty and difficulty of the questions involved, the complex, high-stakes commercial nature of this litigation, and in light of Saenz's persistent success in defending against Plaintiffs' claims and obtaining a Final Judgment in his favor, among other factors. Vanderhider Aff. ¶¶22–30. Again, the Court ultimately entered a Final Judgment dismissing all of Plaintiffs' claims against Saenz with prejudice. Likewise, these fees are reasonable in light of the nature and complexity of this case, including but not limited to fees associated with reviewing and responding to the voluminous pleadings submitted by Plaintiffs throughout the course of this litigation. *Id.* Simply put, this was a hard-fought case involving complex legal issues as well as numerous documents and disputes that spanned over an almost two-year time period.

## SAENZ IS NOT REQUIRED TO SEGREGATE HIS ATTORNEYS FEES

32.     Saenz is not required to segregate his attorneys' fees in this case.  First, the Release provides a contractual basis for the recovery of costs and attorneys' fees by the "prevailing party." *See* Release at § 11. Pursuant to this Court's Final Judgment, all of Plaintiffs' claims against Saenz were dismissed with prejudice. *See* ECF No. 83; *see also* ECF No. 67 at 6; ECF No. 77 at 2; ECF No. 80. Thus, Saenz was the prevailing party in this matter. *See Fitzgerald v. Schroeder Ventures II, LLC*, 345 S.W.3d 624, 630 (Tex. App. – San Antonio 2011, no pet.) (referring to Black's Law Dictionary in defining a prevailing party as the party in whose favor a judgment is rendered).  A party recovering attorneys' fees pursuant to a contractual agreement is only required to segregate its claims to the extent required by the contract itself. *Calhoun/Holiday Place, Inc. v. Wells Fargo Bank, N.A.*, No. 01-14-00872-CV, 2016 Tex. App. LEXIS 13644, at *17 (Tex. App. – Houston [1st Dist.] Dec. 22, 2016) (citing *Fitzgerald*, 345 S.W.3d at 630-31 (holding prevailing party entitled to recover attorneys' fees for tort claims because contractual provision authorizing fee recovery was broad enough to encompass tort claims)). Here, the Release allows for the recovery of attorneys' fees by the prevailing party, but does not require that the prevailing party segregate the attorneys' fees or otherwise restrict fees to any particular claims or causes of action. As such, Saenz is not required to segregate any attorneys' fees under the Release. Saenz is, therefore, entitled to recover all of his attorneys' fees incurred in connection with Plaintiffs' claims.

33.     Second, under Texas law, legal services that were performed in connection with both a recoverable and non-recoverable claim are not required to be segregated. *See Tony Gullo I, L.P. v. Chapa*, 212 S.W.3d 299, 313 (Tex. 2006) ("Intertwined facts do not make unrecoverable fees recoverable; it is only when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined that they need not be segregated."). In this case,

Plaintiffs sued Saenz for nine causes of action: (1) misappropriation of trade secrets; (2) computer fraud and abuse; (3) violation of the Anti-Cybersquatting Consumer Protection Act; (4) breach of contract; (5) breach of fiduciary duties; (6) tortious interference with prospective relations; (7) conversion; (8) violation of the Texas Theft Liability Act; and (9) fraud. ECF No. 35 at ¶¶137-199, 232-262. Plaintiffs, however, alleged four actions by Saenz that formed the factual basis for each of the claims asserted in the First Amended Complaint and the entirety of the First Amended Application: (1) Saenz maintains possession of a laptop that is allegedly the property of ZroBlack; (2) Saenz allegedly maintains access to and/or control of the zroblack.com webpage and email "server"; (3) Saenz received $740,000 from a shared ZroBlack account; and (4) prior to forming ZroBlack, Saenz allegedly misrepresented to Plaintiff his skills, experience, and connections. ECF No. 41 at 4 (internal citations omitted). Saenz obtained a dismissal of all claims, at least in part, based on the contention that all claims were barred by the Release. *See* ECF No. 41 at 3; ECF No. 59 at 8; ECF No. 67 at 5–6. Thus, each of the discrete legal services in this case advanced Saenz's defenses under both the recoverable TTLA claim and the other claims because they were all premised on the same factual basis and were all subject to the same defense under the Release. *See* ECF No. 41. Accordingly, the fees are not required to be segregated.

34. Notwithstanding the foregoing, Saenz voluntarily dismissed his Original Counterclaim without prejudice on March 25, 2022 (ECF No. 81).[4] Saenz recognizes that he was not the prevailing party on the Original Counterclaim because there is no prevailing party at this time. As such, Saenz is not seeking to recover the fees incurred for drafting the Original Counterclaim.

---

[4] However, Saenz expressly reserved all of his rights to later assert any claims, including the counterclaims, against Villareal or ZroBlack in a Texas state district court or other court of competent jurisdiction. ECF No. 81 at 7.

35. Accordingly, the fees incurred in drafting the Original Answer and the Original Counterclaim are not required to be segregated. In particular, Saenz has segregated the fees incurred in connection with drafting Saenz's Original Answer and Original Counterclaim by applying a 50% reduction to the total amount of fees incurred in connection with preparing the pleading as a whole. In total, Saenz incurred $8,390.00 in connection with drafting the Original Answer to First Amended Verified Complaint and Original Counterclaim. Accordingly, Saenz is only seeking $4,195.00 of the total amount of fees incurred in connection with the Original Answer and Original Counterclaim.

36. Because the attorneys' fees requested by Saenz reflect only those that are recoverable under Texas laws and a discount was applied to factor the fees incurred in drafting the Original Counterclaim, Saenz's requested amount of attorneys' fees should be awarded in its entirety.

## CONCLUSION

WHEREFORE, Defendant John Saenz respectfully prays that this Court grant Saenz's Motion to Recover Attorneys' Fees and enter an order awarding Saenz his reasonable and necessary attorneys' fees in the amount of $161,606.00 against Plaintiffs Jonathan Villarreal and ZroBlack, LLC, and for such other and further relief as it may be justly entitled at law or in equity.

Respectfully submitted,

By: /s/ *David A. Vanderhider*
David A. Vanderhider
State Bar No. 24070787
DVanderhider@dykema.com
Elizabeth Hartsell
State Bar No. 24106061
EHartsell@dykema.com
DYKEMA GOSSETT PLLC
112 East Pecan St., Suite 1800
San Antonio, Texas 78205
(210) 554-5500 – Telephone
(210) 226-8395 – Facsimile

ATTORNEYS FOR JOHN SAENZ

**CERTIFICATE OF CONFERENCE**

I hereby certify that, in a good faith effort to resolve all disputed issues relating to attorney's fees and costs prior to filing this Motion, I attempted to confer with Plaintiffs Jonathan Villarreal and ZroBlack, LLC prior to filing this motion. Those efforts were unsuccessful because Plaintiffs have not confirmed whether they oppose the relief requested herein, and therefore this matter is presented to the Court for decision.

By: /s/ *David A. Vanderhider*
David A. Vanderhider

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was electronically filed with the Court on the 12th day of April, 2022, and electronically served on the date reflected in the ECF system upon all parties registered to receive notice pursuant to the Court's CM/ECF system. I further certify that a copy of the foregoing was served on Jonathan Villareal on the 12th day of April 2022, via certified mail, return receipt requested, at the last known address of Jonathan Villareal on file with the Court.

By: /s/ *David A. Vanderhider*
David A. Vanderhider